UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| Joshua Winer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action Case No. |
| Umaymah Mohammad, AJP Educational | ) 1:25-cv-02329-TWT |
| Foundation, Inc. A/K/A American Muslims | ) |
| For Palestine, WESPAC Foundation, Inc., | ) |
| Sean Eren as the representative of National | ) |
| Students for Justice in Palestine, Doctors | ) |
| Against Genocide Society, Cair-Nga Inc. | ) |
| A/K/A/ CAIR-Georgia, CAIR Foundation | ) |
| Inc., A/K/A Council on Islamic Relations | ) |
| or CAIR, Rupa Marya, Ibrahim Jouja as | ) |
| representative of Emory Students for | ) |
| Justice in Palestine, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION TO SERVE DEFENDANT SEAN EREN AS REPRESENTATIVE OF NATIONAL STUDENTS FOR JUSTICE IN PALESTINE BY PUBLICATION**

Plaintiff Joshua Winer, pursuant to rules 4(e)(1) of the Federal Rules of Civil Procedure and O.C.G.A.§9-11-4(f) of the Georgia Civil Practice Act, hereby submits this Motion to Serve Defendant SEAN EREN as the representative of

1

National Students for Justice in Palestine ("this Defendant") by Publication. In support of this Motion, Plaintiff states as follows:

1. Rule 4(e)(1) of the Federal Rules of Civil Procedure states:

    Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

    > (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in action brought in the courts of general jurisdiction of the State.

2. Accordingly, Federal Rule of Civil Procedure 4(e)(1) allows Plaintiff to serve this Defendant pursuant to the Georgia Civil Practice Act.

3. O.C.G.A. § 9-1-4(f)(1)(A) governs service of this Defendant by publication. New York, the jurisdiction where service will be effectuated, also allows service by publication.

4. As more fully described in the Declaration of Plaintiff's Counsel Lauren Israelovitch, the Affidavit of Process Server Ramon Lebron, and Plaintiff's Brief in Support of this Motion, the Plaintiff has made diligent efforts to locate and serve this Defendant in the above-styled action.

5. This Defendant cannot, after due diligence, be found within this state or within the state that he is last known to have resided based on available

records. The Plaintiff, accordingly, cannot currently locate this Defendant and, therefore, service by publication is warranted.

6. Based on the foregoing, Plaintiff respectfully requests that this Court issue an order authorizing service on this Defendant to be made by the publication of summons.

Dated: August 14, 2025

Respectfully submitted,

**National Jewish Advocacy Center, Inc.**

By:  /s/ *Lauren Israelovitch*

Lauren Israelovitch
3 Times Square
New York, NY 10036
(914) 222-3828
lauren@njaclaw.org

**Weissmann Zucker Euster + Katz P.C.**

By: /s/ *David F. Katz*
DAVID F. KATZ
The Fountains at Piedmont Center
Building 11, Suite 950
3495 Piedmont Road
Atlanta, Georgia 30305
T. 404-390-2941
dkatz@wzlegal.com
GA Bar No. 408738

*Attorneys for Plaintiff Joshua Winer*