UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Joshua Winer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action Case No. |
| Umaymah Mohammad, AJP Educational Foundation, Inc. A/K/A American Muslims For Palestine, WESPAC Foundation, Inc., Sean Eren as the representative of National Students for Justice in Palestine, Doctors Against Genocide Society, Cair-Nga Inc. A/K/A/ CAIR-Georgia, CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR, Rupa Marya, Ibrahim Jouja as representative of Emory Students for Justice in Palestine, | ) 1:25-cv-02329-TWT |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SERVICE BY PUBLICATION UPON DEFENDANT SEAN EREN AS REPRESENTATIVE OF NATIONAL STUDENTS FOR JUSTICE IN PALESTINE**

Plaintiff respectfully submits this brief in support of his Motion for Service by Publication upon Defendant Sean Eren as the representative of National Students for Justice in Palestine ("NSJP").

1

## I. INTRODUCTION

Despite exhaustive investigative and service efforts, Defendant Eren's current whereabouts cannot be ascertained, and personal service has proven impossible.

Federal Rule of Civil Procedure 4(e)(1) authorizes service by publication when permitted under the laws of the forum state. Georgia law expressly allows such service where a defendant "cannot, after due diligence, be found within the state" or conceals himself to avoid service. O.C.G.A. § 9-11-4(f)(1)(A). As set forth below and in the accompanying declaration and affidavit, Plaintiff has more than satisfied the "due diligence" requirement, and service by publication is warranted.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), a plaintiff may serve an individual "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

O.C.G.A. § 9-11-4(f)(1)(A) provides:

> When the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, the judge or clerk may grant an order that the service be made by the publication of summons.

Thus, service by publication is appropriate where (1) the plaintiff demonstrates diligent efforts to locate and serve the defendant, and (2) those efforts are unsuccessful.

### III. FACTUAL BACKGROUND AND DUE DILIGENCE

Plaintiff filed an amended complaint in this action on May 20, 2025. Plaintiff has undertaken substantial and sustained efforts to locate and personally serve Defendant Eren.

First, Plaintiff's counsel contacted five separate law firms that previously represented NSJP in other matters to determine whether they would accept service on behalf of Defendant Eren in his representative capacity. Each either declined to accept service because they no longer represent NSJP or did not respond.

Second, Plaintiff retained a licensed private investigator to conduct comprehensive public and proprietary database searches, review media reports of Defendant Eren's activities, and examine online and social media sources to determine his whereabouts and address.

Lastly, based on the findings of this licensed private investigator, Plaintiff hired a professional process server, which attempted service on four separate occasions at the only address currently associated with Defendant Eren.

The investigation of the private investigator revealed that Defendant Eren is believed to be Sean Eren Rutledge, born July 6, 2000, a graduate of the Rhode Island School of Design and reportedly a member of Columbia University's Class of 2027 (Architecture).

Database searches produced conflicting current address information, including:

1. Hyattsville, MD (current in one database);

2. 710 Riverside Drive, Apt. 2C, New York, NY 10031 (current in another database); and

3. Prior addresses in Brooklyn, NY (2022–2023), Providence, RI (2021), and Durham, NC (2018).

Given the indications of current enrollment at Columbia University, service was attempted four separate times at the Riverside Drive address in New York, the only recent New York residence associated with him. Each attempt was unsuccessful.

Despite these extensive investigative measures—spanning multiple states, databases, and professional inquiries—Defendant Eren's whereabouts remain unknown, and personal service cannot be effected.

## IV. ARGUMENT

Plaintiff has more than satisfied the due diligence requirement under O.C.G.A. § 9-11-4(f)(1)(A). Courts applying Georgia law routinely find due diligence satisfied when a plaintiff undertakes repeated, good-faith attempts to locate a defendant through multiple channels. *See*, e.g., *Abba Gana v. Abba Gana*, 251 Ga.

340, 305 S.E.2d 897 (1983) (holding that the due diligence requirement was satisfied where the plaintiff pursued leads and made repeated inquiries without success).

Furthermore, residence out of state is sufficient by itself to invoke service by publication under O.C.G.A.§9-11-4(f)( 1)(A) and such section neither requires that a defendant be avoiding service, nor that prior attempts at personal service were made. *Schwind v. Gordon*, 93 F. R. D. 517 (N. D. Ga. 1982).

Here, Plaintiff has pursued every reasonable avenue to locate Defendant Eren, including database searches, field investigations, personal service attempts, and outreach to counsel that previously represented NSJP. The inability to either obtain a confirmed, current address or personally serve Defendant Eren at the address obtained for him despite these efforts demonstrates that Defendant "cannot, after due diligence, be found" within Georgia or any other state for purposes of personal service.

Accordingly, service by publication is the only method available to ensure that Defendant Eren receives notice of this action and an opportunity to respond.

## V. CONCLUSION

For the foregoing reasons, and based on the record of diligent but unsuccessful efforts to effectuate personal service, Plaintiff respectfully requests that the Court grant his Motion for Service by Publication upon Defendant Sean Eren as

representative of National Students for Justice in Palestine pursuant to O.C.G.A. § 9-11-4(f)(1)(A).

Dated: August 14, 2025

Respectfully submitted,

**National Jewish Advocacy Center, Inc.**

By: */s/ Lauren Israelovitch*
Lauren Israelovitch*
3 Times Square
New York, NY 10036
(914) 222-3828
lauren@njaclaw.org
*Admitted pro hac vice

**Weissmann Zucker Euster + Katz P.C.**

By: /s/ *David F. Katz*
DAVID F. KATZ
The Fountains at Piedmont Center
Building 11, Suite 950
3495 Piedmont Road
Atlanta, Georgia 30305
T. 404-390-2941
dkatz@wzlegal.com
GA Bar No. 408738

*Attorneys for Plaintiff Joshua Winer*