```
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
------------------------------------------------------------------------------------x
Joshua Winer,

                    Plaintiff,
v.                                                          Case No. 1:25-CV-
                                                                      02329
Umaymah Mohammad, AJP Educational Foundation, Inc.
A/K/A American Muslims for Palestine, WESPAC Foundation, Inc.,
Sean Eren as the representative of National Students for Justice in
Palestine, Doctors Against Genocide Society, CAIR-Nga Inc.
A/K/A CAIR-Georgia, CAIR Foundation Inc.,
 A/K/A Council on Islamic Relations or CAIR, Rupa Marya,
Ibrahim Jouja as representative of Emory Students for Justice
 in Palestine.

                    Defendants.

------------------------------------------------------------------------------------x
```

## DEFENDANT DR. RUPA MARYA'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Dr. Rupa Marya hereby files this Brief in Support of her Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for lack of personal jurisdiction under the Georgia Long Arm Statute.

## PRELIMINARY STATEMENT

Dr. Marya joins in the arguments made by Defendant Mohammad in her

1

contemporaneously-filed motion to dismiss, including without limitation that there is no federal question, that this is an impermissible shotgun pleading, that all described utterances were pure First Amendment-protected speech and were statements of opinion, and that Dr. Winer is a public figure but failed to assert actual malice.

Dr. Marya especially wishes to call to this Court's attention that the original Complaint was based on diversity jurisdiction and asserted only Georgia tort claims. When counsel called to Plaintiff's attention that complete diversity did not exist (defendants Mohammad and Jouja were residents of Georgia), he filed a First Amended Complaint adding a vague and dubious 1985(3) claim, flying in the face of case law limiting that statute's use against private actors to circumstances not present here. First and foremost, and as a threshold matter, this case should be dismissed for lack of a federal question.

In this brief, Dr. Marya asserts additional grounds for dismissal as against her under FRCP Section 12(b)(2).

## THE FACTS

Professor Winer sues a wide variety of defendant individuals and organizations for defamation, false light, civil conspiracy, and (as mentioned

before) a clearly "ret-conned" 1985 claim. He accuses defendant Umaymah Mohammad, a student at his own medical school, of uttering defamatory statements (the other tort claims, and indeed the 1985 claim, are all based on the same utterances). He accuses Dr. Marya and all other defendants of reposting, commenting on, or somehow facilitating, or conspiring to commit, the torts he asserts against defendant Mohammad.

In paragraph 17 of the FAC, Plaintiff states that "Marya, a resident of California, is a professor of medicine at the University of California, San Francisco (UCSF)". Nowhere in the 99 references to Dr. Marya in the FAC does Plaintiff assert any contacts to the State of Georgia of any nature-- no personal visits, transactions of business, use of Georgia legal forms or protections, acts specifically aimed at or into Georgia, not even phone calls into the jurisdiction. The FAC is devoid of any assertions which would support federal jurisdiction under Sections (1) or (3) of the state long arm statute.

## ARGUMENT

### Point One

### THE STANDARD

"A plaintiff's complaint is subject to dismissal if there is a lack of personal

3

jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The issue of whether personal jurisdiction is present is a question of law.  A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.  In a case where a non-resident defendant challenges the exercise of a court's jurisdiction over him, but where no evidence on the matter is submitted, the plaintiff has the burden of pleading a prima facie case of personal jurisdiction over the moving defendant.   A prima facie case is established in such cases where the plaintiff alleges sufficient facts in his complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. The court must construe the non-conclusory allegations in the complaint as true, to the extent they are uncontroverted by evidence.  The Court must engage in a two-part analysis to determine if it may exercise jurisdiction over a non-resident defendant. First, the Court determines whether the defendant's activities satisfy the forum state's long-arm statute.  Second, the Court determines whether the exercise of personal jurisdiction comports with the due process requirements of the Fourteenth Amendment". *Progressive Light., Inc. v Décor Selections, LLC,* 2021 US Dist LEXIS 273421, at *10-11 (ND Ga Sep. 17, 2021, No. 1:20-cv-3840-AT). (Note: All citations in this brief have quotation marks and internal cites omitted.)    Where

there are contested fact issues about jurisdiction, the court may order a hearing, FRCP 12(i); *N. Am. Sugar Indus., Inc. v Xinjiang Goldwind Science & Tech. Co., Ltd. BBC Chartering USA, LLC,* 124 F.4th 1322, 1333 (11th Cir 2025) ("The district court has two options: (1) hold an evidentiary hearing before trial to make factual findings about personal jurisdiction or (2) decide the motion to dismiss under a prima facie standard without an evidentiary hearing").

Plaintiff makes absolutely no assertions which would support a prima facie finding of long arm jurisdiction over Dr. Marya.

## Point Two

## LONG ARM JURISDICTION OVER DR. MARYA IS LACKING

GA Code § 9-10-91 states that a "court of this state may exercise personal jurisdiction over any nonresident....as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state, *except as to a cause of action for defamation of character arising from the act*; (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does

or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state" (emphasis added).

Plaintiff, in his vague but verbose complaint, does not plead any facts whatever that assert that Dr. Marya "transacts any business" in Georgia under (1), or "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state" pursuant to (3). In the absence of any such facts, plaintiff's assertion of long arm jurisdiction over Dr. Marya must rest entirely on section (2).

However, Section (2) excludes defamation claims, *Black v Skinary App, Inc.,* 2024 US Dist LEXIS 136035, at *10 (ND Ga Aug. 1, 2024, No. 1:23-CV-5647-TWT) ("[T]o the extent that the 'tortious act' in question is defamation, the long-arm statute specifically excludes that from its reach"; *Worthy v Eller,* 265 Ga App 487, 488, 594 SE2d 699, 700 (2004), *cert. den.* 2004 Ga. LEXIS 514 (2004) ( "The language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation"); *Mahendra Amin v O'Brien,* 2025 US Dist LEXIS 7223, at *12 (SD Ga Jan. 14, 2025, No. CV 5:24-022) (" Defendant O'Brien is not subject to suit in Georgia for acts allegedly constituting defamation"); *Mueller v Ebay, Inc.,* 2021 US Dist LEXIS 201597, at

\*3-4 [ND Ga Jan. 6, 2021, No. 1:20-cv-2581-SCJ])   ("The publication of defamatory information in Georgia standing alone is insufficient to establish personal jurisdiction under Georgia's long-arm statute.. . . . The Georgia legislature has determined that the commission of acts solely related and giving rise to a defamation claim do not fall within the Georgia long-arm statute"); *Ransom v Cail,* 2019 US Dist LEXIS 219665, at \*3 (MD Ga Dec. 23, 2019, No. 4:19-CV-130 (CDL)  ("The publication of defamatory information in Georgia standing alone is insufficient to establish personal jurisdiction under Georgia's long-arm statute").

Independently of Section (2)'s ban on  defamation claims, the mere posting of information on the Internet which can be viewed in Georgia does not satisfy the requirements of sub-section (3), *Brannies v Internet ROI, Inc*., 67 F Supp 3d 1360, 1363-1364 (SD Ga 2014) (Defendant "merely published news content viewable online by Georgians...[T]he mere fact that a particular website displays an ad that can be viewed in Georgia...does not, by itself, equate to contact with Georgia").

Plaintiff is likely to call attention to a line of Georgia cases which state that, notwithstanding subsection (2) of the long arm act, an out of state defamation defendant can be sued when they are acting in concert with an in-state one,  *Rudo v Stubbs,* 472 SE2d 515, 517 (1996). However, federal courts applying *Rudo* limit

it by constitutional due process concerns, *Arno Resources, LLC v Epic Tech, LLC,* 2022 US Dist LEXIS 160012, at *12 (ND Ga Aug. 8, 2022, No. 1:20-CV-02540-ELR), *affirmed,* 2023 U.S. App. LEXIS 26638 (11th Cir. 2023) ("Georgia's long-arm statute does not provide jurisdiction that is coextensive with due process."); *Sprint Nextel Corp. v Ace Wholesale, Inc.,* 2014 US Dist LEXIS 21598, at *23-25 (ND Ga Feb. 20, 2014, No. 1:12-cv-02902-JEC) ("[J]urisdiction will not lie merely in reliance on imputed acts....[T]he bare existence of a conspiracy is not enough to support long arm jurisdiction without a further showing of a 'contact' with the forum jurisdiction"); *Wells Fargo Bank v Berkman,* 2011 US Dist LEXIS 16484, at *13 (ND Ga Feb. 16, 2011, No. 1:10-CV-2286-TWT) ("The conclusory allegation that BTA was involved in a conspiracy, without more, is insufficient to support conspiracy jurisdiction in Georgia") ; *Williams v Fuqua,* 2016 US Dist LEXIS 195808, at *7 (ND Ga Dec. 5, 2016, No. 1:16-CV-0986-MHC-JFK) ("Here, Plaintiff's conclusory assertion of a conspiracy is insufficient to state a claim"). Georgia itself has flagged the tension between conspiracy jurisdiction and due process, *Coopers & Lybrand v Cocklereece,* 276 SE2d 845, 850 (Court of Appeals 1981) ("To hold that a non-resident who personally has conducted no activity in or with Georgia is subject to our jurisdiction based solely upon the theory of a conspiracy would eliminate the requirement for a 'minimum contact'

between that defendant and this forum").

Where, as here, the asserted acts are all obviously First Amendment-protected speech, bringing a defendant into a Georgia court would violate due process, *Cox Enters., Inc. v Holt*, 678 F2d 936, 937 (11th Cir 1982) ("[F]ederal jurisdiction is subject to First Amendment considerations when a nonresident publisher is sued for libel"); *Weinstock v Gannett, Inc.,* 2001 US Dist LEXIS 17916, at *6 (ND Ga June 20, 2001, CIVIL ACTION NO. 1:00-CV-2935-ODE) ("Because First Amendment considerations surrounding the law of libel require a greater showing of contact to satisfy the due process clause than is necessary in asserting jurisdiction over other types of tortious activity.... subsection (2) functions to prohibit the court from exercising jurisdiction over nonresident defendants whose only contacts with Georgia are the allegedly defamatory acts"). Given the First Amendment-protected nature of the speech, due process, and of course the First Amendment itself, do not permit the use of the long arm statute to compel Dr. Marya to attend court in Georgia.

And of course, any 1985 cause of action fails jurisdictionally if on its face it fails to state a claim under 12(b)(6), *Prunty v Arnold & Itkin LLP,* 753 F App'x 731, 736 (11th Cir 2018) ("These rights include only select 'serious constitutional right[s]. . . . The only rights the Supreme Court has expressly declared enforceable

9

against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude."); *Santillana v. Florida State Court Sys.*, 450 F. App'x 840, 844 (11th Cir. 2012) ("[C]onclusory allegations of discrimination and conspiracy, without more, are not sufficient to support a § 1985 claim").

Georgia has applied a similar analysis to other defamation-adjacent tort claims, *Worthy v Eller,* 594 SE2d 699, 700-701 (Court of Appeals 2004) cert. den. 2004 Ga. LEXIS 514 (2004)("Whether Worthy may be subject to suit in Georgia for the purpose of Eller's claim for intentional infliction of emotional distress is governed by O.C.G.A. § 9-10-91 (3)....Worthy established that he had none of the specific minimum contacts required by this subsection"). Plaintiff should not be permitted to evade the restriction of the long arm statute's section (2) by recharacterizing a defamation claim as false light or another tort claim, cf. *Leise v Vermont Hum. Rights Commn.,* 2023 US Dist LEXIS 50354, at *72-73 (D Vt Mar. 24, 2023, No. 2:22-cv-00009) (" A plaintiff may not use related causes of action to avoid the constitutional requisites of a defamation claim. The First Amendment considerations that apply to defamation therefore apply also to [the plaintiff's] counts for false light and tortious interference", citing *Farah v. Esquire Mag.,* 736 F.3d 528, 540 (D.C. Cir. 2013)); *Moldea v NY Times Co.,* 22 F3d 310, 319 (1994)

("[A] plaintiff may not avoid the strictures of the burdens of proof associated with defamation by resorting to a claim of false light invasion"); *see also Hustler Mag. v Falwell,* 485 US 46, 56 (1988) (applying actual malice requirement of *NY Times v. Sullivan* to intentional infliction claim).

## CONCLUSION

The Complaint should be dismissed against Dr. Marya because she is not subject to Georgia long arm jurisdiction.

Dated: Amagansett, NY
August 22, 2025

/s/ Jonathan Wallace
Jonathan Wallace
PO #728
Amagansett NY 11930
917-359-6234
jonathan.wallace80@gmail.com
Counsel for Defendant Dr. Marya