# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Joshua Winer, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> Umaymah Mohammad, AJP Educational ) <br> Foundation, Inc. A/K/A American Muslims ) <br> For Palestine, WESPAC Foundation, Inc., ) <br> Sean Eren as the representative of National ) <br> Students for Justice in Palestine, Doctors ) <br> Against Genocide Society, Cair-Nga Inc. ) <br> A/K/A CAIR-Georgia, CAIR Foundation ) <br> Inc., A/K/A Council on Islamic Relations or ) <br> CAIR, Rupa Marya, Ibrahim Jouja as ) <br> representative of Emory Students for Justice ) <br> in Palestine, ) <br> ) <br>     Defendants. ) | CIVIL ACTION FILE <br> NO. 1:25-CV-02329-TWT |

**DEFENDANT CAIR-FOUNDATION, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR ATTORNEY'S FEES**

COMES NOW Defendant, CAIR-Foundation, Inc. ("CAIR-Foundation")[1] and files this Reply Brief in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and its Motion for Attorney's Fees ("Motion to

---

[1] Plaintiff's Amended Complaint misidentifies CAIR-Foundation, Inc. as "CAIR Foundation, Inc."

1

Dismiss") (Doc. 63), and in response to the arguments set forth in Plaintiff's Response to CAIR-Foundation's Motion to Dismiss ("Response") (Doc. 91).

## **INTRODUCTION**

In his Response, Plaintiff attempts to re-write his Amended Complaint to broaden the allegations against CAIR-Foundation in an effort to avoid dismissal on the myriad bases outlined in CAIR-Foundation's Motion to Dismiss. Plaintiff posits that CAIR-Foundation is "feigning ignorance of what it is alleged to have done," (Doc. 91 at 2), but as Plaintiff's Response makes clear, the confusion is mutual. Much like his Amended Complaint, Plaintiff's Response invites more questions than it answers. Although Plaintiff attempts to clarify what he believes CAIR-Foundation did to incur liability (Doc. 91 at 5), the retrospective clarification is insufficient to save his claims against CAIR-Foundation.

According to Plaintiff, CAIR-Foundation's conduct is "clearly spell[ed] out" in Paragraphs 5, 123, 148 and 171 of the Amended Complaint.[2] (Doc. 91 at 5). Taken together, these paragraphs assert that (1) multiple defendants, including CAIR-Foundation, published, reiterated and expanded upon Defendant Mohammad's false statements; (2) CAIR-Georgia and CAIR-Foundation published the WSB-TV

---

[2] Plaintiff's Response also identified Paragraph 16, which generally describes Defendant Doctors Against Genocide, as clearly outlining CAIR-Foundation's conduct. To the extent this inclusion was intentional, CAIR-Foundation fails to understand how Paragraph 16 supports any claims against CAIR-Foundation.

Segment, which showed a clip from Defendant Mohammad's *Democracy Now!* interview; (3) CAIR-Foundation collaborated with CAIR-Georgia on the February 11, 2025 Instagram post ("the IG Post") which published the WSB-TV Segment regarding CAIR-Georgia's Press Conference; and (4) CAIR-Foundation collaborated with CAIR-Georgia to disseminate defamatory materials online. (Doc. 22 at ¶¶ 5, 123, 148 and 171). As set forth more fully herein, Plaintiff's claims nonetheless fail against CAIR-Foundation as a matter of law.

I. **Dismissal is Warranted Because the Amended Complaint Does Not Contain A Short and Plain Statement of A Claim Entitling Plaintiff to Relief.**

*A. Plaintiff's Amended Complaint Fails to Explain How CAIR-Foundation's Actions Render It Liable.*

Plaintiff misunderstands what is required by Rules 8(a)(2) and 10(b). Specifically, Plaintiff misreads *Weiland v. Palm Beach County Sheriff's Office*, interpreting it to preclude dismissal here because "[t]he Amended Complaint alleges four, plainly stated claims against all defendants, in carefully numbered paragraphs, and each describing a distinct legal wrong." (Doc. 91 at 6). The *Weiland* Court's analysis was more nuanced. Instead of providing a checklist of superficial formatting requirements to survive dismissal, the Court carefully analyzed whether the complaint actually increased the defendant's burden of understanding the allegations underlying each count. *Weiland*, 792 F.3d 1313, 1324 (11th Cir. 2015). Noting that

3

the trial court dismissed Weiland's claims even though it determined Weiland had stated a claim for relief, the Court reasoned that what looked "at first glance, like the most common type of shotgun pleading" adequately put the defendants on notice of the specific claims against them by incorporating sub-headings into the 49 paragraphs of factual allegations and "clearly and concisely" describing the events that supported Weiland's claims. *Id.* at 1324–25. Additionally, the allegations of each count were not "rolled into every successive count on down the line." *Id.* at 1324.

The instant case demands a different result. Plaintiff claims the Amended Complaint describes distinct legal wrongs by CAIR-Foundation, but the very examples Plaintiff cites tellingly make no distinction amongst the nine defendants named in the lawsuit. (Doc. 91 at 6); *see Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). As Plaintiff clarified in his Response, CAIR-Foundations' alleged wrongful acts consist of collaborating with CAIR-Georgia to re-publish the WSB-TV Segment. (Doc. 91 at 5). CAIR-Foundation is tasked with parsing out how this "collaboration" supports Plaintiff's claims that "*Defendants* made numerous false and defamatory statements"; "*Defendants* statements . . . were made with actual malice and reckless disregard for the truth"; "Defendants . . . combined and conspired with one another to defame Plaintiff and to place him in a false light"; and "Defendants executed a common plan to deprive Plaintiff of his constitutional rights

4

and privileges." (Doc. 91 at 6). Even in the examples Plaintiff cited in his Response, CAIR-Foundation's role is unclear, as Plaintiff continues to lump the named defendants together into one amorphous entity. Unlike *Weiland*, the Amended Complaint incorporates each preceding paragraph into every count and fails to identify how CAIR-Foundation's specific conduct supports liability under each claim asserted. Thus, Plaintiff's Amended Complaint is an impermissible shotgun pleading, and CAIR-Foundation cannot sufficiently discern the claims against it.

   B. *Plaintiff's Claims Against CAIR-Foundation Are Based on Conclusory Statements Rather Than Factual Allegations.*

Even if the Court applies the plausibility standard of *Twombly* and *Iqbal* rather than the probability standard of Georgia's Anti-SLAPP statute, dismissal is still warranted because Plaintiff's claims are merely conclusory and are not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Plausibility rests between "possibility" and "probability." *Dean v. Warren*, 12 F. 4th 1248, 1256 (11th Cir. 2021) (quoting *Iqbal,* 556 U.S. at 678–79). As outlined in subsection A above, Plaintiff's failure to articulate how CAIR-Foundation's actions subject it to liability is procedurally fatal.

   C. *CAIR-Foundation is Immune From Liability Because Plaintiff Did Not Allege That CAIR-Foundation Generated Any Content.*

As a threshold matter, although preemption under the CDA is an affirmative defense, it can support a motion to dismiss if the barrier to suit is evident on the face

of the complaint. *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir. 2015) (per curiam) (quoting *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014)). In the Amended Complaint, Plaintiff argues CAIR-Foundation "further disseminate[d] false and defamatory statements about Plaintiff" by collaborating on the IG post that merely shared a previously-broadcast news story. (Doc. 22 at ¶¶ 148 and 148(a)).[3] Even a generous reading of the Amended Complaint places the allegations squarely within the protection afforded by the Communications Decency Act because Plaintiff fails to allege (nor does the Amended Complaint support a reasonable inference that) CAIR-Foundation generated any original content for the IG Post. Apparently recognizing this flaw, Plaintiff attempts to rewrite the Amended Complaint to avoid dismissal.

To clarify, with respect to the Email Template and Phone Script in the context of the IG Post, the Amended Complaint states that "CAIR-Georgia provided a link to the defamatory Email Template and Phone Script" in the comments section of the IG Post. (Doc. 22 at ¶ 148(b)). Regarding the Phone Script, the Amended Complaint alleges that certain references in the Phone Script "suggest[] that Mohammad is the author of the Phone Script or at the very least, assisted in its drafting." (Doc. 22 at ¶

---

[3] Conveniently, neither *Democracy Now!* (whose YouTube channel was featured in the WSB-TV Segment) nor WSB-TV (who compiled and broadcasted the Segment) is named as a defendant in the instant lawsuit.

86). Nowhere in the 143-page Amended Complaint does Plaintiff allege (or even imply) that CAIR-Foundation was involved in drafting the Email Template or Phone Script. The Amended Complaint is likewise devoid of any allegation that CAIR-Foundation had any role in the February 11, 2025 press conference that was the subject of the WSB-TV Segment. (*See* Doc. 22 at ¶¶ 60-65).

Yet, in his Response, Plaintiff claims the Amended Complaint "plausibly alleges that CAIR-Foundation was indeed responsible for the content of the [IG Post]." (Doc. 91 at 10). Plaintiff then claims that "[d]iscovery will clarify whether CAIR-Foundation played a role in the content of the news segment or the drafting of the Email Template and Phone Script." *Id*. Despite Plaintiff's attempts to re-write the Amended Complaint and claim that CAIR-Foundation "adopted and amplified" Defendant Mohammad's alleged defamatory statements (*Id.*), the Amended Complaint stops far short of these claims. In fact, there are no allegations in the Amended Complaint—even drawing all inferences generously in Plaintiff's favor— to plausibly allege that CAIR-Foundation generated content for the IG Post. Had there been any facts to support such an allegation, Plaintiff surely would have cited them.

Beyond the fact that his argument is undermined by his own Amended Complaint, the authorities Plaintiff cites when arguing against immunity are distinguishable from the instant case. In *Tanisha Systems*, the Court reasoned that

7

the defendant was not entitled to CDA immunity because he materially contributed to the content in the blog post that he re-shared. *Tanisha Systems, Inc. v. Chandra*, 2015 WL 10550967 at *9 (N.D. Ga. 2015). More relevant here, the Court held that the plaintiff sufficiently pled such material contribution by alleging that the defendant "developed a 'hit list' of employees from which [the defendants] 'request[ed] confidential information to . . . use as fodder for their widely disseminated misrepresentations" and "'use[d] social media and blog postings to infect any search results concerning Tanisha Systems with false, malicious, and defamatory' statements." *Id.* Plaintiff's Amended Complaint alleges no such material contribution by CAIR-Foundation.

Similarly, in *La Liberte v. Reid*, the Court's analysis turned on the defendant's authorship of an Instagram post that she published, which took another activist's tweet that generally attributed discriminatory statements to an unnamed "they" and, by changing the pronoun to the singular, "she", attributed the statements to the plaintiff. 966 F.3d 79, 89 (2nd Cir. 2020). Here, Plaintiff acknowledges that the allegedly defamatory content in the IG Post was provided by third parties and *not* by CAIR-Foundation, yet, Plaintiff seeks to hold CAIR-Foundation responsible for Defendant Mohammed's statements in the *Democracy Now!* interview as replayed in the WSB-TV Segment, which was originally broadcasted by WSB-TV. (*Id.*, ¶¶ 123, 148(a), 171). Thus, on the face of the Amended Complaint, protection under

8

the CDA is triggered—and dismissal is proper—because Plaintiff's claims against CAIR-Foundation are based solely on Plaintiff's assertion that it published or disseminated allegedly defamatory statements made by third parties.

## II.     Plaintiff's Amended Complaint Fails To State A Claim Against CAIR-Foundation for Defamation *Per Se.*

### 1. *The Statement Plaintiff Attempts to Attribute to CAIR-Foundation Constitutes Opinion-Based, Political Speech Based on Accurate, Disclosed Facts.*

Despite his attempt to retroactively broaden the allegations in the Amended Complaint (*see* Doc. 91 at 15), Plaintiff's Amended Complaint identifies only one alleged statement ("Statement") by Defendant Mohammad that he attempts to attribute to CAIR-Foundation: "This man participated in aiding and abetting a genocide, in aiding and abetting the destruction of the healthcare system in Gaza." (Doc. 22, ¶123). Plaintiff is correct that a statement is not shielded from liability simply because it involves a matter of public concern. (Doc. 91 at 14). Nonetheless, because the Statement involves a matter of public concern, Plaintiff must prove falsity *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986).

The Statement, however, does not state or imply facts about Plaintiff that are capable of being proven false. *See Jaillett v. Georgia Television Co.*, 520 S.E.2d 721, 726 (Ga. Ct. App. 1999) ("to be actionable, a statement of opinion must imply an assertion of objective facts about the plaintiff"). As argued by CAIR-Georgia in

9

its Motion to Dismiss, the pertinent question is: "Would an accusation, made on social media or in a press conference by a Palestinian-American activist or rights organization, of 'abetting a genocide' . . . be reasonably understood to disclose a false statement of fact about [Plaintiff]?" (Doc. 41 at 11-12). For the reasons outlined in CAIR-Georgia's Motion to Dismiss (in which CAIR-Foundation joined), the answer is clearly "no." (Doc. 41 at 8-10; *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 32 (Brennan, J. dissenting); *Bennett v. Hendrix*, 2007 U.S. Dist. LEXIS 102156, at *10 (N.D. Ga. 2007); and *Koch v. Goldway*, 817 F.2d 507, 509 (9th Cir. 1987).

As to the Email Template and Phone Script, the Amended Complaint does not attribute either one to CAIR-Foundation. (*See generally* Doc. 22). Plaintiff's characterization of CAIR-Foundation's denial of authoring the Email Template and Phone Script as "premature" is misplaced because the Amended Complaint alleges no such involvement: the Amended Complaint does not, as Plaintiff argues, "plead[] that the CAIR-Team Post promoted the scripts in response to a specific question about how to support Mohammad." (Doc. 91 at 15). Rather, the Amended Complaint pleads that "CAIR Georgia replied to the comment by providing a link to the previously circulated Email Template and Phone Script . . .." (Doc. 22, ¶ 124) (*see also* Doc. 22 at ¶ 148(a): "CAIR-Georgia provided a link to the defamatory Email Template and Phone Script.").

10

### 2. *Plaintiff Was A Limited Public Figure and Has Not Shown Actual Malice.*

Plaintiff's only rebuttal to his status as a limited public figure appears to be that Plaintiff did not allege "limited-public figure status." (Doc. 91 at 16). According to Plaintiff, his service in the IDF—as described in an opinion article Plaintiff authored—was the background for the Statement. (Doc. 22, ¶¶ 35, 36, and 47 ("[U]pon information and belief, Mohammad only became aware of the Plaintiff's service in the IDF through his op-ed in the *Times of Israel*.")). Regardless, his status as a limited public figure is not contingent on whether he pled that status. Because he is a limited public figure, Plaintiff must prove actual malice as to CAIR-Foundation. *Little v. Breland*, 93 F.3d 755, 757 (11th Cir. 1996). Specifically, Plaintiff must show that CAIR-Foundation acted with knowledge that the Statement was false or with reckless disregard of whether it was false. *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). Plaintiff cannot show actual malice as to CAIR-Foundation where CAIR-Foundation simply collaborated on the IG Post that re-shared a previously aired news segment regarding issues of legitimate public concern.

### 3. *Plaintiff's Defamation Per Se Claim Is Based on Slander, Which Fails Against CAIR-Foundation.*

Beyond the fact that Plaintiff's defamation *per se* claim cited the statute for slander, Plaintiff also failed to plead the elements of defamation *per se*: that any

portion of the IG Post was calculated to injure Plaintiff with respect to his trade, office, or profession, or any specific harm to Plaintiff flowing naturally from the IG Post. O.C.G.A. § 51-5-4(d). Thus, Count I on its face fails against CAIR-Foundation.

### III. Plaintiff's False Light Claim Against CAIR-Foundation Is Unsupported and Meritless.

Put simply (and in addition to the substantive failures outlined in CAIR-Foundation's Brief in Support of Motion to Dismiss), Plaintiff's false light claim (Count II) is devoid of any factual support as to CAIR-Foundation, as CAIR-Foundation is not even mentioned in Count II. (Doc. 22, ¶¶ 153-160). Although he attempts to cure this in his Response (Doc. 91 at 18-19), Plaintiff failed to allege how CAIR-Foundation's actions subject CAIR-Foundation to liability. Because Plaintiff failed to allege any conduct of CAIR-Foundation to support his false light claim, this claim necessarily fails.

### IV. Plaintiff's Derivative Claim for Civil Conspiracy Fails Because There Is No Underlying Tort.

Under Georgia law, a claim for civil conspiracy requires a showing that "two or more persons, acting in concert, engaged in conduct that constitutes a tort." *Mustaqeem-Graydon v. SunTrust Bank*, 573 S.E.2d 455, 461 (Ga. Ct. App. 2002). "Absent the underlying tort, there can be no liability for civil conspiracy." *O'Neal v. Home Town Bank of Villa Rica*, 514 S.E.2d 669, 675 (Ga. Ct. App. 1999); *see also Ray v. Atkins*, 421 S.E.2d 317, 321 (Ga. Ct. App. 1992). The issue of defining

"collaboration" in the context of the IG Post is surplusage. As outlined above and in CAIR-Foundation's Brief in Support of Motion to Dismiss, Plaintiff's claims for defamation *per se* and false light fail against CAIR-Foundation as a matter of law on multiple grounds, including preclusion under the CDA. Because Plaintiff's claims for defamation *per se* and false light fail, there is no underlying tort and Plaintiff's claim for civil conspiracy against CAIR-Foundation must likewise fail.

### V.  Plaintiff Failed to Assert Any Cause of Action Against CAIR-Foundation Under 42 U.S.C. § 1985(3).

To the extent (as Plaintiff claims in his Response) Count IV is asserted against CAIR-Foundation, Count IV nonetheless fails to allege sufficient facts to establish the elements of a civil rights claim. Though he cites *Jimenez v. Wellstar Health System*, Plaintiff appears to overlook a crucial portion of the opinion: "[t]he only rights the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude. 596 F.3d 1304, 1312 (11th Cir. 2010) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993). In addition to being a few steps beyond the realm of plausibility, the allegation (as articulated for the first time in Plaintiff's Response) that by "[b]randing Dr. Winer a 'genocidal war criminal', which could subject him to arrest and prosecution, . . . the defendants sought to erect barriers to his ability to move, teach, and practice medicine across

13

state lines" (Doc. 91 at 22) is notably absent from the Amended Complaint. (*See* Doc. 22 at ¶¶ 177-190).

It bears noting that the phrase "genocidal war criminal" appears only five times in the Amended Complaint but never in reference to a statement attributed to CAIR-Foundation. (*See* Doc. 22 at ¶¶ 108, 146, 146(f), 146(i), and 146(k)). Regardless, in both his Amended Complaint and his Response, Plaintiff refers to the nine individual defendants is if they were one entity, acting and speaking as one. CAIR-Foundation remains uncertain how, by accepting an invitation to collaborate on an IG Post that re-shared a previously-aired news segment, it could be subject to liability for defamation, false light, conspiracy, and conspiracy to interfere with civil rights.

## VI. <u>Injunctive Relief Is Not An Appropriate Remedy.</u>

Despite Plaintiff's characterization, CAIR-Foundation did not argue that the requested relief alone was grounds for dismissal. Rather, CAIR-Foundation highlighted that the requested relief—a prior restraint on expression—is inappropriate and further underscores the fact that Plaintiff's lawsuit is brought not to vindicate Plaintiff's rights, but to impede and deter CAIR-Foundation's exercise of its constitutional right to free speech.

## <u>III. CONCLUSION</u>

Plaintiff's attempt to rehabilitate his Amended Complaint is too little, too late. Despite his effort to re-write the Amended Complaint, Plaintiff's Response fails to establish how the Amended Complaint *as pleaded* states any claims against CAIR-Foundation upon which relief can be granted. For the reasons outlined in CAIR-Foundation's Motion to Dismiss and brief in support of the same, and as reiterated in this Reply Brief, CAIR-Foundation's Motion to Dismiss should be granted, and CAIR-Foundation should be awarded its attorney's fees and litigation expenses pursuant to O.C.G.A. § 9-11-11.1(b).

Respectfully submitted this 3rd day of September, 2025.

**SWIFT, CURRIE, McGHEE & HIERS**

By:   */s/ Mollie W. Amick*
Kori E. Wagner
Georgia State Bar No. 155438
Mollie W. Amick
Georgia State Bar No. 406371
***Attorneys for Defendant CAIR-Foundation, Inc.***
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309
Tel:   404.874.8800
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

## LOCAL RULE 5.1(C) CERTIFICATION

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

        **SWIFT, CURRIE, McGHEE & HIERS**

By:   ***/s/ Mollie W. Amick***
      Kori E. Wagner
      Georgia State Bar No. 155438
      Mollie W. Amick
      Georgia State Bar No. 406371
      ***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Tel:  404.874.8800
Fax:  470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT CAIR-FOUNDATION, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR ATTORNEY'S FEES** with the Clerk of Court using the CM/ECF System which will notify counsel of record as follows:

David F. Katz
WEISSMAN ZUCKER EUSTER + KATZ P.C.
The Foundations at Piedmont Center
3495 Piedmont Rd
Bldg 11, Ste 950
Atlanta, GA 30305
dkatz@wzlegal.com
*Counsel for Plaintiff*

Esther Panitch
PANITCH IVORY LAW GROUP, P.C.
4243 Dunwoody Club Dr., #201
Atlanta, GA 30350
esther@panitchivory.com
*Counsel for Plaintiff*

Mark Goldfeder
Lauren Israelovitch
Ben Schlager
NATIONAL JEWISH ADVOCACY CENTER, INC.
3 Times Square
New York, NY 10036
mark@njaclaw.org
ben@njaclaw.org
lauren@njaclaw.com
*Counsel for Plaintiff*

Josh Belinfante
Anna Edmonson
Miles C. Skedsvold
ROBBINS, ALLOW, BELINFANTE, LITTLEFIELD, LLC
50 14th St, N.W.
Atlanta, GA 30318
jbelinfante@robbinsfirm.com
aedmondson@robbinsfirm.com
mskedsvold@robbinsfirm.com

<div style="columns:2">

Akil K. Secret
THE SECRET FIRM, PC
P.O. Box 91028
Atlanta, GA 30364
asecret@thesecretfirm.com
*Counsel for Umaymah Mohammad and Doctors Against Genocide Society*

James Murray Slater
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE
Suite 116
Atlanta, GA 30345
james@slater.legal
*Counsel for AJP Educational Foundation, Inc.*

Muneer O. Awad
AWAD LEGAL TEAM, LLC
244 Roswell St, Ste 500
Marietta, GA 30060
muneer@awadlegalteam.com
*Counsel for WESPAC Foundation, Inc.*

Joshua Colangelo-Bryan
Human Rights First
121 West 36th Street
PMB 520
New York, NY 10018
*Counsel for WESPAC Foundation, Inc.*

Robert L. Herbst
HERBST LAW PLLC
420 Lexington Ave
Ste 300
New York, NY 10170
rherbst@herbstlawny.com
*Counsel for WESPAC Foundation, Inc.*

Amanda G. Hyland
Austin C. Vining
BUCHALTER APC
3475 Piedmont Road NE
Ste. 1100
Atlanta, GA 30305
ahyland@buchalter.com
avining@buchalter.com
cmull@buchalter.com
*Counsel for CAIR-Nga, Inc.*

Collin Poirot
2603 Oak Lawn
Suite 300
Dallas, TX 75219
cpoirot.law@gmail.com
*Counsel for Doctors Against Genocide Society*

</div>

18

| | |
|---|---|
| Christina A. Jump<br>Samira S. Elhosary<br>Christina A. Boyd<br>CONSTITUTIONAL LAW CENTER<br>FOR MUSLIMS IN AMERICA<br>100 N. Central Expy.<br>Suite 1010<br>Richardson, TX 75080<br>cjump@clcma.org<br>selhosary@clcma.org<br>ali.boyd@mlfa.org<br>*Counsel for AJP Educational Foundation, Inc.* | Jonathan Wallace<br>P.O. Box #728<br>Amagansett, NY 11930<br>Jonathan.wallace80@gmail.com<br>*Counsel for Umaymah Mohammad, Rupa Marya, and Ibrahim Jouja on behalf of Emory Students for Justice in Palestine* |

I further certify that I have this day served the foregoing **DEFENDANT CAIR-FOUNDATION, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR ATTORNEY'S FEES** via U.S. Mail upon the following parties:

> Defendant Sean Eren as Representative
> of National Students for Justice in
> Palestine
> 710 Riverside Drive, Apt. 2C
> New York, NY 10031

This 3rd day of September, 2025.

                                           **SWIFT, CURRIE, McGHEE & HIERS**

                                           By:  */s/ Mollie W. Amick*
                                                    Kori E. Wagner
                                                    Georgia State Bar No. 155438
                                                    Mollie W. Amick
                                                    Georgia State Bar No. 406371
                                                    ***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Tel:   404.874.8800
Fax:  470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com