IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Joshua Winer,<br><br>    Plaintiff,<br><br>v.<br><br>Umaymah Mohammad, AJP Educational Foundation, Inc. A/K/A American Muslims for Palestine, WESPAC Foundation, Inc., Sean Eren as the representative of National Students for Justice in Palestine, Doctors Against Genocide Society, CAIR-Nga Inc. A/K/A CAIR-Georgia, CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR, Rupa Marya, Ibrahim Jouja as representative of Emory Students for Justice in Palestine.<br><br>    Defendants. | Case No. 1:25-CV-02329 |

**DEFENDANT CAIR-NGA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED OPPOSITION**

Defendant CAIR-Nga, Inc., A/K/A CAIR-Georgia ("CAIR-GA") hereby files this Response in Opposition to Plaintiff's Motion for Leave to File an Amended Opposition to Defendant CAIR-Georgia's Motion to Dismiss the First Amended Complaint ("Motion") (Dkt. 104). For the reasons set forth below, Plaintiff's motion Motion should be denied.

**INTRODUCTION**

Dr. Joshua Winer has moved the Court to allow him leave to file an amended brief in opposition to CAIR-GA's Motion to Dismiss Plaintiff's First Amended

1

Complaint. Dr. Winer's proposed amended brief in opposition purports to address some—but not all—of the errors in case law provided in his initial brief. Even with proposed alterations, the altered text and other portions of the brief espouse inaccurate law. Moreover, Dr. Winer's legal basis for the Motion is Fed.R.Civ.P. 60, which does not provide for amended *briefing* but instead for amended *judgments,* such that he cited no applicable legal authority for his motion.

## **BACKGROUND FACTS**

Dr. Winer filed a Complaint on April 28, 2025 (Dkt. 1) and on May 20, 2025, a First Amended Complaint ("FAC"). Dkt. 22. CAIR-GA moved to dismiss the FAC for failure to state a claim on June 27, 2025. Dkt. 41. Dr. Winer filed his opposition brief on July 22, 2025 ("Opposition Brief"). Dkt. 60.[1]

On August 4, 2025, CAIR-GA filed its reply in support of its motion to dismiss. Dkt. 81. In it, CAIR-GA noted numerous instances where Dr. Winer's opposition brief relied on cases for propositions that did not exist and with quotes that appeared to be hallucinated. *Id.* at 9–12 and accompanying footnotes. CAIR-GA's motion to dismiss is now fully briefed and has been since August 4.

Nearly a month after briefing concluded, Dr. Winer filed the instant Motion on August 29, 2025. Dkt. 104. In explaining the nonexistent quotes included in his original brief, Dr. Winer alleges that they were a "mix-up during the final editing

---

[1] Dr. Winer moved the Court to extend his response deadline to July 21, 2025, and the Court granted his motion on July 8, 2025. Dkt. 50, 52. Despite the extension, Dr. Winer still filed his response brief late and filed a motion for leave to file the response brief out of time. Dkt. 61. The Court granted Dr. Winer's motion for leave on July 29, 2025. Dkt. 74.

process." Dkt. 104-3 at 2. Mr. Winer denies that the errors were the result of hallucinations. *Id.*

## ARGUMENT

### 1. Dr. Winer cites to no applicable legal authority

Dr. Winer's Motion is an attempt to soften some of the citation errors in his original Opposition Brief. He does not assert any reason for seeking the amendment other than to classify the errors as "inadvertent" and a "mix-up in the final editing process."

Dr. Winer asserts that amendment is proper under Rule 60. He does not specify subsection (a) or (b), but given the context of his arguments, it is clear he is seeking relief under 60(a).

As an initial and significant issue, Rule 60 provides for "Relief from a Judgment or Order," as clearly stated in the title of the rule. Rule 60(a) "permits corrections 'at any time' of 'clerical mistakes' in *judgments and orders* 'arising from oversight or omission.'" *Weeks v. Jones*, 100 F.3d 124, 128 (11th Cir. 1996) (emphasis added).

The rule does not apply to briefs, and indeed, Dr. Winer does not cite to any authority in which any court has applied Rule 60 to a party's brief. On this basis alone, the Motion should be denied.

Moreover, even if Rule 60 applied to briefs, Dr. Winer would need to show that his proposed amendment was a "clerical mistake." "A motion under Rule 60(a) "only can be used to make the judgment . . . speak the truth and cannot be used to make it say something other than what originally was pronounced." *Stansell v. Bello*,

40 F.4th 1308, 1311 (11th Cir. 2022) (citations omitted). "'Corrections or alterations that affect the substantial rights of the parties,' including factual and *legal* mistakes, are beyond the rule's scope." *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1333 (11th Cir. 2023) (citations omitted) (emphasis added).

Here, Dr. Winer's Opposition Brief contained such significant citation inaccuracies that the only reasonable conclusion is that the citations were "hallucinated" by artificial intelligence. The proposed amendments do not seek to correct a clerical mistake, but seek to soften the consequences of using AI-generated cases by eliminating the manufactured quotes. As set forth fully in the following section, several of the "corrected" citations at issue—even after removing the quotation marks—are still wrong, and do not advance the proposition as purported, further evidencing that the citations were AI-generated.

2. **The citations remain inaccurate**

In Dr. Winer's proposed brief, he removes the quotation marks from the following *Jiminez v. Wellstar Health Sys.* quote:

> "district and circuit courts have recognized various rights—including certain equal protection and liberty interests—as cognizable under the statute."

Dkt. 104-2 at 22 (showing changes between the filed opposition and the proposed opposition). Regardless of the use of quotation marks, the cited authority does not support this claim.

4

Assuming Dr. Winer meant to cite to footnote 7 of the decision,[2] his proposition still is not supported. Footnote 7 does not provide any support that circuit courts have recognized *any* additional rights. The only circuit court opinion cited supports the exact inverse of what Dr. Winer has argued:

> Some district courts have held a conspiracy to violate § 1981 may form the basis of a § 1985(3) claim. *See, e.g., Spectronics Corp. v. TCI/TKR of Jefferson County, Inc.*, 17 F.Supp.2d 669, 672 (W.D.Ky.1998); *Chambers v. Omaha Girls Club No. 957*, 629 F.Supp. 925, 940 (D.Neb.1986); *Hudson v. Teamsters Local Union*, 536 F.Supp. 1138, 1147 (S.D.Ohio 1982). Other courts have held conspiracies to violate contract and property rights—violations that form the basis of § 1981 claims—cannot spawn § 1985(3) claims. *See, e.g., Brown v. Philip Morris Inc.*, 250 F.3d 789, 805–06 (3d Cir.2001) (holding property and contract rights are statutorily, not constitutionally, protected and therefore a conspiracy to violate those rights is an insufficient foundation for a § 1985(3) claim).

*Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, n. 7 (11th Cir. 2010). Notably, even if the Eleventh Circuit had cited to circuit cases expanding the rights cognizable under Section 1985(3) claims, the cite would still be disingenuous and misleading as the whole point of *Jimenez* was the Court's refusal to expand Section 1985(3)'s scope of protection.

The above point is critical when viewing the next change Dr. Winer has proposed and the conclusion reached by Dr. Winer following the hallucinated quotes:

---

[2] CAIR-GA notes that Dr. Winer asserted in his instant motion that "[t]he citations and pinpoint references were correct in Plaintiff's original opposition brief." Dkt. 104-3 at 3.

Court. Id. at 1313 (~~"We do~~(The Court did not attempt to define here the full scope of § 1985(3)'s reach.~~"}~~.) This framework confirms that where a plaintiff alleges a racially motivated conspiracy aimed at excluding a protected group from civic or professional life—such as through blacklisting, defamation, and coordinated reputational destruction—§ 1985(3) provides a valid cause of action.

This alteration completely changes the meaning and impact of the text, despite Dr. Winer's argument that the proposed brief does not "alter[] the substance of the argument. Dkt. 104-3 at 2. The Eleventh Circuit did not make an affirmative pronouncement leaving the door open for protection of other rights under § 1985(3). Instead, the court merely addressed the issue before it: whether conspiracies to violate rights protected by § 1981 could sustain a § 1985(3) claim. The Court ~~concluded clearly~~ determined that the answer was "no."

Dr. Winer cited a case that holds the exact *opposite* of what he is trying to argue, cited to it three times in a row, then boldly stated that "This framework confirms that where a plaintiff alleges a racially motivated conspiracy aimed at excluding a protected group from civic or professional life—such as through blacklisting, defamation, and coordinated reputational destruction—§ 1985(3) provides a valid cause of action."

As detailed above, the omission of the quotation marks does not rectify the misstatements of law. Dr. Winer argues that "these errors resulted not from 'hallucinations,' but from quotation marks inadvertently retained where paraphrasing was intended." Dkt. 104-3 at 2. If true, this excuse still provides no explanation as to why the misquoted material failed to even properly *paraphrase* the cited case.

As CAIR-GA argued in its Reply Brief, Dr. Winer's Opposition Brief relies

6

on numerous mischaracterized cases[3] and faulty law, strongly inferring hallucinated citations. Dr. Winer's Motion does not seek to correct a clerical error, but to remove some of the most flagrant evidence of AI-generated citations, presumably in hopes of avoiding the consequences of having done so. Such is not the purpose of Rule 60, nor should it be permitted under any rule or theory.

## CONCLUSION

For the foregoing reasons, CAIR-GA respectfully requests that the Court deny Plaintiff's Motion. Should the Court grant Plaintiff's Motion, CAIR-GA respectfully requests that the Court permit CAIR-GA to file an amended reply brief in support of its Motion to Dismiss to address the changes incorporated in Dr. Winer's proposed opposition.

Respectfully submitted this 12th day of September, 2025.

                **BUCHALTER APC**

                /s/ *Amanda G. Hyland*
                Amanda G. Hyland
                Georgia Bar No. 325115
                Austin C. Vining
                Georgia Bar No. 362473

---

[3] For example, in both Dr. Winer's original and proposed brief, he alleges that *Bryant v. Cox Enterprises, Inc.*, 311 Ga.App. 230, 235 (2011), holds that "a statement accusing the plaintiff of racism could be actionable where it implies a factual predicate capable of being proven false." Dkt. 60 at 15. However, as CAIR-GA pointed out in its reply, *Bryant* did not involve any accusation of racism, but concerned the media coverage of Richard Jewell, a Caucasian man who was wrongly identified as a suspect in the 1996 Centennial Olympic Park bombing." Dkt. 81 at 9–10.

3475 Piedmont Road NE, Ste. 1100
Atlanta, GA 30305
(404) 832-7350 Telephone
ahyland@buchalter.com
avining@buchalter.com

*Attorneys for Defendant CAIR-Georgia*

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1**

I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1.

/s/ *Amanda G. Hyland*
Amanda G. Hyland
Georgia Bar No. 325115

*Attorney for Defendant CAIR-Georgia*
