## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOSHUA WINER,

     *Plaintiff,*

v.

UMAYAH MOHAMMAD, *et al.*,

     *Defendants.*

Civil Action No.
1:25-cv-02329-TWT

## PLAINTIFF JOSHUA WINER'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT AND BRIEF IN SUPPORT

Plaintiff Joshua Winer respectfully requests leave of court to amend his complaint in this case and file a Second Amended Complaint. Other than Defendant Sean Eren, as representative for National Students for Justice in Palestine, who will be served by publication pursuant to the Court's Order (dkt. 89), each of the defendants has moved to dismiss, and several have argued, among other things, that (1) Plaintiff's First Amended Complaint (dkt. 22) is a shotgun pleading, (2) it is unclear which claims are asserted against them, and (3)  the basis for the 42 U.S.C. § 1985(3) claim is unclear or otherwise not viable. While Plaintiff disagrees with these arguments, these problems are easily remedied, and doing so will help move this case more efficiently on the merits. It is well settled that leave to amend should be freely given when justice so requires, and justice so requires here.

1

Plaintiff is entitled to pursue his claims on the merits in their best light, and none of the traditional factors counsel against freely giving leave. Plaintiff has neither unduly delayed in seeking leave to amend, nor will leave to amend unduly delay the progress of this case. This litigation is still in the earliest stages, and the proposed amendment comes just weeks after the motions giving rise to proposed amendment, with no discovery having taken place, and all pre-discovery activities stayed pending disposition of the motions to dismiss. Nor will leave to amend unduly prejudice any party. To the contrary, the proposed amendments here remedy precisely the technical concerns that Defendants have raised, and it clarifies the theory of relief under 42 U.S.C. § 1985(3) that Defendants claim is too vague. Finally, the proposed Second Amended Complaint is not futile. Many of the amendments simply clarify supposed technical defects—that is obviously not futile. The rest clarify the nature of Plaintiff's § 1985(3) claim. Defendants will no doubt argue that the amended theory is barred by precedent, but Plaintiff will argue those precedents are distinguishable, or wrong, or both. There is no reason for this Court to wade into those issues in this posture, as opposed to on motions to dismiss the Second Amended Complaint.

All things considered, therefore, there is no substantial reason to deny leave to amend, and this Court should grant the motion. A copy of Plaintiff's proposed Second Amended Complaint is attached as Exhibit A, and a

proposed order is attached as Exhibit B.

## BACKGROUND

Dr. Winer initiated this on April 25, 2025, alleging claims for defamation, false light invasion of privacy, and civil conspiracy. Dkt. 1. He filed the First Amended Complaint—adding a claim for conspiracy to violate civil rights under 42 U.S.C. § 1985—on May 20, 2025. *See* Dkt. 22.

After the Complaint and Amended Complaint were filed, Defendants filed motions to dismiss asserting, among other things, that the Amended Complaint is a shotgun pleading because it reincorporates allegations and it is supposedly not clear which claims are alleged against which defendant.[1] *See, e.g.*, Dkt. 83-1at 8 (AJP Educational Foundation arguing that the First Amended Complaint is a shotgun pleading because "it . . . impermissibly lumps defendants together, fails to distinguish against whom Plaintiff seeks specific relief, and incorporates all preceding allegations into successive counts"), Dkt. 63-1 at 5 (CAIR-Foundation: same).

---

[1] The motions to dismiss filed by each defendant in this case can be found as follows: Umaymah Mohammad ("**Mohammad**") (Dkt. 95-1), AJP Educational Foundation, Inc. A/K/A American Muslims For Palestine ("**AMP**") (Dkt. 83-1), WESPAC Foundation, Inc. (**WESPAC**) (Dkt. 97-1), Doctors Against Genocide Society ("**DAG**") (Dkt. 101-1), Rupa Marya ("**Marya**") (Dkt. 94-1), Cair-Nga Inc. A/K/A/ CAIR-Georgia ("**CAIR-Georgia**") (Dkt. 81), CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR ("**CAIR National**") (Dkt. 63-1), and Ibrahim Jouja as representative of Emory Students for Justice in Palestine ("**Emory SJP**") (Dkt. 96-1).

Several Defendants have also argued that the basis for the 42 U.S.C. § 1985(3) claim is unclear or otherwise not viable. *See, e.g.*, Dkt. 41-1 at 18–19 (CAIR Georgia arguing that the First Amended Complaint "does not identify a specific constitutionally protected right as a predicate for his claim," but "vaguely" references rights to employment and equal access to academic and professional spaces), 22 (arguing that the complaint does not spell out how "Defendants' alleged conspiracy was motivated by Dr. Winer's racial or ethnic identity"); Dkt. 63-1 at 22–23 (CAIR-Foundation, similarly arguing that "the Amended Complaint does not identify a constitutionally protected right as a predicate for Plaintiff's § 1985(3) claim," and adopting CAIR Georgia's arguments); Dkt. 101-1 at 22 (Doctors Against Genocide: "Plaintiff has erected a moving target when it comes to identifying the federally-protected right Defendants allegedly conspired to violate.")

As described in Plaintiff's response to the motions to dismiss, Plaintiff disagrees that any of these supposed flaws warrant dismissal. *See*, *e.g.*, Dkt. 91 at 6–8 (explaining why the complaint is not a shotgun pleading), 21–24 (explaining that the First Amended complaint alleges a conspiracy "to destroy Dr. Winer's career, reputation, and livelihood by pressuring Emory University to sever all ties with him" on the basis of "anti-Jewish animus . . . a *result* that would," among other things, "violate Title VII"). Still, the relevant arguments raise (at most) correctable errors, so Plaintiff proposes to

4

amend his complaint accordingly before this litigation proceeds any further.

Because the time to amend as a matter of right has passed, *see* Fed. R. Civ. P. 15(a)(1), and Defendants have not consented to the filing of the Second Amended Complaint, *see* Fed. R. Civ. P. 15(a)(2), Plaintiff now respectfully requests "the court's leave" to do so. Plaintiff now moves for leave to amend to add factual allegations further supporting its claims and clarifying the underlying theory of liability per Defendant, and in further support of its position regarding this Court's jurisdiction.

## STANDARD OF REVIEW

"The decision whether to grant leave to amend is committed to the sound discretion of the trial court." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir.1989). However, "Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires." *Id.* at 406–07. Rule 15 thus enacts a "policy" of "liberally permitting amendments to facilitate determination of claims on the merits . . . unless a substantial reason exists to deny leave to amend[.]" *Id.* at 407. Unless such a "substantial reason" exists, "the discretion of the district court is not broad enough to permit denial." *Id.*

"The Eleventh Circuit instructs that substantial reasons for denying leave to amend a pleading include 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Wilson v. GoWaiter Franchise*

*Holdings, LLC*, No. 1:13-CV-01054-JEC, 2014 WL 1092307, at *2 (N.D. Ga. Mar. 18, 2014) (quoting *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006)).

## ARGUMENT

The Court should grant Plaintiff's motion for leave to file a Second Amended Complaint. Amending a complaint after a responsive pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Here, "justice . . . requires" leave to amend in order to allow Plaintiff an opportunity to eliminate fixable problems in the complaint in pursuit of the merits of his claims, see Fed. R. Civ. P. 15(a)(2), and there is no "substantial reason" to deny leave. First, Plaintiff has not unduly delayed in seeking leave to file a second amended complaint, nor will amendment unduly delay the progress of this case since this case is still in the earliest stages. Second, amendment will not prejudice any party—several defendants argued that the First Amended Complaint lacks clarity in several important respects, and the Second Amended Complaint will provide that clarity. Finally, amendment is not futile because it addresses the very concerns Defendants have raised. And while Defendants will likely argue some or all of the revised theory of the § 1985(3) claim is foreclosed by precedent, Plaintiff has good faith arguments those precedents are wrong or distinguishable, so there is no reason for this Court to rule on those issues in this posture—rather than on review of any

motions to dismiss the Second Amended Complaint.

## I.    Granting leave to amend here is just.

As this Court has recognized, justice requires leave to amend "so that [a plaintiff] can restate [his]" claims in the best light. *Doe (K.B.) v. Hare Krishna Savannah Hotel, LLC.*, 346 F.R.D. 150, 158 (N.D. Ga. Mar. 25, 2024) (Thrash. J.) (hereafter cited as "*Hare Krishna*"); *see also Pinnacle Advert & Mktg. Grp., Inc. v. Pinnacle Advert & Mkt. Grp., LLC.,* 7 F.4th 989, 1000 (11th Cir. 2021) ("district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute"). This Court has held that to be so even where the Court had already issued a ruling on a motion to dismiss under rule 12(b)(6). *See id.* Here, of course, the case has not even gone that far, so granting leave to amend is just. Thus, "leave to amend should be freely given" unless one of the substantial reasons for denying leave applies. *Id.* at 160.

As discussed below, "none of those conditions are present here." *Id.*

## II.    There is no undue delay.

"In determining whether [any] delay [is] undue, the Court considers both the length of the delay and the reason for its occurrence." *Lesman v. Specialized Loan Servicing, LLC.*, 1:14-cv-02006, 2015 WL 13774251, at *4 (N.D. Ga. Jan. 12, 2015). Here, there is no undue delay presenting a substantial reason to deny leave to amend, since this request for leave to file

is reasonably timely, and granting the request will not unduly delay the progress of this case.

Plaintiff has not unduly delayed in seeking to amend his Complaint. "Here . . . the motion to amend [is] Plaintiff's first; [it is] filed within the time, as extended, to respond to the motions to dismiss; and [it is] supported by Plaintiff's explanation that the amendment [is] . . . necessary" to cure fixable defects in the First Amended Complaint. *Id.* (distinguishing cases where leave was sought more than a year after the plaintiff was put on notice of insufficiencies in the complaint or sought to add an entirely new issue after a motion for summary judgment had been filed). The first motion to dismiss alleging that the Complaint is a shotgun pleading was filed on July 22, 2025, by CAIR Foundation, and the most recent was filed by DAG on August 28, 2025. Given the short time frame in which Plaintiff has had to review, analyze, and begin responding to eight separate motions to dismiss, there has plainly been no undue delay in moving for leave to amend. *See Loggerhead Turtle v. County Council of Volusia Cnty. Fla.*, 148 F.3d 1231, 1256 (11th Cir. 1998) (three-month gap was not undue delay).

As this Court has explained, there is not undue delay simply because motions to dismiss have been filed and (partially) briefed. *See Hare Krishna*, 346 F.R.D. at 160 (dispositive motions had been filed, briefed, and decided, but there was not undue delay). There has obviously "not been substantial

discovery in this case," so there is no basis to say that there is "prejudice or undue delay" in seeking leave to amend now. *Id.* (quotation omitted).

Nor would granting leave to amend cause any undue delay in the progress of this case. This case is still in the earliest stages of litigation, and all discovery has been stayed pending disposition of the motions to dismiss. Only two of the eight motions to dismiss have been fully briefed—these would require minimal supplemental briefing in light of the revised allegations. The remaining motions to dismiss have not been fully briefed, and (with the next deadline to respond falling on September 29, 2025 and the remaining five on November 7, 2025) the briefing schedule on those motions would not be substantially delayed.

Thus, the second Amended Complaint is not the product of and will not cause undue delay in this case.

## III. Leave to amend will not cause any undue prejudice.

"Prejudice" in this context typically refers to late-breaking theories of recovery or the necessity for additional discovery. *See Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171 (2013) (citing 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15) *abrogated on other grounds by CSX Transp., Inc. v. General Mills, Inc.*, 846 F.3d 1333, 1335 (11th Cir. 2017) (discussing collateral estoppel); *see also United States ex. rel. Crutcher v. First Guaranty Mortgage Corporation*, 1:16-CV-3812-TWT, 2023 WL 4034197, at

*3 (N.D. Ga. June 15, 2023) (cited hereafter as "*Crutcher*"). As this Court has explained, "the overwhelming weight of authorities holds that the expenditure of time, effort, or money to litigate an amendment does not constitute undue prejudice." *Hare Krishna*, 346 F.R.D. at 160 (collecting cases). No one will suffer any undue prejudice from a decision to allow Plaintiff's to file a Second Amended Complaint because the proposed amendment clarifies many of the points Defendants have raised in their motions to dismiss.

Far from causing undue prejudice, granting Plaintiff leave would allow him to provide the clarity that Defendants seek, and simplify this Court's task in ruling on the motions to dismiss. Again: the changes proposed are aimed at dealing with the allegations of a shotgun pleading, and clarifying Plaintiff's theories of relief, especially the claim under 42 U.S.C. § 1985(3). Wholesale re-briefing of the motions to dismiss will likely be unnecessary, and Plaintiff will not oppose Defendants filing supplemental briefs to address amendments to the complaint on those issues. And because this amendment is sought in the midst of motion to dismiss briefing, the typical prejudices of late-breaking theories and additional discovery simply do not apply. That is why courts routinely allow plaintiffs to amend their complaints in response to motions to dismiss. *See, e.g., D'Elia v. Indian River Cnty. Sch. Bd.*, No. 21-14215-CIV-SMM, 2022 WL 844836, at *2 (S.D. Fla. Mar. 22, 2022); *see also*

*Hi-Tech Pharms., Inc. v. Procaps Lab'ys, Inc.*, No. 1:21-CV-05187-WMR, 2022 WL 18777376, at *3 (N.D. Ga. Nov. 1, 2022) (Courts "should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute"). And that is what this Court should do here.

The only conceivable prejudice is that Defendants have already filed motions to dismiss. But again, "the expenditure of time, effort, or money to litigate an amendment does not constitute undue prejudice." *Hare Krishna*, 346 F.R.D. at 160 (collecting cases). And as discussed, the amount of re-briefing necessary should be minimal. The proposed amendments *correct* the main deficiencies that Defendants claim make it a shotgun pleading, making further briefing on that issue unnecessary. And the clarifications to Plaintiff's 42 U.S.C. § 1985(3) claim will require only limited supplemental briefing to address claims under Title VI, Title VII, and 42 U.S.C. § 1981, some of which is already discussed in the existing briefs. Regardless, Plaintiff will consent to reasonable extensions of time to allow defendants to supplement or re-brief their motions.

Thus, there is no threat of undue prejudice cautioning against leave to file a Second Amended Complaint.

## IV.   The proposed amendments are not futile.

"Leave to amend a complaint is considered futile 'when the complaint as amended would still be properly dismissed or be immediately subject to

summary judgment for the defendant.'" *Crutcher*, 2023 WL 4034197, at \*4 (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "The burden falls on the party opposing amendment to establish flutily." *Id.* "If a proposed amendment is not clearly futile, then denial of **leave** to **amend** is improper." *Id.* at \*4 (quoting Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. July 2022 update)). The proposed amendments here are not futile because they clarify fixable problems in the First Amended complaint—and while there will no doubt be arguments about the merits of the revised § 1985(3) claim given existing precedent, Plaintiff will argue the relevant precedents are distinguishable or wrong enough to be revisited on appeal.

To start with, the bulk of Plaintiff's amendments will clarify the claims and allegations. For example, several of the motions to dismiss complain that it is not clear which claims are alleged against which Defendants, and that the Amended Complaint "repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein" per count. *See* Dkt. 83-1at 8 & Dkt. 63-1 at 5 (referencing Dkt. 22, ¶¶ 136, 153, 162, 177). While these are plainly not the "mortal sin[s]," Defendants make them out to be, *see* Dkt. 63-1 at 5; dkt. 91 at 6–8 (responding), correcting these supposed deficiencies is, if anything, the opposite of futile. Plaintiff's amendments will clarify that each claim is brought against all of the Defendants and narrow down which

paragraphs are being re-alleged for purposes of the claims for relief,  relieving

Defendants of any confusion and the Court of the burden of ruling on the

shotgun pleadings issue. Thus, the Court "cannot conclude at this stage" that

such clarifying amendments are futile. *Crutcher*, 2023 WL 4034197, at *4.

Plaintiff recognizes that the proposed amendments to the § 1985(3)

claim are on different footing. The Second Amended Complaint will revise

Plaintiff's § 1985(3) claim to allege that

> Defendants plotted, coordinated, and executed a common plan to
> deprive Plaintiff of the equal protection of the laws and his rights
> and privileges on account of his Jewish identity and/or Zionist
> beliefs, including his [1] "right in every state to make and enforce
> contracts" on the same terms "as is enjoyed by white citizens," 42
> U.S.C. § 1981, his right to be free from employment discrimination
> on the basis of "race . . . religion . . . or national origin," 42 U.S.C. §
> 2000e-2(a)(1), and his right not to be "subjected to discrimination
> under any program or activity receiving Federal financial
> assistance" "on the ground of race . . . or national origin." 42 U.S.C.
> § 2000d.

*See* Ex. A – Proposed Second Amended Complaint ¶ 179. As some of the

defendants have pointed out, various cases hold that Title VI, Title VII and

42 U.S.C. § 1981 are not cognizable predicates for a conspiracy claim under

42 U.S.C. § 1985(3). *See, e.g.*, *Boulahanis v. Bd. of Regents*, 198 F.3d 633, 641

(7th Cir. 1999) (Title VI); *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304,

1312 (11th Cir. 2010) (section 1981); *Great Am. Fed. Sav. & Loan Ass'n v.*

*Novotny*, 442 U.S. 366, 372 (1979) (Title VII).

Nonetheless, the amendments alleging a claim under those rubrics is

not futile because (Plaintiff will argue) those cases are distinguishable or even wrong.

First, while the Eleventh Circuit has rejected a § 1985(3) claim predicated on § 1981 in *Jimenez*, the decision in that case was principally based on the Court's conclusion that "even if interference with contract and property rights could sustain a § 1985(3) claim, Jimenez ha[d] not adequately pled interference with any such rights" because interference with his relationship with patients and the "suspension of medical staff privileges" did not "implicate any contractual relationship" as a matter of Georgia law. 596 F3d at 1310, 1312. To be sure, the Eleventh Circuit also said that "conspiracies to violate rights protected under § 1981 are . . . insufficient to form the basis of a § 1985(3) claim" because (it thought) Title VII claims were barred, and "[t]his Circuit has routinely and systematically grouped Title VII and § 1981 claims for analytic purposes." *Id.* at 1312. But to whatever extent that reasoning constitutes a holding, it is not sound. Indeed, various district courts across the country have persuasively reached the opposite conclusion. *See, e.g., id.* at 1312 n.7 (collecting cases). To whatever extent a § 1981 predicate is barred by *Jimenez*, Plaintiff will respectfully argue that such precedent is wrong and should (in due course) be revisited by the Eleventh Circuit en banc in this case.

Second, and along the same lines, *Novotny* does not hold that all

"conspiracies to violate rights protected by Title VII cannot form the basis of § 1985(3) suits." *Jimenez*, 596 F3d at 1312 (citing 442 U.S. at 377). Instead, *Novotny* held that a plaintiff cannot use 42 U.S.C. § 1985(3) to do an end-run around the remedial framework for asserting a Title VII claim against *one's employer. See* 442 U.S. at 276–77 (explaining that, "[i]f a violation of Title VII could be asserted through § 1985(3), a complaint could avoid most if not all of" the detailed remedial provisions of Title VII.") Of course, that is not the case here. Dr. Winer has not sued Emory, so there is no sense in which this suit uses § 1985(3) to evade the remedial structure for such a claim. Instead, Dr. Winer's claim is that Defendants conspired to induce Emory to fire him because of his Jewish identity—a result that would deprive him of "the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Thus, properly understood, *Novotny* does not preclude the use of Title VII as a predicate for § 1985(3) here, and Plaintiff's amendment to that end is not futile.

Finally, it appears that the Eleventh Circuit has never held that Title VI may not be a valid predicate for a § 1985 claim—and while the Seventh Circuit has, its reasoning is (with respect) plainly flawed. In *Boulahanis*, the 7th Circuit held that plaintiffs may not invoke Title VI as the predicate right for a § 1985(3) claim because "pleading under that statute would also allow plaintiffs to circumvent the comprehensive structure Congress created to

address the problem of racial discrimination at federally-funded institutions," like in *Novotny*. 198 F.3d at 641. It appears that no other circuit has adopted that reasoning, and for good reason. Even if *Novotny* barred all use of Title VII as a predicate, Title VI does not share its remedial structure. Title VI *has* a judicial review provision, to be sure, but it applies only to "department or agency action taken pursuant to section 2000d-1," and review from "terminating or refusing to grant or continue financial assistance[.]" 42 U.S.C. § 2000d-2. Indeed, it looks to be well-settled that "Title VI authorizes an implied right of action to enforce Section 601's prohibition on intentional discrimination based on race, color, or national origin." *Bloomberg v. New York City Department of Education*, 119 F.4th 209, 214 (2024) (collecting cases). And "it is established, as a general matter, that Title VI . . . does not incorporate Titlte VII's requirement of exhaustion of administrative remedies." *Doe v. Garrett*, 903 F.2d 1455, 1460 (11th Cir. 1990) (collecting cases). Therefore, at least in this Circuit, an amendment asserting Title VI as a predicate for a § 1985(3) claim is not futile.

In short, Plaintiff has good faith arguments that existing precedent on predicate violations for a § 1985(3) claim is distinguishable or wrong. This is therefore one of those cases where, as this Court has recognized, any "futility-based objections to the Motion to Amend should be more fully and fairly addressed in the context of any future motions to dismiss that Defendants

may file in response to the Second Amended Complaint." *Crutcher*, 2023 WL 4034197, at *4 (quotation omitted).

What's more, there is no point in this Court jumping the gun to decide the merits of the amended §1985(3) claim in *this* posture, rather than on motions to dismiss the Second Amended Complaint. This is not a case where, for example, a motion to dismiss has already been decided, and the Court need only weigh if new facts result in a new conclusion. Here, if this Court does *not* allow amendment based on futility, it will still have to rule on the motions to dismiss the First Amended Complaint.

Thus, even if this Court concludes that those are ultimately arguments to be addressed to the Eleventh Circuit rather than this Court, "the futility exception to rule 15(a)(2) does not bar amendment." *Crutcher*, 2023 WL 4034197, at *4.

## CONCLUSION

In short, Plaintiff has not unduly delayed in moving for an amendment, none of the Defendants are unduly prejudiced by an amendment, and the amendment is not futile. Accordingly, the Court should grant Plaintiff's motion and grant it leave to amend its complaint.

[*This Space is Intentionally Left Blank*]

Respectfully submitted this 15th day of September, 2025.

/s/ Miles C. Skedsvold

Lauren Israelovitch
Mark Goldfeder
Ben Schlager
NATIONAL JEWISH
ADVOCACY CENTER, INC.
3 Times Square
New York, NY 10036
lauren@njaclaw.org
Pro Hac Vice

Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Anna Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Miles C. Skedsvold
Georgia Bar No. 371576
mskedsvold@robbinsfirm.com
ROBBINS ALLOY BELINFANTE
    LITTLEFIELD LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3255

David Forman Katz
WEISSMANN ZUCKER
EUSTER & KATZ, P.C.
3495 Piedmont Road
Building 11, Suite 950
Atlanta, GA 30305
dkatz@wzlegal.com
Ga. Bar. No. 408738

Esther Panitch
THE PANITCH LAW GROUP, PC
4243 Dunwoody Club Drive
Suite 205
Atlanta, GA 30350
esther@panitchivory.com
Ga. Bar. No. 143197

## <u>CERTIFICATE OF COMPLIANCE</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Century Schoolbook, 13-point font, in compliance with Local Rule 5.1(C).

*<u>/s/ Miles C. Skedsvold</u>*
Miles C. Skedsvold

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **PLAINTIFF JOSHUA WINER'S MOTION FOR LEAVE TO AMEND AND BRIEF IN SUPPORT** with the Clerk of Court using the CM/ECF electronic filing system, which suffices for service on all counsel of record who have entered an appearance in the case under L.R. 5.1(A)(3).

This 15th day of September, 2025.

*/s/ Miles C. Skedsvold*
Miles C. Skedsvold