## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| _____ ) | |
| Joshua Winer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Case No. |
| ) | 1:25-cv-02329-TWT |
| Umaymah Mohammad, AJP Educational ) | |
| Foundation, Inc. A/K/A American Muslims ) | |
| For Palestine, WESPAC Foundation, Inc., ) | |
| Sean Eren as the representative of National ) | |
| Students for Justice in Palestine, Doctors ) | |
| Against Genocide Society, Cair-Nga Inc. ) | |
| A/K/A/ CAIR-Georgia, CAIR Foundation ) | |
| Inc., A/K/A Council on Islamic Relations ) | |
| or CAIR, Rupa Marya, Ibrahim Jouja as ) | |
| representative of Emory Students for ) | |
| Justice in Palestine, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### PLAINTIFF JOSHUA WINER'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE AN AMENDED OPPOSITION TO DEFENDANT CAIR-GEORGIA'S MOTION TO DISMISS

Plaintiff Joshua Winer ("Plaintiff") respectfully submits this Reply in Support of his Motion for Leave to File an Amended Opposition to Defendant CAIR-Nga, Inc.'s ("CAIR-Georgia") Motion to Dismiss, dkt. 104 ( "Motion for Leave") and in response to the arguments set forth in CAIR-Georgia's Opposition Brief ("Opposition"), dkt. 108.

## INTRODUCTION

Plaintiff's Motion for Leave seeks nothing more than to make limited corrections to his Brief in Opposition to CAIR-Georgia's Motion to Dismiss (dkt. 60.1), including the removal of quotation marks from text that was intended to be paraphrased and in once instance, to clarify phrasing to ensure accuracy. These changes do not alter the meaning of the text or the substance of Plaintiff's arguments. The isolated passages at issue were intended as paraphrases but were mistakenly presented as direct quotations due to a mix-up during the final editing process. These errors resulted not from "hallucinations," but from quotation marks inadvertently retained where paraphrasing was intended. To be clear, the brief was drafted by counsel and not by artificial intelligence. CAIR-Georgia's suggestion to the contrary is unfounded and wrong.

In its Opposition (dkt. 108), CAIR-Georgia offered no reasonable basis for opposing Plaintiff's request to correct the record. Rather than addressing the merits, CAIR-Georgia relies on speculation about the drafting process that has no basis in fact. These accusations add nothing to the issues before the Court and merely serve to divert attention from the substantive questions properly presented.

CAIR-Georgia's Opposition goes further still, arguing that the Court should deny Plaintiff's Motion for Leave because even with the limited corrections proposed by Plaintiff, portions of Plaintiff's brief in support would still "espouse

inaccurate law." Dkt. 108 at 2. Even if such a contention had merit (which it does not), it is irrelevant to this Motion for Leave and represents nothing more than an improper attempt by CAIR-Georgia to rehash the same arguments it already raised in its Reply in Support of its Motion to Dismiss. Dkt. 81. CAIR-Georgia's blatant attempt to weaponize this Motion for Leave as a backdoor supplemental reply brief is a procedurally improper tactic.

CAIR-Georgia's opposition to corrections it itself identified in its Reply in Support of its Motion to Dismiss (dkt. 81) is effectively a request that this Court preserve an inaccurate record. That is not zealous advocacy—it an obstructionist waste of judicial resources.

## **BACKGROUND FACTS**

Plaintiff filed a Complaint on April 25, 2025 (Dkt. 1), and on May 20, 2025, a First Amended Complaint ("FAC"). Dkt. 22. CAIR-Georgia moved to dismiss the FAC on June 27, 2025. Dkt. 41. Plaintiff filed his Brief in Opposition to CAIR-Georgia's Motion to Dismiss on July 22, 2025. Dkt. 60.1.

In that Brief, Plaintiff noted that CAIR-Georgia had misquoted and wrongly cited *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, by attributing language to *Hepps* that was actually from *Snyder v. Phelps*, 562 U.S. 443. Dkt. 60.1 at 10. In CAIR-Georgia's reply, it brushed off its own misquotation, arguing that it was "of

no material significance, as the quote used in the brief is good law from the U.S. Supreme Court, and is correctly cited herein." Dkt. 81 at 2 n.1.

Yet when Plaintiff inadvertently quoted rather than paraphrased certain language in its Brief in Opposition to CAIR-Georgia's Motion to Dismiss, CAIR-Georgia pounced in its Reply—accusing Plaintiff of "[h]allucinated quotes and non-existent holdings" and baselessly speculating about Plaintiff's use of artificial intelligence. Dkt. 81 at 11 n.6, 12 n.7.

On August 29, 2025, Plaintiff filed his Motion for Leave (dkt. 104) for the purpose of removing quotation marks from language that was intended to be paraphrased and in one instance, to clarify phrasing to ensure accuracy. These were errors that CAIR-Georgia itself identified, yet it opposed Plaintiff's proposed corrections in its September 12, 2025 Opposition (dkt. 108) despite the fact that the corrections would not alter the substance of any argument Plaintiff advanced.

## ARGUMENT

### I. Rule 60 Was Invoked by Plaintiff as Only One of Several Reasons That His Motion for Leave Should Be Granted

CAIR-Georgia argues that Plaintiff's Motion for Leave must fail because Rule 60, by its title, provides for "Relief from a Judgment or Order" and therefore does not apply to briefs. See Fed. R. Civ. P. 60(a). Dkt. 108 at 3. Notably, Rule 60 permits courts to correct mistakes arising from other parts of the record. Plaintiff concedes that Rule 60 is not expressly directed to the amendment of briefs. But CAIR-

Georgia's objection elevates form over substance and also ignores that Plaintiff has shown good cause for the requested amendment, which would cause neither prejudice nor delay. Dkt. 104 at 3.

Courts possess inherent authority to manage their dockets, and that authority plainly encompasses permitting parties to correct errors in their filings when doing so promotes the accuracy of the record and facilitates adjudication on the merits. *See* e.g. *Anderson v. CentraArchy Restaurant Management Company*, 2015 WL 13736221 at *1 (granting the plaintiff's motion for leave to file a corrected brief in opposition to defendant's motion to dismiss as a result of four separate errors); *Jones v. Titlemax of Georgia, Inc.*, 2006 WL 562189, at *5 (N.D. Ga. Mar. 7, 2006) (Thrash, J.) (adopting the Report and Recommendation of the Magistrate Judge, the Court granted plaintiff leave to correct her brief in light of the Court's discretion).

## II.    CAIR-Georgia's Disagreements With Plaintiff Over Case Law Are Irrelevant to This Motion for Leave

CAIR-Georgia argues in its Opposition that even with quotation marks removed, Plaintiff's citations remain inaccurate, pointing specifically to Plaintiff's citation to *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304 (11th Cir. 2010). Dkt. 108 at 4-6. That misses the mark. The point of Plantiff's Motion for Leave is straightforward: to remove quotation marks from sentences that were intended as paraphrases and in one instance, to clarify phrasing to ensure accuracy—not to alter the substance of Plaintiff's arguments. Disagreement over the meaning or

implications of *Jimenez* is a matter for substantive briefing and goes to the merits of CAIR-Georgia's Motion to Dismiss, not to whether Plaintiff's proposed corrections should be permitted by the Court.

Indeed, CAIR-Georgia's Opposition lacks any proper basis. Plaintiff is not requesting to change a single legal argument. Every point CAIR-Georgia raises in its Opposition about *Jimenez* has already been made or ought to have been made in its Reply to Plaintiff's Opposition to its Motion to Dismiss. Dkt. 81. There is no conceivable prejudice in allowing Plaintiff's proposed corrections, and CAIR-Georgia's insistence on relitigating interpretive disputes in the context of a motion to amend underscores the needless and unreasonable nature of its opposition.

## III. CAIR-Georgia's Opposition Relies on Distortion and Distraction

Given that CAIR-Georgia insists on accusing Plaintiff of relying on "hallucinated quotes and holdings," it bears emphasizing that Plaintiff stands by his arguments and rejects CAIR-Georgia's distortions of both the record and the law. CAIR-Georgia's Opposition is built on advancing an unduly narrow reading of the governing precedent.

First, CAIR-Georgia misstates Plaintiff's position in its Opposition by claiming he argued in his Response to CAIR-Georgia's Motion to Dismiss (dkt. 60.1) that *Jimenez* held that § 1981 could serve as a predicate for a § 1985(3) claim. Dkt. 108 at 5–6. That is simply false. Plaintiff expressly noted the opposite in his

brief: "While the Eleventh Circuit has held that conspiracies to violate rights secured under § 1981 are not actionable under § 1985(3), see *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010), Dr. Winer's claim [as alleged in the First Amended Complaint] does not rely on § 1981." Dkt. 60.1 at 21.[1]

CAIR-Georgia's Opposition next challenges Plaintiff's argument that the Eleventh Circuit has declined to adopt a categorical limitation of § 1985(3) to only those rights explicitly enumerated by the Supreme Court—namely, the rights to interstate travel and to be free from involuntary servitude. Dkt. 108 at 5. Plaintiff stands by this contention. In *Jimenez*, the Court stated: "When the alleged § 1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights constitutionally protected against private impairment. (citations omitted)" 596 F.3d at 1312.

To be sure, "[t]he only rights the Supreme Court has expressly declared unenforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude," (*id.*) and lower courts are often reticent to recognize claims based on rights the Supreme Court has *not* expressly approved, but the full list remains unsettled. As *Jimenez* itself explains: "[o]ther than

---

[1] Dr. Winer has since filed a motion for leave to amend his complaint in order to assert a § 1985(3) claim predicated, in part, on 42 U.S.C. § 1981. *See* Dkt. 109 at 14 ("To whatever extent a § 1981 predicate is barred by *Jimenez*, Plaintiff will respectfully argue that such precedent is wrong and should (in due course) be revisited by the Eleventh Circuit en banc in this case.")

the few rights the Supreme Court has addressed, district and circuit courts differ as to which rights warrant § 1985(3) protection." *Id.* & n.7 (citing cases).

Thus, in *Jimenez*, the Eleventh Circuit recognized that only "serious constitutional rights" may form the basis of a § 1985(3) claim in cases involving private-actor conspiracies to violate constitutional rights. *Id.* While *Jimenez* did identify two rights the Supreme Court has expressly recognized as actionable against private conspirators (interstate travel and freedom from involuntary servitude), excluded others (freedom of speech and Title VII), and further held that § 1981 cannot serve as a predicate, *Jimenez* did not attempt to define the full scope of what constitutes a "serious constitutional right." By acknowledging specific inclusions and exclusions but leaving the category otherwise undefined, the Eleventh Circuit indicated that the scope of § 1985(3) remains unsettled—a reality that makes CAIR-Georgia's assertion that the Eleventh Circuit foreclosed the possibility of other rights an overstatement of the law. Dkt. 108 at 6.

CAIR-Georgia now claims Plaintiff "hallucinated" because footnote 7 in *Jimenez* also referenced circuit authority rejecting § 1981 as a predicate. But as discussed above, *Jimenez* recognized the broader principle that only select serious constitutional rights may support § 1985(3) claims to violate constitutional rights—and significantly, *Jimenez*, an Eleventh Circuit case, did not attempt to provide an

exhaustive list of what those rights might be. Such omission confirms Plaintiff's position: the Eleventh Circuit has left the boundaries of § 1985(3) open to argument.

Lastly, CAIR-Georgia's criticism of Plaintiff's reference to *Bryant v. Cox Enterprises, Inc.* 311 Ga. App. 230, (2011) as further supposed "mischaracterization" of case law (dkt. 108 at 7) is nothing more than another exercise in misdirection. Plaintiff noted in its brief that the Court in *Bryant* held that a statement accusing a person of racism could be actionable where it implies a factual predicate capable of being proven false. While CAIR-Georgia is correct that *Bryant* did not specifically address the issue of racism, Plaintiff's reliance on *Bryant* to illustrate that accusing someone of racism can be actionable when it implies a verifiable factual predicate is entirely proper. *Id.* 235. CAIR-Georgia's argument is not a serious engagement with *Bryant*; it is an irrelevant sideshow designed to distract the Court and avoid the merits.

## IV.    CAIR-Georgia's Request for an Amended Reply Is Procedurally Improper and Should Be Denied

Should the Court grant Plaintiff's Motion for Leave, CAIR-GA requests that the Court permit it to file an amended reply brief in support of its Motion to Dismiss. Dkt. 108 at 7. Such a request is procedurally improper and should be denied.

Plaintiff's proposed corrections raise no new substantive arguments—leaving the legal analysis unchanged. Because no new arguments are introduced, there is nothing further for CAIR-Georgia to reply to.

What CAIR-Georgia seeks is not a reply at all, but a second bite at the apple. Indeed, CAIR-Georgia has already attempted to do precisely this by improperly using its Opposition (dkt. 108) as a vehicle for rearguing the merits of its Motion to Dismiss (dkt. 41). Allowing yet another filing would reward that tactic, expand briefing beyond what the rules permit, and needlessly multiply proceedings. The Federal Rules of Civil Procedure do not authorize parties to file serial replies each time they disapprove of how an opponent frames an argument—particularly where, as here, the substance has not changed.

The Court should reject CAIR-Georgia's attempt to convert a correction of non-substantive errors into an open-ended license for supplemental briefing.

## **CONCLUSION**

CAIR-Georgia's Opposition (dkt. 108) offers no legitimate reason to deny Plaintiff's Motion for Leave. The corrections at issue are narrow, non-substantive, and necessary to ensure the accuracy of the record. They neither change Plaintiff's arguments nor prejudice CAIR-Georgia in any way. Rather than address the merits of this limited request, CAIR-Georgia has chosen to burden the Court with baseless accusations and improper attempts to expand its briefing. The Court should grant Plaintiff's Motion for Leave and deny CAIR-Georgia's request for an amended reply.

Dated: September 26, 2025                    Respectfully Submitted,


/s/ *David F. Katz*_____
**Weissmann Zucker Euster + Katz P.C.**    **National Jewish Advocacy Center,**
**Inc.**
DAVID F. KATZ                              MARK GOLDFEDER*
The Fountains at Piedmont Center           mark@njaclaw.org
Building 11, Suite 950                     LAUREN ISRAELOVITCH **
3495 Piedmont Road                         lauren@njaclaw.org
Atlanta, Georgia 30305                     BEN SCHLAGER*
T. 404-390-2941                            ben@njaclaw.org
dkatz@wzlegal.com                          3 Times Square
GA Bar No. 408738                          New York, NY 10036
                                           T. 800-269-9895

/s/ *Esther Panitch*_____          * *Pro Hac Vice Application Forthcoming*

                                          ** *Admitted Pro Hac Vice*

**Panitch Ivory Law Group, PC**
ESTHER PANITCH
4243 Dunwoody Club Dr.,  #201
Atlanta, GA 30350
T. 770-364-6952
esther@panitchivory.com
GA Bar No. 143197

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1</u>

I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1.

<u>/s/ *David F. Katz*</u>
David F. Katz
GA Bar No. 408738
*Attorney for Plaintiff Joshua Winer*