IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSHUA WINER,

    *Plaintiff*,

v.

UMAYAH MOHAMMAD, *et al.*,

    *Defendants.*

Civil Action No.
1:25-cv-02329-TWT

**PLAINTIFF JOSHUA WINER'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND HIS COMPLAINT**[1]

Plaintiff Joshua Winer seeks leave of court to amend his complaint in response to arguments made in Defendants' several motions to dismiss. Only two of those motions have been fully briefed, none has been decided, and discovery has been stayed until the motions have been ruled upon. There is, in short, good cause to permit amendment, no undue delay, no undue prejudice, and a good faith basis for doing so. Defendants disagree across the board, but they offer no good reasons for this Court to refuse leave to amend. Indeed, this Court regularly grants leave to amend, as Rule 15 indicates, in cases much further along than this one. *See* Dkt. 109.

---

[1] This brief was originally filed on October 13, 2025, but was mistakenly titled as a Motion to Amend Dr. Winer's First Amended Complaint. In order to avoid any confusion, and at the request of Defendants, Dr. Winer has withdrawn the original filing and is re-submitting this reply brief with a corrected title.

1

Defendants' principal argument is that the proposed amendments are futile. But these arguments "should be more fully and fairly addressed in the context of any future motions to dismiss that Defendants may file in response to the Second Amended Complaint." *United States ex. rel. Crutcher v. First Guaranty Mortgage Corporation*, 1:16-CV-3812-TWT, 2023 WL 4034197, at*3 (N.D. Ga. June 15, 2023) (quotation omitted).

They next argue that by seeking leave to amend after several motions to dismiss have been filed, Dr. Winer is causing undue delay and prejudice. But as this Court has held, there is no undue delay simply because motions to dismiss have been *decided* (let alone merely *filed*), and "the overwhelming weight of authorities holds that the expenditure of time, effort, or money to litigate an amendment does not constitute undue prejudice." *Doe (K.B. v. Hare Krishna Savannah Hotel, LLC.*, 346 F.R.D. 150, 160 (N.D.G.A Mar. 25, 2025) (Thrash, J.).

And finally, Defendants offer a strange and confused argument that the request for leave to amend is in *bad* faith because Dr. Winer has previously offer to *correct* errors one of them pointed out in a response brief. That is good faith, not bad faith, and even if the Court somehow disagreed, amending *the complaint* would do nothing to diminish this Court's ability to investigate the prior brief. In the end, Dr. Winer's goal here is the usual one: he seeks leave to amend because he thinks it will help him win his case. Defendants are

entitled to oppose amendment for similar reasons, but that doesn't mean there is good cause to deny leave under Rule 15.

This Court should grant leave to amend.

## I. Defendants do not and cannot contest that leave to amend is just.

Rule 15(a) directs that "leave to amend shall be freely given when justice so requires." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989). The rule enacts a "policy" of "liberally" permitting "amendments to facilitate determination of claims on the merits." *Id.* at 407. Here, "justice . . . requires" leave to amend in order to allow Dr. Winer an opportunity to eliminate fixable problems in the complaint in pursuit of the merits of his claims. Dkt. 109 at 5 (quoting Fed. R. Civ. P. 15(a)(2)).

Defendants cannot dispute that this constitutes good reason to amend. Instead, they argue that, on various bases, there is substantial reason to deny leave to amend. *See generally* Dkt. 113. Their principal argument is futility, but they also make arguments under delay, futility, and even (surprisingly) bad faith.

## II. The proposed amendments are not futile.

"Leave to amend a complaint is considered futile 'when the complaint as amended would *still* be properly dismissed or be immediately subject to summary judgment for the defendant.'" *Crutcher*, 2023 WL 4034197, at *4

3

(emphasis added) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). The proposed amendments here are not futile because they clarify fixable problems in the First Amended Complaint, and, as this Court has not *already* ruled on a motion to dismiss, there is no reason to consider the merits of Dr. Winer's amended claims in this posture, rather than on motions to dismiss the Second Amended Complaint.

Defendants' response boils down to the supposition that "Dr. Winer's proposed amended claims are futile because they would not survive a motion to dismiss." Dkt. 113 at 5. In particular, Defendants suggest that Dr. Winer's § 1985(3) claim cannot survive on its amended theories, *id.* at 6–14, and does not address some Defendants' (flawed) arguments about what more they lack, *id.* at 18–22. These arguments offer no sound reason to deny leave to amend in this posture.

First of all, Defendants do not seriously contest that the amendments obviate most of their arguments about shotgun pleadings. So to that extent, at least, the proposed amendment is not futile.[2]

Second, to whatever extent that Defendants are right that some or all of the claims alleged would not survive a motion to dismiss, there is no sound

---

[2] The sole reference to that end comes on page 18, suggesting that the Second Amended Complaint "remains a shot-gun pleading as to AMP," apparently because "AMP is clearly named only a handful of times." Dkt. 113 at 18. But that's not what a shotgun pleading is.

4

reason for this Court to decide that in this posture. True, "[l]eave to amend is futile when the complaint as amended would still be properly dismissed or be immediately subject for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). But courts typically find futility at the motion to dismiss stage when the complaint would "still" be properly dismissed—i.e., when the court has already decided once that it ought to be. *See, e.g.*, *Hall v. United States Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004) (affirming denial of leave to amend after district court had granted summary judgment on the first amended complaint). That's because, in these sorts of cases, any "futility-based objections to the Motion to Amend should be more fully and fairly addressed in the context of any future motions to dismiss" than in consideration of whether to grant leave in the first place. *Crutcher*, 2023 WL 4034197, at*3 (quotation omitted). Indeed, if the Court does not allow these amendments based on futility, it would still have to rule on materially similar arguments in the motions to dismiss the First Amended Complaint. *See* Dkt. 109 at 16.

Finally, Defendants have not shown that Dr. Winer's proposed amendments to his theory under § 1985(3) are necessarily futile. As discussed in the Motion to Amend, Dr. Winer's section 1985(3) claim would allege violations of Title VII, 42 U.S.C. § 1981, and Title VI. Dr. Winer has good faith arguments that courts have overread the Supreme Court's decision in

5

*Novotny*, such that it does not reject all use of Title VII as a predicate violation for § 1985(3), but merely as a predicate for claims against one's employer. *See* Dkt. 109 at 14–15. As a result, Dr. Winer also has a good faith argument that the Eleventh Circuit's decision that 42 U.S.C. § 1981 cannot be the predicate for a § 1985(3) claim does not bar this claim. *See id.* at 14. And, at a minimum, Defendants have not shown that Title VI of the civil rights act cannot serve as a predicate violation for Dr. Winer's claim here.

Again, 42 U.S.C. § 1985(3) provides a cause of action for conspiracies to deprive the plaintiff "either directly or indirectly . . . the equal protection of the laws, or of equal privileges and immunities under the laws[.]" In the proposed second amended complaint, Dr. Winer alleges that the Defendants "plotted, coordinated, and executed a common plan to" (among other things) deprive him of his rights and privileges, on account of his Jewish identity, namely "his right not to be 'subjected to discrimination under any program or activity receiving Federal financial assistance' 'on the ground of race . . . or national origin.'" Dkt. 109-1 ¶ 189. This applies both to the conspiracy to induce Emory to terminate Dr. Winer, *id.* ¶ 193, and to CAIR-Foundation's own acts of discrimination as a recipient of federal funds, *id.* ¶ 194. Neither the Eleventh Circuit nor the Supreme Court has ever held that Title VI may not serve as a predicate for a § 1985(3) claim, so this claim is not futile.

Defendants retort that "Dr. Winer does not even allege . . . that

6

violations of such rights have occurred," so he cannot state a claim for relief. Dkt. 113 at 6–7. But that's wrong. A conspiracy does not need to be successful to be actionable—as long as the plaintiff is "injured in his person or property, *or* deprived of having and exercising [such] right or privilege," he has "an action for the recovery of damages occasioned by such injury or deprivation[ ] against any one or more of the conspirators." 42 U.S.C. § 1985(3).

Finally, Defendants are wrong to say that "*Jimenez* also conclusively resolves Dr. Winer's claim based on Title VI." Dkt. 113 at 9. Again: *Jimenez* was about the use of § 1981 as a predicate for a § 1985(3) claim—it did not so much as mention Title VI. True, *Jimenez* noted that "[t]he only rights the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude," 596 F.3d at 1312—but that is a statement of historical fact, not a statement that nothing else could possibly suffice. Contra Dkt. 113 at 10. As *Jimenez* itself recognized, "[o]ther than the few rights the Supreme Court has addressed, district and circuit courts differ as to which rights warrant § 1985(3) protection." 596 F.3d at 1312. It is simply bad logic to say that "precedent conclusively establishes as a matter of law that Dr. Winer's § 1985(3) claim also cannot be based on Title VI." Dkt. 113 at 11.

\* \* \*

7

In short, there is no reason to deny Dr. Winer leave to amend based on futility. The proposed amendments provide clarity Defendants claimed they needed. This Court has not yet decided the merits of Dr. Winer's claims in the first place. And it would be nonsensical to conduct a 12(b)(6) analysis on the claims asserted in the Second Amended Complaint, only to have to turn back and conduct similar analysis on the claims as asserted in the First Amended Complaint.

### III.   There is no undue delay or prejudice.

The question here is "the length of the delay and the reason for its occurrence," *Lesman v. Specialized Loan Servicing, LLC.*, 1:14-cv-02006, 2015 WL 13774251, at *4 (N.D. Ga. Jan. 12, 2015), as well as any harm to the plaintiff caused by late breaking theories of recovery or the need for additional discovery, *Tampa Bay Water v. HDR Eng'rg, Inc.*, 731 F.3d 1171 (11th Cir. 2013). Here, there is no undue delay because this case is still in the earliest stages, with no discovery having been conducted, and leave is sought "within the time, as extended, to respond to the motions to dismiss." *Lesman*, 2015 WL 13774251, at *4. And there is no prejudice because this case is still at the motion to dismiss stage, with all discovery stayed pending resolution of Defendants' motions.

In response, Defendants complain that "[t]he prejudice to [them] is significant in this case, and could have been avoided entirely by a more

8

prompt request for leave to amend." Dkt. 113 at 17. By this they seem to mean that "Dr. Winer waited until eight defendants had filed their motions to dismiss . . . and only then requested leave[.]" *Id.* And the only prejudice they point to is the expense of re-briefing their motions to dismiss. *See id.*

There are major problems with this theory. To begin with, and as this Court has explained, there is not undue delay simply because motions to dismiss have been filed and (partially) briefed. *See Hare Krishna*, 346 F.R.D. at 160 (dispositive motions had been filed, briefed, and decided, but there was not undue delay). Further, and by that same token, the need to re-brief motions to dismiss is not, without more, sufficient prejudice. *See id.* ("the overwhelming weight of authorities holds that the expenditure of time, effort, or money to litigate an amendment does not constitute undue prejudice.").

Besides, it is not accurate to say that Dr. Winer "waited" to seek leave to amend until after the motions to dismiss were filed. To the contrary, these amendments are in large part *prompted* by arguments several defendants made in their motions to dismiss. *See* Dkt. 109 at 8, 10–11. Defendants rely on *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999), asserting that "a court may find undue delay when the movant knew of facts supporting a new claim before the movant requested leave to amend, and the amendment would further delay the proceedings." Dkt. 113 at 5. But *Campbell* (which, for whatever it's worth, does not contain the quoted

9

language), involved "an amendment asserted *after* the close of discovery and . . . dispositive motions [had] been . . . decided." *Id.* (citation omitted). This case, by contrast, remains at the pleading stage—no dispositive motion has been decided, and discovery has not even begun—so there is no credible claim of undue delay or prejudice.

     Finally, the supposed burden of renewing motions to dismiss is overblown. Most of the operative complaint will remain the same; what new detail there is (1) eliminates the main deficiencies Defendants claim make the first amended complaint a shotgun pleading, (2) fleshes out what each defendant is alleged to have done (which Defendants claimed was lacking), and (3) clarifies the legal theory of Dr. Winer's § 1985(3) claim (which Defendants claimed was too vague). Whether by new motions to dismiss or supplemental briefs, there is clearly not very much work left to do. Defendants already know—and indeed, have just put on paper—why they think Dr. Winer's § 1985(3) claim must fail, dkt. 113 at 5–13, and why the additional details provided do not save Dr. Winer's claims against them from dismissal, dkt. 113 at 14–15 (CAIR-Foundation), 18 (American Muslims for Palestine), 19–22 (WESPAC).

     Thus, granting leave to amend would not cause any undue delay or prejudice.

## IV. There is no serious argument that the request for leave to amend is in bad faith.

Finally, Defendants suggest that this request for leave to amend is in bad faith because it would moot out CAIR GA's motion to dismiss. Dkt. 113 at 17. Why does that make amending bad faith? Because, in this way of thinking, mooting CAIR GA's motion to dismiss would "eliminate judicial review" of "nonexistent and misleading citations" in Plaintiff's response to CAIR Ga's motion. *Id.*

"Pure applesauce." *King v. Burwell*, 576 U.S. 473, 507 (2015) (Scalia, J., dissenting). Seeking to file a corrected brief when the original has typos or errors is *good* faith, not bad. Besides, as Defendants point out, Plaintiff has already moved for leave to correct his response brief—not exactly a masterclass in "eliminat[ing] judicial review[.]" Dkt. 113 at 3, 17. If this Court really thought that something about the brief in opposition to CAIR-Georgia was improper, it's not clear why amending the complaint would prevent the court from investigating. In reality, Dr. Winer's motives are the obvious ones—he thinks amending his complaint gives him a better chance of winning.

There is no serious argument that this request for leave to amend is in bad faith.

11

## CONCLUSION

For these reasons, this Court should grant Dr. Winer's Motion for Leave to Amend the Complaint.

Respectfully submitted this 14th day of October, 2025.

| | |
|---|---|
| | */s/ Miles C. Skedsvold* |
| Lauren Israelovitch | Josh Belinfante |
| Mark Goldfeder | Georgia Bar No. 047399 |
| Ben Schlager | jbelinfante@robbinsfirm.com |
| NATIONAL JEWISH | Anna Edmondson |
|    ADVOCACY CENTER, INC. | Georgia Bar No. 289667 |
| 3 Times Square | aedmondson@robbinsfirm.com |
| New York, NY 10036 | Miles C. Skedsvold |
| lauren@njaclaw.org | Georgia Bar No. 371576 |
| *Pro Hac Vice* | mskedsvold@robbinsfirm.com |
| | ROBBINS ALLOY BELINFANTE |
| |    LITTLEFIELD LLC |
| | 500 14th Street, N.W. |
| | Atlanta, Georgia 30318 |
| | Telephone: (678) 701-9381 |
| | Facsimile: (404) 856-3255 |
| | |
| David Forman Katz | Esther Panitch |
| WEISSMANN ZUCKER | THE PANITCH LAW GROUP, PC |
|    EUSTER & KATZ, P.C. | 4243 Dunwoody Club Drive |
| 3495 Piedmont Road | Suite 205 |
| Building 11, Suite 950 | Atlanta, GA 30350 |
| Atlanta, GA 30305 | esther@panitchivory.com |
| dkatz@wzlegal.com | Ga. Bar. No. 143197 |
| Ga. Bar. No. 408738 | |

## **CERTIFICATE OF COMPLIANCE**

By signature below, counsel certifies that the foregoing pleading was prepared in Century Schoolbook, 13-point font, in compliance with Local Rule 5.1(C).

> */s/ Miles C. Skedsvold*
> Miles C. Skedsvold

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **PLAINTIFF JOSHUA WINER'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND HIS COMPLAINT** with the Clerk of Court using the CM/ECF electronic filing system, which suffices for service on all counsel of record who have entered an appearance in the case under L.R. 5.1(A)(3).

This 14th day of October, 2025.

*/s/ Miles C. Skedsvold*
Miles C. Skedsvold