IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Joshua Winer, <br><br>     Plaintiff, <br><br> v. <br><br> Umaymah Mohammad, AJP Educational Foundation, Inc. A/K/A American Muslims For Palestine, WESPAC Foundation, Inc., Sean Eren as the representative of National Students for Justice in Palestine, Doctors Against Genocide Society, Cair-Nga Inc. A/K/A/ CAIR-Georgia, CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR, Rupa Marya, Ibrahim Jouja as representative of Emory Students for Justice in Palestine, <br><br>     Defendants. | CIVIL ACTION FILE <br><br> No. 1:25-cv-02329 |

### MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE BY PUBLICATION

    Plaintiff Joshua Winer ("Plaintiff") respectfully moves this Court for an order extending the time permitted to complete service by publication on Defendant Sean Eren, as the representative of National Students for Justice in Palestine ("NSJP"). In support, Plaintiff states as follows:

1

1. Plaintiff commenced this action on April 25, 2025, and filed an Amended Complaint on May 20, 2025.

2. After diligent but unsuccessful efforts to personally serve Mr. Eren, as representative for NSJP, Plaintiff moved for leave to serve Mr. Eren by publication on August 14, 2025. Dkt. 87. The Court granted that motion the following day. Dkt. 89.

3. Because Mr. Eren's last known residence is in Manhattan, New York, Mr. Eren must be served by publication in a newspaper of general circulation in Manhattan as well as in Atlanta's official legal organ.

4. Upon consultation with the Clerk's Office, Plaintiff was advised that payment must be arranged with the New York newspaper and Atlanta's official legal organ before the Clerk will approve or sign the notice to be published. Once proof of payment is provided or a completed check payable to the publication is provided to the Clerk, the Clerk will approve the notice if it meets all requirements, sign the notice, and transmit the executed notice—together with proof of payment or the completed check—to the publications.

5. While the Atlanta legal organ is familiar with this process, Plaintiff encountered unexpected procedural obstacles in securing a Manhattan publication willing to comply.

6. Several Manhattan newspapers of general circulation declined to accept pre-payment absent the Clerk's signature, explaining that each word-

including the signature line-must be included in their pricing and that Plaintiff needed to provide the notice in its final form because no changes could be accepted following payment. However, the Clerk's Office had advised that the Clerk cannot sign off on the notice until either (a) payment has been made to the publication directly by Plaintiff, or (b) a completed check payable to the publication is provided to the Clerk's Office in advance, which would then be mailed to the publication by the Clerk's office along with a copy of the notice executed by the Clerk.

7. Throughout this process, Plaintiff has remained in contact with the Clerk's Office. On October 16, 2025, the Clerk's Office approved the form of the notice. *See* Exhibit A. Plaintiff has also now identified a newspaper of general circulation in Manhattan that will both accept pre-payment and hold publication until receipt of the signed notice from the Clerk.

8. An extension of Plaintiff's time to serve Mr. Eren by publication is necessary because Mr. Eren's time to respond runs 60 days from the date of that order Court's August 15 order. Dkt. 89. Given the logistical delays described above and the time required to complete four consecutive weeks of publication, Plaintiff cannot complete service within the original sixty-day window. Extending the deadline will ensure compliance with both the Court's Order and Rule 4's requirements, without prejudice to any party.

9. In addition, the Court is presently considering Plaintiff's Motion for Leave to File a Second Amended Complaint. Dkt. 109. Should the Court grant that motion, Plaintiff respectfully requests that the order granting the instant motion also authorize service of the Second Amended Complaint by publication, on the same terms and through the same approved notice, without requiring a separate motion or additional order.

10. This is Plaintiff's first request for an extension of time to serve Mr. Eren by notice of publication, and as set forth above, the request is made in good faith and not for purposes of delay.

11. A proposed Order is attached for the Court's consideration.

Respectfully submitted this 19th day of October, 2025.

**National Jewish Advocacy Center, Inc.**

By: /s/ *Lauren Israelovitch*
Lauren Israelovitch*
3 Times Square
New York, NY 10036
(914) 222-3828
lauren@njaclaw.org
*Admitted pro hac vice

**Weissmann Zucker Euster + Katz P.C.**

By: /s/ *David F. Katz*
DAVID F. KATZ
The Fountains at Piedmont Center
Building 11, Suite 950
3495 Piedmont Road
Atlanta, Georgia 30305
T. 404-390-2941

dkatz@wzlegal.com
GA Bar No. 408738

*Attorneys for Plaintiff Joshua Winer*

- 5 -

## **CERTIFICATE OF COMPLIANCE**

By signature below, counsel certifies that the foregoing was prepared in Century Schoolbook, 13-point font, in compliance with Local Rule 5.1(C).

                                                     */s/ David F. Katz*
                                                     David F. Katz

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing **MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE BY PUBLICATION** with the Clerk of Court using the CM/ECF electronic filing system, which suffices for service on all counsel of record who have entered an appearance in the case under L.R. 5.1(A)(3).

This 19 day of October, 2025.

*/s/ Lauren Israelovitch*
Lauren Israelovitch