**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| JOSHUA WINER,<br><br>    Plaintiff,<br><br>    v.<br><br>UMAYMAH MOHAMMAD, *et al.*,<br><br>    Defendants. | Civil Action File<br>No. 1:25-cv-02329-TWT |

**DEFENDANT AMP'S OPPOSITION TO PLAINTIFF'S MOTION
TO STAY BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS**

## I.    INTRODUCTION

Defendant AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP" or "Defendant") opposes the Motion to Stay Briefing of Pending Motions to Dismiss Until Ruling on Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Stay") filed by Plaintiff Joshua Winer ("Plaintiff"). Doc. 119. Granting Plaintiff's Motion to Stay will unnecessarily delay the progress of this case, and cause prejudice to Defendant AMP. Therefore, AMP respectfully requests this Court deny Plaintiff's Motion to Stay in full.

## II.    BRIEF PROCEDURAL HISTORY

Plaintiff filed his original complaint on April 25, 2025, and amended his complaint as of right on May 20, 2025. Docs. 1 and 22. After five months and after all Defendants filed motions to dismiss, Plaintiff sought leave to amend his complaint again. Doc. 109. All Defendants opposed that motion, which remains pending with this Court. Doc. 113.  Plaintiff then sought an extension of time to respond to the Motions to Dismiss to which he has not yet responded, which this Court granted and extended Plaintiff's deadline to respond to those pending motions to November 7, 2025. Docs. 117 and 118. Now, the week those response briefs are due, Plaintiff seeks not another extension but a complete stay of all briefing, pending this Court's ruling on Plaintiff's Motion for Leave to Amend. Doc. 119. AMP's Response in Opposition now follows.

## III.    STANDARD OF REVIEW

The grant of a stay remains in the sound discretion of the court. *Florida v. United States*, No. 23-11528, 2023 U.S. App. LEXIS 13863, at *5 (11th Cir. June 5, 2023). Courts consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the stay applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other persons interested in the proceeding; and (4) where the public interest lies." *Id.,* at *4-5. The party seeking a stay bears the burden to

demonstrate "more than mere possibility of success on the merits or of irreparable injury." *Id.,* at *5. Plaintiff fails to meet that burden here.

## IV.    ARGUMENT

Plaintiff seeks a stay under Fed. R. Civ. P. 6(b)(1)(A), which allows this Court to extend a deadline for good cause shown. Doc. 119. Plaintiff fails to demonstrate good cause for the requested stay; instead, yet another delay—this time indefinite— will cause prejudice to AMP. AMP therefore asks this Court to deny Plaintiff's Motion to Stay, and maintain the deadline for Plaintiff's response to the pending Motions to Dismiss of November 7, 2025, the date to which it granted Plaintiff's last request to delay these responses.

Plaintiff fails to demonstrate any likelihood of success on the merits of his Motion for Leave to Amend, let alone a strong one, and therefore fails to satisfy the first required factor of a stay. *See In re Successful*, No. 25-13237, 2025 U.S. App. LEXIS 27440, at *7 (11th Cir. Oct. 20, 2025) (denying a motion to stay based on a frivolous underlying request). Defendants did not consent to Plaintiff's request to amend his complaint for a second time, and in fact opposed that Motion for Leave to Amend his Complaint. Doc. 113. Plaintiff's proposed Second Amended Complaint bears a striking resemblance to his First Amended Complaint; his proposed amendments fail as futile, because well-established precedent bars the recovery he seeks. *See id.* at 5-16. Plaintiff makes no argument in his Motion for

3

Stay to further support his request, and therefore cannot meet his burden to demonstrate more than a mere possibility of success.

Plaintiff fails on the next factor, because he cannot show he will suffer irreparable harm absent a stay. In fact, Plaintiff consents to "re-briefing or supplemental briefing" on the already fully briefed motions to dismiss. Doc. 119 ¶ 5. Plaintiff's only argument as to harm rests on his conclusion that "staying briefing … will conserve the parties' resources." *Id.* ¶ 6. However, Plaintiff's timing undermines that argument, as he waited several months and through many filings before moving to amend, then requesting a stay. *See Florida*, 2023 U.S. App. LEXIS 13863, at *8 (noting a party's delay in making its request undermines its assertion of irreparable injury). Plaintiff fails to demonstrate irreparable injury, therefore warranting denial of his request for a stay.

As to the third factor required in showing a stay as justified, Plaintiff makes this most recent request in bad faith, and will cause prejudice Defendants. Doc. 119 at 17. As described in Defendants' previously filed Opposition to Plaintiff's most recent Motion for Leave to Amend, Plaintiff knew all the facts underlying his proposed Second Amended Complaint "since the day he filed this lawsuit." *Id.* These dilatory tactics and Plaintiff's current request that AMP wait an indefinite amount of time before briefing on its pending motion comes to completion have already

caused Defendants to incur expenses to defend against this baseless motion as well as additional delays in defending against this lawsuit overall.

Plaintiff further fails to demonstrate any public interest favoring the grant of this request for a stay. This Court need not reward Plaintiff's most recent delay by allowing yet another amendment and postponing further briefing indefinitely in the meantime. Public interest weighs in favor of the expeditious conclusion of this matter, both for the effective maintenance of this Court's resources as well as Defendants' resources. Granting yet another delay via a stay at this point sends the message to litigants that they can use this Court's resources to drag out litigation with untimely requests and unlimited amendments that postpone resolution.

## V.    CONCLUSION

Plaintiff's barebones request for a stay fails to address the factors this Court must consider before granting a stay of any type. Plaintiff seemingly acknowledges this much, in his reliance on simply the federal rule addressing extensions. Staying the pending briefing harms Defendant AMP; denying this request for the additional delays a stay would bring causes no harm to Plaintiff other than the need to in fact complete briefing on the long-pending motions timely filed by all Defendants in this matter. AMP therefore respectfully requests this Court deny Plaintiff's Motion, and order that briefing continue on the current schedule that already reflects the prior extension granted by this Court.

DATED: November 6, 2025

Respectfully Submitted,

/s/ Christina A. Jump
Christina A. Jump
(admitted *pro hac vice*)
Samira S. Elhosary
(admitted *pro hac vice*)
Christina A. Boyd
(admitted *pro hac vice*)
Constitutional Law Center
for Muslims in America*
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
ali.boyd@mlfa.org

*The Constitutional Law Center for Muslims
in America is the legal division of the Muslim
Legal Fund of America*

James M. Slater
Georgia Bar No. 169869
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

**COUNSEL FOR DEFENDANT
AJP EDUCATIONAL FOUNDATION,
INC. d/b/a AMERICAN MUSLIMS FOR
PALESTINE**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been

prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point

typeface.

Dated: November 6, 2025.

/s/ Christina A. Jump
Christina A. Jump
(admitted *pro hac vice*)
Samira S. Elhosary
(admitted *pro hac vice*)
Christina A. Boyd
(admitted *pro hac vice*)
Constitutional Law Center
for Muslims in America*
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
ali.boyd@mlfa.org

*The Constitutional Law Center for Muslims
in America is the legal division of the Muslim
Legal Fund of America*