# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Joshua Winer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 1:25-CV-02329-TWT |
| ) | |
| Umaymah Mohammad, AJP Educational ) | |
| Foundation, Inc. A/K/A American Muslims ) | |
| For Palestine, WESPAC Foundation, Inc., ) | |
| Sean Eren as the representative of National ) | |
| Students for Justice in Palestine, Doctors ) | |
| Against Genocide Society, Cair-Nga Inc. ) | |
| A/K/A CAIR-Georgia, CAIR Foundation ) | |
| Inc., A/K/A Council on Islamic Relations or ) | |
| CAIR, Rupa Marya, Ibrahim Jouja as ) | |
| representative of Emory Students for Justice ) | |
| in Palestine, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CAIR-FOUNDATION, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR ATTORNEY'S FEES**

COMES NOW Defendant, CAIR-Foundation, Inc. ("CAIR-Foundation")[1]

and files this Reply Brief in Support of its Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) and its Motion for Attorney's Fees ("Motion to

---

[1] Plaintiff's Second Amended Complaint misidentifies CAIR-Foundation, Inc. as "CAIR Foundation, Inc."

1

Dismiss") (Doc. 136), and in response to the arguments set forth in Plaintiff's Response to CAIR-Foundation's Motion to Dismiss ("Response") (Doc. 144).

## INTRODUCTION

Despite Plaintiff's protestations, the IG Post that is at issue in this case and serves at Plaintiff's singular basis for any liability against CAIR-Foundation is not defamatory. Neither the language of the post itself nor the WSB-TV Segment nor even the portion of the *Democracy Now*! interview that was played as part of the WSB-TV Segment sufficiently identify Plaintiff or contain any actionable defamatory statements about Plaintiff.

In his Response, Plaintiff attempts to re-write his Second Amended Complaint to broaden the allegations against CAIR-Foundation in an effort to avoid dismissal on the myriad bases outlined in CAIR-Foundation's Motion to Dismiss. Plaintiff posits that by accepting an invitation to collaborate on an Instagram Post ("IG Post"), CAIR-Foundation "adopted" and "published the WSB-TV Segment" and "collaborated" with CAIR-GA on the IG Post to "further disseminate false and defamatory statements". (Doc. 130, ¶¶ 124, 155, 179). Although Plaintiff attempts to rehabilitate his hollow conclusions in his Response, the retrospective clarification is insufficient to save his claims against CAIR-Foundation.

While he asserts four separate counts in the Second Amended Complaint, Plaintiff's sole theory of liability as to CAIR-Foundation rests on CAIR-

Foundation's singular act of "collaborating" on Instagram. Plaintiff does not allege that the IG Post contained any new content created by CAIR-Foundation. (*Id.*). Instead, Plaintiff attempts to hold CAIR-Foundation responsible for content that was previously created and shared by other entities. (*Id.*) As set forth more fully herein, Plaintiff's claims fail against CAIR-Foundation as a matter of law and dismissal is warranted.

## II. Plaintiff's Claims Against CAIR-Foundation Are Based on Conclusory Statements Rather Than Factual Allegations.

Plaintiff's claims against CAIR-Foundation are merely conclusory and are not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Plausibility rests between "possibility" and "probability." *Dean v. Warren*, 12 F. 4th 1248, 1256 (11th Cir. 2021) (quoting *Iqbal,* 556 U.S. at 678–79). A complaint is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" " and "raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 678 (internal citations omitted); *Twombly*, 550 U.S. at 555. Plaintiff's failure to articulate how CAIR-Foundation's actions subject it to liability is procedurally fatal. Instead of pleading facts that would permit an inference that CAIR-Foundation intended to adopt Defendant Mohammad's statements or collaborated with CAIR Georgia, Plaintiff simply declares its so. (*See e.g.*, Doc. 144

at 7). Plaintiff's conclusions are not entitled to the presumption of truth.

The actual facts alleged by Plaintiff as it relates to CAIR-Foundation boil down to one simple act: CAIR-Foundation collaborated on the IG Post. That is the sole factual allegation entitled to be credited. Plaintiff's self-serving characterization of CAIR-Foundation's sole act is merely an attempt to couch Plaintiff's legal conclusions as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Accordingly, Plaintiff failed to state a claim against CAIR-Foundation and dismissal is proper.

## II. CAIR-Foundation is Immune From Liability Because Plaintiff Did Not Allege That CAIR-Foundation Generated Any Content.

Although preemption under the CDA is an affirmative defense, it can support a motion to dismiss if, as is the case here, the barrier to suit is evident on the face of the complaint. *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir. 2015) (per curiam) (quoting *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014)). Even a generous reading of the Second Amended Complaint places the allegations squarely within the protection afforded by the Communications Decency Act because Plaintiff fails to allege (nor does the Second Amended Complaint support a reasonable inference that) CAIR-Foundation generated any original content for the IG Post. Plaintiff argues that because he alleged CAIR-Foundation

intended to and did adopt the alleged defamatory content of the IG Post as its own, CAIR-Foundation is not entitled to immunity under the CDA. (Doc. 144 at 6).

Inventing additional allegations that are wholly absent from his Second Amended Complaint, Plaintiff claims he alleged that "CAIR-Foundation was indeed responsible for the content of the CAIR-Team Post, at least in part." (Doc. 144 at 7). Such an allegation is nowhere to be found. Rather, Plaintiff alleged that CAIR-Foundation *adopted* the messages communicated in the IG Post as its own. (Doc. 130, ¶ 124). This type of allegation is exactly what the CDA was intended to immunize: "[n]o provider or user of an interactive computer service *shall be treated as the publisher or speaker* of any information provided by another information content provider." 42 U.S.C. § 230(c)(1) (emphasis added). Plaintiff is correct that there may be "several information content providers of a single piece of content" (Doc. 144 at 10 (internal citations omitted)), and Plaintiff individually identifies each of the content providers responsible for the IG Post: Defendants Mohammad and CAIR-Georgia, and non-parties WSB-TV and *Democracy Now!* (Doc. 130, ¶ 124).

Plaintiff cannot hide behind his baseless assertion that "CAIR-Foundation "further disseminate[d] false and defamatory statements about Plaintiff" by collaborating on the IG post that merely shared a previously-broadcast news story.

(Doc. 130 at ¶ 155).[2] Ignoring the plain language of the CDA, Plaintiff argues in his Response that the CDA does not apply because Plaintiff alleged that CAIR-Foundation collaborated on the IG Post and because CAIR-Foundation "intended to and did adopt and amplify the defamatory allegations . . .." (Doc. 144 at 7). The CDA is not concerned, however, with whether a user "collaborated" or "intended to adopt and amplify." *See* 42 U.S.C. § 230(c)(1). Quite the opposite, the CDA prohibits a user from being treated as a speaker or publisher of content generated by others. *Id.*

Apparently recognizing this deficiency, in his Response, Plaintiff claims the Second Amended Complaint "plausibly alleges that CAIR-Foundation was indeed responsible for the content of the [IG Post]." (Doc. 144 at 7). Despite Plaintiff's attempts to re-write the Second Amended Complaint and claim that CAIR-Foundation "adopted and amplified" the Statement (*Id.*), the Second Amended Complaint (Plaintiff's third bite at the apple) alleges no facts to support Plaintiff's conclusions. Even drawing all inferences generously in Plaintiff's favor, there are no allegations in the Second Amended Complaint to plausibly allege that CAIR-Foundation generated content for the IG Post. Instead, Plaintiff's Response simply

---

[2] Conveniently, neither *Democracy Now!* (whose YouTube channel was featured in the WSB-TV Segment) nor WSB-TV (who compiled and broadcasted the Segment) is named as a defendant in the instant lawsuit.

repeats legal conclusions—that CAIR-Foundation collaborated, adopted, materially contributed—without any factual support and without conceding that the Second Amended Complaint simply does *not* allege that CAIR-Foundation materially contributed to the IG Post (or the Email Template and Phone Script). Had there been any facts to support such an allegation, Plaintiff surely would have cited them.

That CAIR-Foundation did not materially contribute to the content of the IG Post is clear from the copy of the IG Post included in Plaintiff's Second Amended Complaint, where CAIR-Foundation's name appears only once at the top of the post. (Doc. 130, ¶ 124). CAIR-Foundation's name appears nowhere else in the IG Post, and Plaintiff's assertion that this lone appearance supports an inference that CAIR-Foundation materially contributed to the content of the IG Post (which Plaintiff, elsewhere in his Second Amended Complaint attributes to other defendants or non-parties) is disingenuous.

Beyond the fact that his argument is undermined by his own Second Amended Complaint, the authorities cited by Plaintiff in his arguments against immunity are distinguishable from the instant case. In *Tanisha Systems*, the Court reasoned that the defendant was not entitled to CDA immunity because he materially contributed to the content in the blog post that he re-shared. *Tanisha Systems, Inc. v. Chandra*, 2015 WL 10550967 at *9 (N.D. Ga. 2015). More relevant here, the Court held that the plaintiff sufficiently pled such material contribution by alleging that the

7

defendant "developed a 'hit list' of employees from which [the defendants] 'request[ed] confidential information to . . . use as fodder for their widely disseminated misrepresentations" and "'use[d] social media and blog postings to infect any search results concerning Tanisha Systems with false, malicious, and defamatory' statements." *Id.* Plaintiff's Second Amended Complaint alleges no such material contribution by CAIR-Foundation. To be clear, the CDA provides immunity to a user *unless* the user materially contributed to the content. *Tanisha Systems*, 2015 WL 10550967 at *9 .

Similarly, in *La Liberte v. Reid*, the Court's analysis turned on the defendant's authorship of an Instagram post that she published, which took another activist's tweet that generally attributed discriminatory statements to an unnamed "they" and, by changing the pronoun to the singular, "she", attributed the statements to the plaintiff. 966 F.3d 79, 89 (2nd Cir. 2020). Here, Plaintiff's Second Amended Complaint correctly acknowledges that the allegedly defamatory content in the IG Post was provided by third parties and *not* by CAIR-Foundation, yet, Plaintiff seeks to hold CAIR-Foundation responsible for Defendant Mohammed's statements in the *Democracy Now!* interview as replayed in the WSB-TV Segment, which was originally broadcasted by WSB-TV. (*Id.*, ¶¶ 123, 148(a), 171). Thus, on the face of the Second Amended Complaint, protection under the CDA is triggered—and dismissal is proper—because Plaintiff's claims against CAIR-Foundation are based

solely on Plaintiff's assertion that CAIR-Foundation published or disseminated allegedly defamatory statements made by third parties.

To clarify, while Plaintiff may attempt to change this in his Response, the Second Amended Complaint very clearly alleges that CAIR-Georgia alone posted a link to the Email Template and Phone Script in the comment section of the Instagram Post. (Doc. 130 at ¶ 155). Regarding the Phone Script, the Second Amended Complaint alleges that certain references in the Phone Script "suggest[] that Mohammad is the author of the Phone Script or at the very least, assisted in its drafting." (Doc. 130 at ¶ 88). Nowhere in the 146-page Second Amended Complaint does Plaintiff allege (or even imply) that CAIR-Foundation was involved in drafting the Email Template or Phone Script. The Second Amended Complaint is likewise devoid of any allegation that CAIR-Foundation had any role in the February 11, 2025 press conference that was the subject of the WSB-TV Segment. (*See* Doc. 130 at ¶¶ 61-66).

### III. Plaintiff's Amended Complaint Fails To State A Claim Against CAIR-Foundation for Defamation *Per Se.*

1. *The Statement Plaintiff Attempts to Attribute to CAIR-Foundation Constitutes Opinion-Based, Political Speech Based on Accurate, Disclosed Facts.*

Despite his attempt to retroactively broaden the allegations in the Second Amended Complaint (*see* Doc. 144 at 15), Plaintiff's Second Amended Complaint

identifies only one alleged statement ("Statement") by Mohammad that he attempts to attribute to CAIR-Foundation: "This man participated in aiding and abetting a genocide, in aiding and abetting the destruction of the healthcare system in Gaza." (Doc. 130, ¶124). Plaintiff is correct that a statement is not shielded from liability simply because it involves a matter of public concern. (Doc. 144 at 12). Nonetheless, because the Statement involves a matter of public concern, Plaintiff must prove falsity. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986). The Statement, however, does not state or imply facts about Plaintiff that are capable of being proven false. *See Jaillett v. Georgia Television Co.*, 520 S.E.2d 721, 726 (Ga. Ct. App. 1999) ("to be actionable, a statement of opinion must imply an assertion of objective facts about the plaintiff"). Plaintiff may take deep offense to the ideas he believes motivated Mohammad's Statement (Doc. 144 at 12), but the Statement "cannot be restricted simply because it is upsetting or arouses contempt." *Snyder v. Phelps*, 562 U.S. 443, 458 (2011).

As to the Email Template and Phone Script, Plaintiff did not plausibly allege that CAIR-Foundation drafted, adopted or republished these statements. (Doc. 130, ¶ 179). It is clear from the IG Post itself that the Email Template and Phone Script were posted by CAIR-Georgia *after* the initial post to which CAIR-Foundation was a "collaborator." (Doc. 130, ¶ 124) While Plaintiff argues in his Response that CAIR-Foundation's denial of responsibility for the contents of the Email Template

10

and Phone Script is improper at this stage because "allegations of fact must be credited" to Plaintiff (Doc. 144 at 13), Plaintiff cannot be credited for facts he failed to allege.

  2. *Plaintiff Was A Limited Public Figure and Has Not Shown Actual Malice.*

  Plaintiff's only rebuttal to his status as a limited public figure appears to be that Plaintiff did not allege "limited-public figure status." (Doc. 144 at 13). According to Plaintiff, his service in the IDF—as described in an opinion article Plaintiff authored—was the background for the Statement. (Doc. 130, ¶ 48 ("[U]pon information and belief, Mohammad only became aware of the Plaintiff's service in the IDF through his op-ed in the *Times of Israel*.")). Regardless, his status as a limited public figure is not contingent on whether he pled that status. Because he is a limited public figure, Plaintiff must prove actual malice as to CAIR-Foundation. *Little v. Breland*, 93 F.3d 755, 757 (11th Cir. 1996). Specifically, Plaintiff must show that CAIR-Foundation acted with knowledge that the Statement was false or with reckless disregard of whether it was false. *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). Plaintiff cannot show actual malice as to CAIR-Foundation where CAIR-Foundation simply collaborated on the IG Post that re-shared a previously aired news segment regarding issues of legitimate public concern.

  **IV. Plaintiff's False Light Claim Against CAIR-Foundation Is Unsupported and Meritless.**

11

Similar to his defamation *per se* claim, Plaintiff's false light claim against CAIR-Foundation attempts to treat CAIR-Foundation as a speaker or publisher of content generated by others. *See* 42 U.S.C. § 230(c)(1). Again, Plaintiff failed to allege that CAIR-Foundation had any role in generating the content in the IG Post, much less the statements contained therein. Accordingly, this claim necessarily fails.

### V. Plaintiff's Derivative Claim for Civil Conspiracy Fails Because There Is No Underlying Tort.

Under Georgia law, a claim for civil conspiracy requires a showing that "two or more persons, acting in concert, engaged in conduct that constitutes a tort." *Mustaqeem-Graydon v. SunTrust Bank*, 573 S.E.2d 455, 461 (Ga. Ct. App. 2002). "Absent the underlying tort, there can be no liability for civil conspiracy." *O'Neal v. Home Town Bank of Villa Rica*, 514 S.E.2d 669, 675 (Ga. Ct. App. 1999); *see also Ray v. Atkins*, 421 S.E.2d 317, 321 (Ga. Ct. App. 1992). The issue of defining "collaboration" in the context of the IG Post is surplusage. As outlined above and in CAIR-Foundation's Brief in Support of Motion to Dismiss, Plaintiff's claims for defamation *per se* and false light fail against CAIR-Foundation as a matter of law on multiple grounds, including preclusion under the CDA. Because Plaintiff's claims for defamation *per se* and false light fail, there is no underlying tort and Plaintiff's claim for civil conspiracy against CAIR-Foundation must likewise fail.

### VI. Plaintiff Failed to Assert Any Cause of Action Against CAIR-Foundation Under 42 U.S.C. § 1985(3).

Count IV of Plaintiff's Second Amended Complaint fails to allege sufficient facts to establish the elements of a civil rights claim. In both his Second Amended Complaint and his Response, Plaintiff refers to the nine individual defendants is if they were one entity, acting and speaking as one. Construing the allegations generously in Plaintiff's favor, the most Plaintiff can establish is that CAIR-Foundation accepted an invitation to collaborate on an IG Post that re-shared a previously-aired news segment. CAIR-Foundation remains uncertain how this singular act could subject it to liability for defamation, false light, conspiracy, and conspiracy to interfere with civil rights.

It remains unclear how CAIR-Foundation's alleged federal funding has any bearing on Plaintiff's claims, as Plaintiff does not allege that he ever sought benefits from CAIR-Foundation or was somehow discriminated against by CAIR-Foundation during the operation of its programming. His attempt to tie CAIR-Foundation's alleged federal funding to this case is a blatant attempt to side step the binding precedent barring his § 1985(3) claims predicated on 42 U.S.C. § 1981, Title VI and Title VII as to private actors. What is clear from the face of the Second Amended Complaint, however, is that CAIR-Foundation did not engage in any overt acts to support a § 1985(3) claim against it (Doc. 130, ¶ 195(a-d)). Even if CAIR-Foundation's singular act of accepting an invitation to collaborate on the IG Post

could represent an overt act in furtherance of a conspiracy, Plaintiff has alleged no factual allegations to support that such an act was motivated by Plaintiff's racial or ethnic identity—the only classes referenced by Plaintiff that are actually protected under § 1985(3). As argued by CAIR-Georgia in its Brief in Support of Motion to Dismiss, Plaintiff's Second Amended Complaint acknowledges that Mohammad's statements (including the Statement Plaintiff attributes to CAIR-Foundation) were motivated by political expression and by opposition to Plaintiff's military and political affiliations. (Doc. 140-01 at 21-22). Accordingly, Plaintiff's claim under 42 U.S.C. § 1985(3) fails.

### VII.  Injunctive Relief Is Not An Appropriate Remedy.

Despite Plaintiff's characterization, CAIR-Foundation did not argue that the requested relief alone was grounds for dismissal. Rather, CAIR-Foundation highlighted that the requested relief—a prior restraint on expression—is inappropriate and further underscores the fact that Plaintiff's lawsuit is brought not to vindicate Plaintiff's rights, but to impede and deter CAIR-Foundation's exercise of its constitutional right to free speech.

### III. CONCLUSION

Plaintiff's attempt to rehabilitate his Second Amended Complaint is (*again*) too little, too late. Despite his effort to re-write the Second Amended Complaint, Plaintiff's Response fails to establish how the Amended Complaint *as pleaded* states

any claims against CAIR-Foundation upon which relief can be granted. For the reasons outlined in CAIR-Foundation's Motion to Dismiss and brief in support of the same, and as reiterated in this Reply Brief, CAIR-Foundation's Motion to Dismiss should be granted, and CAIR-Foundation should be awarded its attorney's fees and litigation expenses pursuant to O.C.G.A. § 9-11-11.1(b).

Respectfully submitted this 10th day of March, 2026.

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Mollie W. Amick*
Kori E. Wagner
Georgia State Bar No. 155438
Mollie W. Amick
Georgia State Bar No. 406371
***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309
Tel:   404.874.8800
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

## LOCAL RULE 5.1(C) CERTIFICATION

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

                              **SWIFT, CURRIE, McGHEE & HIERS**

By:   ***/s/ Mollie W. Amick***
       Kori E. Wagner
       Georgia State Bar No. 155438
       Mollie W. Amick
       Georgia State Bar No. 406371
       ***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Tel:   404.874.8800
Fax:  470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT CAIR-FOUNDATION, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR ATTORNEY'S FEES** the Clerk of Court using the CM/ECF electronic filing system, which suffices for service on all counsel of record who have entered an appearance in the case under L.R. 5.1(A)(3).

This 10th day of March, 2026.

                                **SWIFT, CURRIE, McGHEE & HIERS**

                              By:   ***/s/ Mollie W. Amick***
                                        Kori E. Wagner
                                        Georgia State Bar No. 155438
                                        Mollie W. Amick
                                        Georgia State Bar No. 406371
                                        ***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Tel:  404.874.8800
Fax:  470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com