**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| JOSHUA WINER,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>UMAYMAH MOHAMMAD, *et al.*,<br><br>　　　Defendants. | Civil Action File<br>No. 1:25-cv-02329-TWT |

**DEFENDANT AMP'S REPLY
<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

  I.   INTRODUCTION ................................................................................... 1

  II.  ARGUMENT ............................................................................................ 2

      A.  Plaintiff Fails to Establish this Court's Personal Jurisdiction over AMP .... 2

      B.  Plaintiff Fails to Overcome the CDA's Bar to AMP's Liability ................. 3

      C.  Plaintiff Fails to Sustain a Section 1985 Claim Against AMP ................... 4

  III. CONCLUSION ........................................................................................ 5

CERTIFICATE OF COMPLIANCE ....................................................................... 7

CERTIFICATE OF SERVICE ............................................................................ 7

# TABLE OF AUTHORITIES

## Cases

*Ricci v. Teamsters Union Local*
   456, 781 F.3d 25 (2d Cir. 2015).......................................................................3

*Weinberg v. Nat'l Students for Just. in Pal.*
   Case No. 2:25-cv-03714-MCS-JC, 2026 U.S. Dist. LEXIS 10380 (C.D. Cal.
   Jan. 20, 2026)..................................................................................................5

## Statutes

42 U.S.C. § 1985(3) ............................................................................................4

## I.    **INTRODUCTION**

Plaintiff's Response to the Motion to Dismiss filed by Defendant AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") fails to address several key gaps in Plaintiff's governing Complaint.  AMP played no role in creating or disseminating any of the social media posts and other content that Plaintiff addresses in his Second Amended Complaint ("SAC"). Plaintiff does not plead that AMP did. Plaintiff does not mention AMP once in the "Background" section of his Response in Opposition to AMP's Motion to Dismiss his Second Amended Complaint ("Plaintiff's Response"). ECF No. 164. Plaintiff does not, and factually cannot, plead facts alleging AMP's involvement in the events mentioned in the SAC, and he therefore instead asks this Court to accept unsupported and irrational conclusions to impute liability to AMP based on his allegations against another defendant, National Students for Justice in Palestine ("NSJP"). Yet this Court need not reach the flawed merits of Plaintiff's claims against AMP, because Plaintiff fails to establish this Court's personal jurisdiction over AMP. AMP therefore respectfully requests this Court dismiss Plaintiff's claims against it in full, for the reasons stated below and in its Motion to Dismiss. *See* ECF No. 146-1.

1

## II.    ARGUMENT

### A.    Plaintiff Fails to Establish this Court's Personal Jurisdiction over AMP

Plaintiff's Response in Opposition fails to demonstrate where in the SAC he pleads facts sufficient to demonstrate this Court's jurisdiction over AMP. Instead, Plaintiff continues to rely on his conclusory assertion, supported by no factual allegations, that AMP controls NSJP. Plaintiff's Opposition at 5. Through this conclusory presumption of control, Plaintiff argues only that "AMP orchestrated a coordinated campaign that targeted a Georgia resident." *Id.* Plaintiff wrongly believes this suffices to establish jurisdiction over AMP under Georgia's long-arm statute because, he believes, AMP committed a vicarious tort against him in Georgia. *Id.* Plaintiff fails to articulate where he pleads facts alleging acts by AMP, and instead relies solely on his conclusory statement that AMP maintains complete operational control of NSJP. Unfortunately for Plaintiff, this Court may only accept uncontroverted facts in a complaint as true for the purpose of a jurisdictional analysis. *See* ECF No. 146-1 at 3. AMP challenges Plaintiff's presumption that it controls NSJP, and Plaintiff fails to properly allege any facts otherwise.

Additionally, Plaintiff fails to identify factual allegations establishing AMP had minimum contacts with the state of Georgia sufficient to support constitutional due process. Plaintiff refuses to acknowledge the Declaration AMP submitted with its Motion to Dismiss at all, in which a co-founder of AMP (who also happens to be

2

an attorney) affirmed under penalty of perjury that AMP has no contacts with the state of Georgia. Plaintiff's assertion that a social media campaign alone supports jurisdiction is plain error. Because this Court possesses no jurisdiction over AMP, AMP respectfully requests this Court dismiss Plaintiff's claims against it in full.

**B.      Plaintiff Fails to Overcome the CDA's Bar to AMP's Liability**

The Communications Decency Act ("CDA") presents a facial bar to Plaintiff's claims against AMP, and Plaintiff fails to sufficiently acknowledge or therefore overcome that reality. CDA preemption supports a motion to dismiss where, as here, it applies based on the face of Plaintiff's complaint. *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir. 2015). Plaintiff's allegation that AMP somehow generally "exercised organizational control over NSJP" does not support a reasonable inference that AMP played any role in the creation or dissemination of the content about which Plaintiff complains. Plaintiff's Response at 13. Plaintiff now asserts, with no supporting citation to the allegations contained in the SAC, that AMP must have "authorized and enabled the campaign targeting Dr. Winer." *Id.* Plaintiff's SAC pleads only that "AMP's control over NSJP includes responsibility for its coordinated campaigns against individuals like Plaintiff." SAC ¶ 146 (emphasis added). Plaintiff fails to identify any allegations he makes that AMP had "active involvement in developing the content." Plaintiff's Response at 13. None of the posts about which Plaintiff complains originated from AMP's social media

3

accounts, nor does AMP's name or logo appear in any of the screenshots and posts Plaintiff includes in his SAC. CDA preemption clearly applies on the face of Plaintiff's SAC, warranting dismissal of his defamation claims against AMP.

**C.    Plaintiff Fails to Sustain a Section 1985 Claim Against AMP**

Even given a second opportunity to replead to add more detail, Plaintiff once again fails to state a claim against AMP under 42 U.S.C. § 1985(3). Instead, Plaintiff aggregates all nine individual defendants, alleging AMP and eight other defendants somehow collectively conspired against Dr. Winer. Plaintiff further contends AMP should be held responsible for the actions of an entirely separate organization: NSJP. As AMP has consistently shown and Plaintiff fails to allege facts to refute, no corporate or other formal relationship exists between AMP and NSJP. As a matter of public record, AMP provides only limited grants to student organizations for previously planned events upon submission of a written grant request.[1] The SAC asks this Court to hold AMP responsible for the speech and actions of others through conclusory assertions predicated on "information and belief." Plaintiff attempts to marshal facts to support the 1985(3) claim through only conclusory allegations and a request to hold AMP responsible for alleged actions of an entirely different organization which AMP does not control. Because Plaintiff does not and feasibly

---

[1] American Muslims for Palestine, *America's Youth are Turning the Tide* (April 25, 2022), https://www.ampalestine.org/media/media-room/statements/americas-youth-are-turning-tide.

4

cannot identify factual support that NSJP serves as an agent of AMP or that AMP directed and authorized NSJP's statements, Plaintiff's efforts to blame AMP for a third party's alleged conduct fail. *See Weinberg v. Nat'l Students for Just. in Pal.*, Case No. 2:25-cv-03714-MCS-JC, 2026 U.S. Dist. LEXIS 10380 (C.D. Cal. Jan. 20, 2026) (dismissing conspiracy claims against AMP and other defendants for similar failures under Section 1985). Plaintiff's efforts to hold AMP liable for a third party's alleged actions fall short of his legal burdens, therefore necessitating dismissal.

## III.   <u>CONCLUSION</u>

Plaintiff's failure to plead facts sufficient to demonstrate this Court's personal jurisdiction over AMP warrants dismissal of all claims against AMP. And even if this Court did believe itself to possess jurisdiction over Plaintiff's claims, they fail for the reasons identified above and as stated more fully in AMP's Motion to Dismiss. Plaintiff attempts to overcome CDA preemption by exaggerating the scope of his allegations against AMP, but Plaintiff's SAC on its face justifies preemption under the CDA. Finally, despite a third bite at the apple through a Second Amended Complaint, Plaintiff fails to plead facts that sufficiently state a claim against AMP under Section 1985. Because no facts exist to support liability of AMP for the actions alleged in Plaintiff's Second Amended Complaint after already utilizing numerous opportunities to identify them, AMP respectfully requests this Court dismiss the claims against it with prejudice.

DATED: March 31, 2026

Respectfully Submitted,

/s/ James M. Slater
James M. Slater
Georgia Bar No. 169869
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Christina A. Jump
(admitted *pro hac vice*)
Jump Start Legal Justice Center
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
cjump@clcma.org

Samira S. Elhosary
(admitted *pro hac vice*)
Christina A. Boyd
(admitted *pro hac vice*)
Constitutional Law Center
for Muslims in America*
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
selhosary@clcma.org
ali.boyd@mlfa.org
*The Constitutional Law Center for Muslims
in America is the legal division of the Muslim
Legal Fund of America*

**COUNSEL FOR DEFENDANT
AJP EDUCATIONAL FOUNDATION,
INC. d/b/a AMERICAN MUSLIMS FOR
PALESTINE**

6

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

Dated: March 31, 2026.

/s/ James M. Slater
James M. Slater

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 31, 2026, he caused the foregoing to be filed with the Clerk of this Court via its CM/ECF system, which will provide notice to all counsel of record in this matter.

/s/ James M. Slater
James M. Slater