UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

----------------------------------------------------------------------------------------x

Joshua Winer,

          Plaintiff,

v.

Umaymah Mohammad, AJP Educational Foundation, Inc.
A/K/A American Muslims for Palestine, WESPAC Foundation, Inc.,
Sean Eren as the representative of National Students for Justice in
Palestine, Doctors Against Genocide Society, CAIR-Nga Inc.
A/K/A CAIR-Georgia, CAIR Foundation Inc.,
 A/K/A Council on Islamic Relations or CAIR, Rupa Marya,
Ibrahim Jouja as representative of Emory Students for Justice
 in Palestine.

          Defendants.

Case No. 1:25-CV-02329

----------------------------------------------------------------------------------------x

### DEFENDANT DR. RUPA MARYA'S REPLY BRIEF IN Further SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Dr. Rupa Marya hereby files this Reply Brief in Further Support

of her Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") for lack

of personal jurisdiction under the Georgia Long Arm Statute.

**Argument**

**PLAINTIFF FAILS TO FIX FATAL PROBLEMS WITH LONG ARM JURIDICTION IN HIS OPPOSITION**

GA Code § 9-10-91 states that a "court of this state may exercise personal jurisdiction over any nonresident....as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state, *except as to a cause of action for defamation of character arising from the act*; (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state" (emphasis added).

Section (2) excludes defamation claims, *Black v Skinary App, Inc.,* 2024 US Dist LEXIS 136035, at *10 (ND Ga Aug. 1, 2024, No. 1:23-CV-5647-TWT) ("[T]o the extent that the 'tortious act' in question is defamation, the long-arm statute specifically excludes that from its reach"; *Worthy v Eller,* 265 Ga App 487, 488, 594 SE2d 699, 700 (2004), *cert. den.* 2004 Ga. LEXIS 514 (2004)

( "The language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation"); *Mahendra Amin v O'Brien,* 2025 US Dist LEXIS 7223, at *12 (SD Ga Jan. 14, 2025, No. CV 5:24-022) (" Defendant O'Brien is not subject to suit in Georgia for acts allegedly constituting defamation")*; Mueller v Ebay, Inc.,* 2021 US Dist LEXIS 201597, at *3-4 [ND Ga Jan. 6, 2021, No. 1:20-cv-2581-SCJ])   ("The publication of defamatory information in Georgia standing alone is insufficient to establish personal jurisdiction under Georgia's long-arm statute.. . . . The Georgia legislature has determined that the commission of acts solely related and giving rise to a defamation claim do not fall within the Georgia long-arm statute"); *Ransom v Cail,* 2019 US Dist LEXIS 219665, at *3 (MD Ga Dec. 23, 2019, No. 4:19-CV-130 (CDL)  ("The publication of defamatory information in Georgia standing alone is insufficient to establish personal jurisdiction under Georgia's long-arm statute").

Plaintiff claims that he can bootstrap himself out of Section (2) by....calling the claim something else, like"false light". This exception would eat the rule; who wouldn't call a defamation claim "false light" if that's all it took to get out of the Section (2) bar? Plaintiff should not be permitted to evade the restriction of the long arm statute's section (2) by recharacterizing a defamation claim as false light

3

or another tort claim, cf. *Leise v Vermont Hum. Rights Commn.,* 2023 US Dist LEXIS 50354, at \*72-73 (D Vt Mar. 24, 2023, No. 2:22-cv-00009) (" A plaintiff may not use related causes of action to avoid the constitutional requisites of a defamation claim. The First Amendment considerations that apply to defamation therefore apply also to [the plaintiff's] counts for false light and tortious interference", citing *Farah v. Esquire Mag.,* 736 F.3d 528, 540 (D.C. Cir. 2013)); *Moldea v NY Times Co.,* 22 F3d 310, 319 (1994) ("[A] plaintiff may not avoid the strictures of the burdens of proof associated with defamation by resorting to a claim of false light invasion"); *see also Hustler Mag. v Falwell,* 485 US 46, 56 (1988) (applying actual malice requirement of *NY Times v. Sullivan* to intentional infliction claim).

However, even if he can recharacterize the same statements of Ms. Mohammad as something else, contacts to and impacts in Georgia would still be required that are not present here, *FisherBroyles, LLP v Juris Law Group,* 2015 US Dist LEXIS 17312, at \*13-15 (ND Ga Feb. 12, 2015, No. 1:14-cv-1101-WSD) ("[T]ortious conduct engaged in over the internet occurs where the offending computer is used, which, in this case, is in California. Plaintiff has thus failed to allege facts to show that long-arm jurisdiction under Subsection (2) may be exercised here"). The mere posting of information on the Internet which can be

viewed in Georgia does not satisfy the requirements of sub-section (3) either, *Brannies v Internet ROI, Inc*., 67 F Supp 3d 1360, 1363-1364 (SD Ga 2014) (Defendant "merely published news content viewable online by Georgians...[T]he mere fact that a particular website displays an ad that can be viewed in Georgia...does not, by itself, equate to contact with Georgia"); Georgia has applied a similar analysis to other defamation-adjacent tort claims, *Worthy v Eller,* 594 SE2d 699, 700-701 (Court of Appeals 2004) cert. den. 2004 Ga. LEXIS 514 (2004)("Whether Worthy may be subject to suit in Georgia for the purpose of Eller's claim for intentional infliction of emotional distress is governed by O.C.G.A. § 9-10-91 (3)....Worthy established that he had none of the specific minimum contacts required by this subsection").

Plaintiff claims that commentary on him published at large on the Internet is targeted to Georgia because it generically discusses a controversy at Emory; but every Internet discussion is about events occurring s*omewhere,* so Plaintiff proposes another exception which eats the rule. The law has been settled for a very long time that "mere discussion" on the Internet  does not create personal jurisdiction, *F. McConnell & Sons, Inc. v Target Data Sys.,* 84 F Supp 2d 961, 971 (ND Ind 1999) .

## CONCLUSION

The Complaint should be dismissed against Dr. Marya because she is not

subject to Georgia long arm jurisdiction.

Dated: Amagansett, NY
 May 25, 2026

/s/ Jonathan Wallace
Jonathan Wallace
PO #728
Amagansett NY 11930
917-359-6234
jonathan.wallace80@gmail.com
Counsel for Defendant Dr.
Marya

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

I HEREBY CERTIFY that the foregoing document was prepared in Times
New Roman, 14-point font, as approved by Local Rule 5.1.

s/ Jonathan Wallace
Jonathan Wallace
PO #728
Amagansett NY 11930
917-359-6234
jonathan.wallace80@gmail.com
Counsel for Defendant
Dr. Marya
Admitted Pro Hac Vice