# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOSHUA WINER,

     *Plaintiff,*

v.

UMAYMAH MOHAMMAD, *et al.*,

     *Defendants.*

Civil Action No.
1:25-cv-02329-TWT

## PLAINTIFF JOSHUA WINER'S MOTION TO STRIKE DEFENDANTS UMAYMAH MOHAMMAD AND RUPA MARYA'S REPLY BRIEFS IN SUPPORT OF THEIR MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT

Plaintiff Jason Winer respectfully moves to strike the reply briefs filed by Defendants Umaymah Mohammad and Rupa Marya in support of their motions to dismiss the second amended complaint pursuant to N.D. Ga. L.R. 7.1 and the Court's inherent authority to manage its docket.

Defendants Mohammad and Marya filed their reply briefs thirteen days after the applicable deadline, without seeking leave of Court, without conferring with Plaintiff, and without offering any explanation. Accordingly, Plaintiff respectfully requests that the Court strike their untimely reply briefs and resolve their motions to dismiss the second amended complaint based on their opening briefs and Plaintiff's timely filed oppositions.

1

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff filed the Second Amended Complaint on January 27, 2026. Dkt. 130. On March 2, 2026, Plaintiff and certain Defendants, including Mohammad and Marya, filed a consent motion providing that the moving defendants would have until March 17, 2026 to respond to the Second Amended Complaint and, in the event that they moved to dismiss, that Plaintiff would have until April 28, 2026 to file his opposition. Dkt. 145. The Court granted that motion on March 4, 2026. Dkt. 149.

Defendants Mohammad and Marya thereafter moved to dismiss the second amended complaint on March 12, 2026. Dkts. 152, 153. Plaintiff timely filed his opposition briefs on April 28, 2026. Dkts. 174, 176.

The consent motion and the Court's corresponding order did not provide for any extension of the deadline to file reply briefs. Dkts. 145, 149. The default rules therefore applied, requiring Defendants Mohammad and Marya to file any reply within fourteen days of Plaintiff's opposition—i.e., by May 12, 2026. N.D. Ga. L.R. 7.1(c). Defendants Mohammad and Marya neither sought nor obtained any extension of that deadline from Plaintiff or the Court, and proceeded to file their reply briefs on May 25, 2026. Dkts. 181, 182.

## ARGUMENT

Plaintiff respectfully moves to strike the reply briefs filed by Defendants Mohammad and Marya. Dkts. 181, 182. The replies were filed thirteen days after

the applicable deadline, without seeking leave of Court, without conferring with Plaintiff, and without any explanation for the delay. Accordingly, under Local Rule 7.1(C), the Court should strike the untimely filings and resolve the motions to dismiss based on Defendants' opening briefs and Plaintiff's timely filed opposition.

The Court's Local Rules impose a fourteen-day deadline for reply briefs. See Local Rule 7.1(C). Here, Plaintiff filed his opposition on April 28, 2026, making any reply due fourteen days later—i.e., May 12, 2026. Defendants Mohammad and Marya did not meet that deadline. Nor did they seek an extension before or after the deadline expired, or move for leave to file out of time. Instead, they filed their replies nearly two weeks late, in disregard of the Court's rules and scheduling order.

The Local Rules expressly authorize the Court to enforce compliance with its deadlines. Local Rule 7.1(F) provides that the Court may decline to consider any brief that fails to conform to the rules. Courts in this District and the Eleventh Circuit routinely exercise their authority to disregard untimely filings. *See*, *e.g.*, *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 524–25 (N.D. Ga. 2012) (treating a motion as unopposed where a party filed an untimely response without seeking leave); *Mosley v. MeriStar Mgmt. Co., LLC*, 137 F. App'x 248, 250 (11th Cir. 2005) (affirming refusal to consider untimely filing where no extension was sought). "Deadlines are not meant to be aspirational[.]" *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). A district court must be able to enforce its deadlines

3

and maintain control over its docket. *Id*. That principle applies with particular force here, where the delay was substantial and entirely unexplained.

The Court also has broad discretion to manage its docket and enforce its rules, including by striking noncompliant filings. *See Durr v. Adams Bevs., Inc.*, 710 F. App'x 358, 360 (11th Cir. 2017) (collecting cases). That relief is warranted here. Defendant Mohammad is represented by three separate law firms, and Defendant Marya by two; under these circumstances, the failure to comply with a clear filing deadline is difficult to justify. Striking the replies is a measured remedy that enforces the Court's scheduling order and prevents Defendants from benefiting from their disregard of it.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court strike Defendants Mohammad and Marya's untimely reply briefs and resolve their motions to dismiss the Second Amended Complaint based on Defendants' opening briefs and Plaintiff's timely filed opposition.

[*Signature Page Follows*]

4

Respectfully submitted this 11th day of June, 2026

<u>/s/ Lauren Israelovitch</u>
Lauren Israelovitch
Mark Goldfeder
Ben Schlager
NATIONAL JEWISH
ADVOCACY CENTER, INC.
3 Times Square, Suite 512
New York, NY 10036
(914) 222-3828
lauren@njaclaw.org
*Pro Hac Vice*

<u>/s/David F. Katz</u>
David F. Katz
THE D.F. KATZ LAW FIRM, LLC
1158 Jones Bridge Rd
Ste 420 PMB1090
Johns Creek, GA 30022
T: (404) 918-5707
Dkatz@dfkatzlawfirm.com
Ga. Bar. No. 408738

Josh Belinfante
Anna Edmondson
Miles Skedsvold
ROBBINS ALLOY BELINFANTE
  LITTLEFIELD LLC
500 14th Street, NW
Atlanta, GA 30318
T: (678) 701-9320
E: mskedsvold@robbinsfirm.com
Ga. Bar No. 371576

Esther Panitch
THE PANITCH LAW GROUP, PC
4243 Dunwoody Club Drive
Suite 205
Atlanta, GA 30350
esther@panitchlawgroup.com
Ga. Bar. No. 143197

5

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) and 5.1(C), I hereby certify that this Motion to Strike has been prepared using Times New Roman, 14 point font, and otherwise complies with the formatting requirements of the Local Rules of this Court.

/s/ Lauren Israelovitch
Lauren Israelovitch, Esq.
Counsel for Plaintiff Jason Winer

6

## CERTIFICATE OF SERVICE

I certify that on June 11, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's electronic filing system, which will send a copy to all counsel of record.

/s/ Lauren Israelovitch
Lauren Israelovitch, Esq.
Counsel for Plaintiff Jason Winer