UNITED STATES DISTRICT COURT FOR THE NORTHERN
 DISTRICT OF GEORGIA ATLANTA DIVISION
-------------------------------------------------------------------------------------x
Joshua Winer,

        Plaintiff,

v.                                                                                  Case No. 1:25-CV-
                                                                                    02329


Umaymah Mohammad, AJP Educational Foundation, Inc.
A/K/A American Muslims for Palestine, WESPAC Foundation, Inc.,
Sean Eren as the representative of National Students for Justice in
Palestine, Doctors Against Genocide Society, CAIR-Nga Inc.
A/K/A CAIR-Georgia, CAIR Foundation Inc.,
 A/K/A Council on Islamic Relations or CAIR, Rupa Marya,
Ibrahim Jouja as representative of Emory Students for Justice
 in Palestine.

        Defendants.


-------------------------------------------------------------------------------------x

## DEFENDANTS MOHAMMAD, MARYA AND JOUJA'S BRIEF IN SUPPORT OF THEIR MOTION FOR ACCEPTANCE OF THEIR LATE-FILED REPLY

    Defendants Umaymah Mohammad, Rupa Marya and Ibrahim Jouja file this Brief

in Support of their Motion Under FRCP Rule 6(b)(1)(B) for acceptance of their late filed

reply on their motion to dismiss.


### PRELIMINARY STATEMENT

    The Defendants filed a timely motion to dismiss the Complaint, which is pending

before the Court, but a late reply to Plaintiff's opposition, as described in the Declaration

of Jonathan Wallace filed with this motion. Defendants ask this Court to exercise discretion under the Rule to accept their late-filed papers.

## ARGUMENT

## THIS COURT IS RESPECTFULLY REQUESTED TO EXERCISE DISCRETION TO ACCEPT THE LATE FILING

Counsel Wallace, undersigned, describes in his Declaration that he is *pro bono* counsel, working alone, with very limited resources, for clients being sued, investigated, fired, expelled or suspended for pro-Palestinian expression and that he is counsel of last resort for people who otherwise would be forced to appear *pro se,* with the dangers that entails. He states that his three clients in this matter fit into that category. He apologizes to this Court and opposing counsel for the inconvenience associated with a late filing, and states that he has now hired as paralegal and is installing an upgraded calendaring system. He states that Plaintiff was not prejudiced by the late filing, but has had substantial opportunity to review it, and was not entitled to a surreply in any event.

FRCP 6(b)(1)(b) states that "When an act may or must be done within a specified time, the court may, for good cause, extend the time:...(B) on motion made after the time has expired if the party failed to act because of excusable neglect". Courts in the Northern District have frequently exercised discretion to allow late filings in similar circumstances, *Smith v City of Hapeville,* 2025 US Dist LEXIS 277536, at *1-2 (ND Ga June 16, 2025, No. 1:24-CV-1002-MLB-AW) ("Plaintiff's attorney represents that he

incorrectly calendared the  deadline for Plaintiff's response"); *Luna v Quiktrip Corp.,* 2025 US Dist LEXIS 275413, at *2 [ND Ga Dec. 8, 2025, No. 1:24-CV-3662-SEG] ("Defendant represents that counsel inadvertently failed to calendar the 30-day dispositive motions deadline after the Court extended the discovery period at the parties' request"); *Alea London v Am. Home Servs.,* 2009 US Dist LEXIS 145427, at *36 (ND Ga Dec. 1, 2009, No. 1:09-CV-158-BBM) ("[C]ounsel's failure to put the deadlines on his calendar" was excused).

## CONCLUSION

Counsel respectfully requests that this court accept the late-filed reply.

 Dated: Amagansett, NY
July 29, 2026

/s/ Jonathan Wallace
Jonathan Wallace
PO #728
Amagansett NY 11930
917-359-6234
jonathan.wallace80@gmail.com
Counsel for Defendants
Mohammad, Marya and Jouja
Admitted Pro Hac Vice