# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Joshua Winer,<br><br>                  Plaintiff,<br><br>v.<br><br>Umaymah Mohammad, AJP Educational Foundation, Inc. A/K/A American Muslims For Palestine, Sean Eren as the representative of National Students for Justice in Palestine, Doctors Against Genocide Society, Cair-Nga Inc. A/K/A/ CAIR-Georgia, CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR, Rupa Marya, Ibrahim Jouja as representative of Emory Students for Justice in Palestine,<br><br>                  Defendants. | Civil Action No.: 1:25-cv-02329 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS MOHAMMAD, MARYA, AND JOUJA'S MOTION FOR ACCEPTANCE OF LATE-FILED REPLIES

Plaintiff Joshua Winer ("Plaintiff" or "Dr. Winer") by and through his undersigned counsel, hereby files this Response in opposition to the Motion for Acceptance of Late-Filed Replies by Defendants Umaymah Mohammad ("Mohammad"), Rupa Marya ("Marya"), and Ibrahim Jouja ("Jouja") (collectively "Moving Defendants"), ECF 188 ("Motion" or "Mot.").

1

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Moving Defendants ask this Court to bless reply briefs which they served thirteen days late, that Plaintiff has already moved to strike without response, and that they then left to languish for nearly two months before seeking leave.

Plaintiff filed the Second Amended Complaint ("SAC") on January 27, 2026. ECF 130. On March 2, 2026, Plaintiff and certain Defendants, including Mohammad, Marya, and Jouja, filed a consent motion providing that the Moving Defendants would have until March 17, 2026 to respond to the SAC and, in the event that they moved to dismiss, that Plaintiff would have until April 28, 2026 to file his opposition. ECF 145. The Court granted that motion on March 4, 2026. ECF 149. The consent motion and the Court's corresponding order did not provide for any extension of the deadline to file reply briefs. ECF 185 at 2. The default rules therefore applied, requiring Defendants to file any reply within fourteen days of Plaintiff's opposition, i.e., by May 12, 2026. N.D. Ga. L.R. 7.1(c).

On March 12, 2026, Defendants Mohammad (ECF 152), Marya (ECF 153), and Jouja (ECF 154) filed their motions to dismiss. Plaintiff timely filed his opposition briefs on April 28, 2026. ECF 174 (Oppo. to Mohammad and Jouja), 176 (Oppo. to Marya). Defendants Mohammad and Marya neither sought nor obtained any extension from Plaintiff or the Court, and proceeded to file their replies on May 25, 2026. ECF 181, 182. Plaintiff filed his motion to strike these late replies on June

11, 2026, ECF 185. On May 29, 2026, the Court entered the Moving Defendants' motions to dismiss as fully submitted, and the Court entered Plaintiff's motion to strike as fully submitted (indeed, unopposed) on July 23, 2026.

Only now, two months after briefing has been completed on dismissal and Plaintiff filed his motion to strike the late replies, did counsel for Moving Defendants finally file the instant Motion under Rule 6(b)(1)(B).

## ARGUMENT

Plaintiff opposes the Motion, which, by its own terms, is a textbook example of inexcusable neglect and delay by counsel.

As a preliminary matter, the Motion asks the Court to accept the late filing of replies for all three Moving Defendants, Mohammad, Marya, and Jouja, despite the fact only two replies were ever filed: Mohammad's (ECF 181) and Marya's (ECF 182). Defendant Jouja filed no reply, late or otherwise. There is nothing for the Court to "accept" as to Jouja.

As to the two replies that do exist, the Motion should be denied for three independent reasons.

*First*, the stated reason for the failure to file a timely reply does not suggest good cause or excusable neglect. Counsel says that his "informal system of paper calendaring" "did not scale," and that unrelated matters in California "consumed more than half of [his] time since May." ECF 188-2, Dec. of Jonathan Wallace, at ¶¶

3

18–19; *see also* ECF 188-1, Moving Defs' Br. in Support of Mot., at 2. A missed deadline caused by an attorney's own failure to track it and compounded by a self-described caseload characterized as much greater than anyone should carry, ECF 188-2 at ¶¶ 9–10, is not "excusable neglect" for which this Court should show grace under Federal Rule of Civil Procedure 6. It is a paradigmatic example of attorney mismanagement of time, which courts explicitly hold constitutes inexcusable neglect. *Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 398 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . In assessing the [neglect], we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time[.]"); *see also Gibson v. Wal-Mart, Inc.*, No. 1:18-CV-01665-CAP, 2019 WL 8376241, at *3 (N.D. Ga. Sept. 10, 2019) ("At best, the plaintiff's counsel's excuse is an admission that he does not bother reading the court's orders when it emails them to him, but instead relies on his paralegal to keep track of his cases" which "is not excusable neglect."); *Scissum v. Hawkside Fin., Inc.*, No. 1:17-CV-00645-ELR-RGV, 2017 WL 8217641, at *4 (N.D. Ga. Dec. 5, 2017) (denying oppositions to motions to dismiss that were filed six days late and seven days late because counsel misread the number of days he had to respond, as "counsel's error does not constitute excusable neglect").

4

Counsel's explanations make his position worse, not better. He tells the Court that over the past three years, he has carried a caseload of roughly 3,500 students and 400 faculty across some 50 litigations, that this is "a much greater load than anyone should carry," and that unrelated cases in California "consumed more than half of [his] time since May." ECF 188-2 at ¶¶ 8–10, 18. An attorney's decision to accept more work than he can competently manage is the definition of neglect within his own control, not an excuse for it. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation."); *see also In re Suncoast Airlines, Inc.*, 121 B.R. 403, 405 (S.D. Fla. 1990) ("A solo practitioner's busy schedule, simple inadvertence or mistake regarding the content of the rules or, unfamiliarity with the rules do not qualify as excusable neglect."). Counsel's claimed workload also does not excuse the delay because Moving Defendants were represented by designated local counsel, who has appeared in this case and is responsible for signing all filings by pro hac vice counsel and responding to any order of the Court to which *pro hac vice* counsel fails to respond. N.D. Ga. L.R. 83.1(B)(4)–(5).

That counsel has since hired a paralegal and is "upgrading to a more professional calendaring system," ECF 188-2 at ¶¶ 16, 19; ECF 188-1 at 2, is a tacit admission that the prior system was inadequate and does nothing to render past

neglect excusable. *Tubens v. Doe*, 976 F.3d 101, 106 (1st Cir. 2020) ("This is not a close case. Tubens says the reason for his delay was that his counsel suffered a sudden, major, and unexpected loss of staff and, in picking up the slack, he lost track of the [] deadline . . . [B]usyness and confusion over filing dates by counsel [is] inadequate to support a finding of excusable neglect." (internal citations and quotations omitted)).

Far from showing excusable neglect, the conduct related to the reply brief is affirmatively troubling. While counsel now explains that he simply missed the deadline to reply because of calendaring issues due to a growing workload, he did not seek leave to file the reply brief before doing so. At best, this is compounding evidence of a failure to exercise diligence in reading and following the rules. At worst, it raises the question of whether counsel hoped to get away with the late filing if no one noticed it.

*Second*, a reply brief is "not necessary" pursuant to Local Rule 7.1(C). Although the Moving Defendants may prefer an opportunity to reply to Plaintiff's oppositions, they have not shown that denying their Motion would cause meaningful prejudice. The Court can decide the motions to dismiss on the opening briefs and Plaintiff's timely oppositions alone. There is no prejudice to Defendants here, only a belated request that the Court reward inattention.

Indeed, courts have even declined to consider untimely opposition briefs under Local Rule 7.1(F), which permits the Court, in its discretion, to disregard any motion or brief that does not comply with the Rules' requirements. *See Alig-Mielcarek,* 286 F.R.D. at 524-25 (treating a motion as unopposed under Local Rule 7.1(B) where the plaintiff filed an untimely response without seeking leave of court, and granting the motion on the merits); *Mangham v. Westin Hotel Mgmt.*, LP, No. 1:16-CV-3725-WSD, 2017 WL 4540712, at *6 (N.D. Ga. Oct. 11, 2017) (holding that defendants' motion for summary judgment was deemed unopposed under Local Rule 7.1(B) due to plaintiff's untimely response).

Here, Plaintiff would suffer prejudice, as allowing further briefing on the motions to dismiss at this late stage would only provide Moving Defendants with more time than the rules or the parties' agreements allowed. A reply is the movant's last word on its own motion, and Plaintiff has no right to answer it: neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize a surreply "as a matter of right," and courts will accept one "only in unusual circumstances, such as where a movant raises new arguments in a reply brief[.]" *Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1349 (N.D. Ga. 2017) (internal citations and quotations omitted). Having failed to file timely replies, Moving Defendants now ask the Court to give them the last word on their dispositive motions, months after briefing closed and only after Plaintiff was forced to move to strike. Plaintiff, who

timely filed his oppositions, would have no right to respond. That is the prejudice: accepting the late replies would reward Moving Defendants' delay with an unearned advantage that Local Rule 7.1(C)'s reply deadline exists to cabin.

Moving Defendants' authority to the contrary cuts against granting their Motion. All three cases cited—*Smith v. City of Hapeville*, *Alea London Ltd. v. Am. Home Servs., Inc.*, and *Luna v. QuikTrip Corp.*, *see* ECF 188-1 at 2–3—involve the late filing of a dispositive motion or the opposition to such a motion, not an optional reply directed to issues that were already fully briefed. In *Smith*, the court explained that it could not "simply grant" a summary judgment motion "as unopposed," and therefore allowed the opposition that was filed 10 days late, No. 1:24-CV-1002-MLB-AWH, 2025 WL 4673005, at *1 (N.D. Ga. June 16, 2025). In *Alea*, the court expressly found that there would be no prejudice to the parties and no "adverse impact on the court or its resources" by allowing a late-filed summary judgment motion. No. 1:09-CV-158-BBM, 2009 WL 10670522, at *14–15 (N.D. Ga. Dec. 1, 2009) ("On the contrary, allowing both parties to fully brief their cross-Motions for Summary Judgment is *more efficient* than setting this case for a bench trial." (emphasis added)). Here, the replies largely repeat the issues already briefed, and in any event, Plaintiff has no right to respond to them. Either way, the late filing—and the ensuing unnecessary motion practice—only burden the Court and distract from the substantive issues.

Perhaps most striking is Moving Defendants' reliance on *Luna*, in which the court granted leave to file when counsel "moved quickly to address its error when alerted to it," filing "the same day that the Court notified the parties" of the problem, because the delay was "not egregiously long." No. 1:24-CV-3662-SEG, 2025 WL 4479429, at *2 (N.D. Ga. Dec. 8, 2025). *Luna* is thus a perfect example of the court awarding the diligence that is conspicuously absent here, where counsel waited nearly two months after filing the late replies and after Plaintiff moved to strike them before seeking leave.

*Third*, even if the Moving Defendants' failure to timely file the replies could somehow be excused, counsel's unexplained delay in seeking leave for nearly two months after Plaintiff moved to strike the untimely replies independently demonstrates a fatal absence of diligence. *Cf. S.E.C. v. Simmons*, 241 F. App'x 660, 663–64 (11th Cir. 2007) ("This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." (cleaned up)). A party who learns his filing is defective and then sits on his hands for nearly two months has forfeited any claim to the Court's equitable indulgence. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying motion for leave to amend complaint as "[t]he record makes clear that Sosa's failure to comply with the court's scheduling order resulted from a lack of diligence in pursuing her claim").

"Deadlines are not meant to be aspirational" and Plaintiff's "[c]ounsel must take responsibility for the obligations to which he committed and get the work done by the deadline." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) (affirming the district court's refusal to consider plaintiff's untimely responses to defendants' summary judgment motions). "A district court must be able to exercise its managerial power to maintain control over its docket" and the Court's deadlines and briefing rules must be enforced. *Id*. Indeed, the Court has wide latitude to manage its docket and enforce local rules. See *Durr v. Adams Bevs., Inc*., 710 F. App'x 358, 360 (11th Cir. 2017). This case warrants an exercise of discretion to deter future violations of the Court's orders and local rules.

## CONCLUSION

Because the Motion is untimely and without any support in the law, Plaintiff respectfully requests that the Court deny Defendants Mohammad, Marya, and Jouja's Motion.

Respectfully submitted this 12th day of August, 2026.

*/s/ Rachel Sebbag*
Rachel Sebbag
Lauren Israelovitch
Mark Goldfeder
Ben Schlager
NATIONAL JEWISH ADVOCACY CENTER, INC.
3 Times Square, Suite 512
New York, NY 10036
(914) 222-3828
rachelk@njaclaw.org
*Pro Hac Vic*

*/s/ David F. Katz*
David F. Katz
THE D.F. KATZ LAW FIRM, LLC
1158 Jones Bridge Rd, Ste 420 PMB1090
Johns Creek, GA 30022
(404) 918-5707
Dkatz@dfkatzlawfirm.com
Ga. Bar. No. 408738

Josh Belinfante
Anna Edmondson
Miles Skedsvold
ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 14th Street, NW
Atlanta, GA 30318
 (678) 701-9320
mskedsvold@robbinsfirm.com
Ga. Bar No. 371576

Esther Panitch
THE PANITCH LAW GROUP, PC
4243 Dunwoody Club Dr., Suite 205
Atlanta, GA 30350
esther@panitchlawgroup.com
Ga. Bar. No. 143197

11

12

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) and 5.1(C), I hereby certify that this Response has been prepared using Times New Roman, 14 point font, and otherwise complies with the formatting requirements of the Local Rules of this Court.

*/s/ Rachel Sebbag*
Rachel Sebbag, Esq.
Counsel for Plaintiff Joshua Winer

13

## CERTIFICATE OF SERVICE

I certify that on August 12, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's electronic filing system, which will send a copy to all counsel of record.

/s/ Rachel Sebbag

Rachel Sebbag, Esq.
Counsel for Plaintiff Joshua Winer
