UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

-----------------------------------------------------------------------------------x

Joshua Winer,

Plaintiff,

v.

Case No. 1:25-CV-02329

Umaymah Mohammad, AJP Educational Foundation, Inc.
A/K/A American Muslims for Palestine, WESPAC Foundation, Inc.,
Sean Eren as the representative of National Students for Justice in
Palestine, Doctors Against Genocide Society, CAIR-Nga Inc.
A/K/A CAIR-Georgia, CAIR Foundation Inc.,
A/K/A Council on Islamic Relations or CAIR, Rupa Marya,
Ibrahim Jouja as representative of Emory Students for Justice
in Palestine.

Defendants.

-----------------------------------------------------------------------------------x

**REPLY DECLARATION OF JONATHAN WALLACE IN SUPPORT OF MOTION TO ACCEPT LATE FILING**

Jonathan Wallace states as follows:

1. I am an attorney admitted to practice in the Southern District of New York, and pro hac vice in this matter. I am counsel to defendants Umaymah Mohammad, Rupa Marya and Ibrahim Jouja. I submit this declaration in reply to Plaintiff's opposition to our motion under FRCP Rule 6(b)(1)(B) for acceptance of our late-filed replies.

2. This is not an instance of paid counsel taking on too much or foolishly trying to do things he does not know how to do. I have stumbled into an ecological niche where I am the *pro bono* attorney of last resort for Arab and Muslim Americans being sued

nationwide who would be unable to find a lawyer but for me-- because they are being accused of antisemitism, or of supporting Hamas, and the great majority of America's 1.4 million attorneys won't touch these cases.

3. It took me about two months even to find local counsel to move me in *pro hac* in this case, and he is not someone who would have been available to take this case if I had not been available to lead it and do the work.

4. If not for me, Ms. Mohammad would be unrepresented and struggling, under great pressure and risk, to act *pro se.*

*5.* I am attaching a "Statement of Pro Bono Principles and Realities" I have been filing in new cases to explain to Courts my mission to represent the people no one else will, and the extremely constrained resources I bring to it. All of this is based on the premise that it is preferable for defendants like Ms. Mohammad, Dr. Marya and Ibrahim Jouja to have representation, and in fact if Arab and Muslim people and their supporters accused of antisemitism or support of terrorism were unable to find lawyers to defend them, the result would be a denial of access to justice of tragic proportions.

*5.* In my opinion, this case was very shamefully motivated. A powerful professor at Emory Medical School sued an Arab American student at the school in what I believe was a bad faith effort to drive her out of Emory. I cannot even conceive why Dr. Winer could have imagined that diversity jurisdiction would exist against someone he knew to be resident in Atlanta, attending Emory in person.

6. When we showed Dr. Winer there was no diversity, rather than dismissing the case, he added what in my opinion is an unsupported 1985(3) claim in an attempt to keep federal court jurisdiction.

6. Although we have not yet so moved, at least one other defendant in this matter has already moved for Rule 11 sanctions.

7. This motion practice is merely about whether Defendants' reply papers on Dr. Winer's motion to dismiss will be read by this Court. Dr. Winer has added a nonsequitur argument about sur-replies. In fact, that he had no reply available to the papers he is asking the Court not to read, supports the proposition that there will be no prejudice to him if the Court accepts them as late-filed.

8. It is respectfully and humbly requested that this Court exercise discretion to grant this motion for late filing.

/s/ Jonathan Wallace

Jonathan Wallace
PO #728
Amagansett NY 11930
917-359-6234
jonathan.wallace80@gmail.com
Counsel for Defendants
Mohammad, Marya and Jouja
Admitted Pro Hac Vice