**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Joshua Winer,<br><br>Plaintiff,<br><br>v.<br><br>Umaymah Mohammad, AJP Educational Foundation, Inc. A/K/A American Muslims For Palestine, WESPAC Foundation, Inc., Sean Eren as the representative of National Students for Justice in Palestine, Doctors Against Genocide Society, Cair-Nga Inc. A/K/A CAIR-Georgia, CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR, Rupa Marya, Ibrahim Jouja as representative of Emory Students for Justice in Palestine,<br><br>Defendants. | ) | CIVIL ACTION FILE<br>NO. 1:25-CV-02329-TWT |

**<u>DEFENDANT CAIR-FOUNDATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

COMES NOW Defendant, CAIR-Foundation, Inc., (hereinafter "**CAIR-Foundation**") in the above-styled action, and files its Answer and Affirmative Defenses to Plaintiff Joshua Winer's ("**Plaintiff**") Second Amended Complaint, showing the Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted against CAIR-Foundation.

## SECOND AFFIRMATIVE DEFENSE

No act or omission on the part of CAIR-Foundation in any way caused or contributed to the damages sought by way of Plaintiff's Second Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

The losses, if any, sustained by Plaintiff were the result of conduct of persons or entities over whom CAIR-Foundation has no control or responsibility, and for whose conduct CAIR-Foundation is thus not liable.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because the statements on which they are based are true.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because the statements on which they are based are opinions, not statements of fact.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the First Amendment to the United States Constitution; O.C.G.A. § 9-11.11.1; and O.C.G.A. § 51-5-7(4). Plaintiff's claims

arise out of an act or acts in furtherance of free speech in connection with an issue of public interest or concern.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Communications Decency Act (47 U.S.C. § 230(c)(1)) because Plaintiff seeks to hold CAIR-Foundation responsible for statements made and published by others.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against CAIR-Foundation are barred because there is no causal connection between any alleged act, error, or omission by CAIR-Foundation and Plaintiff's alleged injuries or damages.

**NINTH AFFIRMATIVE DEFENSE**

CAIR-Foundation hereby gives notice that it intends to rely upon such other defenses as may become apparent during discovery and thus expressly reserves the right to amend this Answer to assert such defenses.

**TENTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages against CAIR-Foundation in this case is improper, as there is an absence of a showing of malicious intent to cause harm to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of CAIR-Foundation's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article 1 of the Georgia Constitution because Georgia does not have sufficient procedural safeguards to ensure that the jury's discretion in awarding punitive damages is reasonably constrained. Therefore, any award of punitive damages would be an excessive and arbitrary deprivation of property without due process of law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees are unwarranted and unsupported by any construction of the facts of this case. As such, Plaintiff's claims for attorney's fees should be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, which seeks punitive damages, violates CAIR-Foundation's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates CAIR-Foundation's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and

therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

**FOURTEENTH AFFIRAMTIVE DEFENSE**

Without limiting the generality of the previous defense, an award of punitive damages against CAIR-Foundation would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) CAIR-Foundation had no notice of or means of ascertaining whether, or in what amount it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice is compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject CAIR-Foundation to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the alleged wrong done to Plaintiff, and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Auto, Ins. Co. v. Campbell, 538 U.S. 408 (2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); BMW of North America, Inc.

v. Gore, 517 U.S. 559 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990) for the imposition of a punitive award.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any attempted application of Georgia law in this case regarding any claim for "punitive damages" against CAIR-Foundation would be unconstitutional for the following reasons:

(1) CAIR-Foundation did nothing for which it should be punished, penalized, or deterred and therefore any recovery of "punitive damages" against CAIR-Foundation would deprive it of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2) Any recovery of "punitive damages" against CAIR-Foundation would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3) Any recovery of "punitive damages" against CAIR-Foundation would deprive it of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States

Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages against CAIR-Foundation cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages against CAIR-Foundation cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the

appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of CAIR-Foundation, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate CAIR-Foundation's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because any statements that may have been made by Defendant were in exercise of its free speech rights under the United States

Constitution or the Constitution of the State of Georgia in connection with an issue of public interest.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claim for punitive damages against CAIR-Foundation is permitted, any award should be subject to the applicable $250,000.00 punitive damages cap pursuant to O.C.G.A. §51-12-5.1(g).

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery because he was a limited public figure and there was no actual malice.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

CAIR-Foundation is a separate and distinct legal entity from CAIR-Nga, Inc. a/k/a CAIR-Georgia.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Answering now the separate paragraphs of Plaintiff's Second Amended Complaint (hereafter the "SAC" or "Plaintiff's SAC"), CAIR-Foundation shows the Court as follows:

**INTRODUCTION**

1.

In response to Paragraph 1, CAIR-Foundation admits that at all times pertinent to this litigation Umaymah Mohammad was a medical student at Emory

University School of Medicine and that Plaintiff was a physician and professor at Emory University School of Medicine. CAIR-Foundation denies the remaining allegations contained in Paragraph 1 of Plaintiff's SAC.

2.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 2 of Plaintiff's SAC.

3.

In response to Paragraph 3, CAIR-Foundation admits that Umaymah Mohammad appeared on *Democracy Now!*. CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 3 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 3 of Plaintiff's SAC.

4.

CAIR-Foundation admits that Mohammad was suspended from Emory's School of Medicine, but is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's SAC as stated and therefore denies the allegations contained in Paragraph 4 of Plaintiff's SAC.

5.

CAIR-Foundation denies that it published, reiterated, and/or expanded upon Umaymah Mohammad's statements. CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 5 of Plaintiff's SAC.

6.

In response to Paragraph 6, CAIR-Foundation denies that it worked with Umaymah Mohammed to provide her with a platform to disseminate statements about Plaintiff, and CAIR-Foundation specifically denies that it defamed Plaintiff or placed Plaintiff in a false light. CAIR-Foundation further denies that it engaged in a civil conspiracy with Umaymah Mohammed. CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 6 of Plaintiff's SAC.

7.

CAIR-Foundation denies the allegations contained in Paragraph 7 of Plaintiff's SAC.

8.

CAIR-Foundation denies the allegations contained in Paragraph 8 of Plaintiff's SAC.

9.

CAIR-Foundation denies the allegations contained in Paragraph 9 of Plaintiff's SAC.

10.

CAIR-Foundation denies the allegations contained in Paragraph 10 of Plaintiff's SAC.

11.

CAIR-Foundation denies the allegations contained in Paragraph 11 of Plaintiff's SAC.

**PARTIES**

12.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 12 of Plaintiff's SAC.

13.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 13 of Plaintiff's SAC.

14.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 14 of Plaintiff's SAC.

15.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 15 of Plaintiff's SAC.

16.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 16 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 16 of Plaintiff's SAC.

17.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 17 of Plaintiff's SAC.

18.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 18 of Plaintiff's SAC.

19.

In response to Paragraph 19, CAIR-Foundation admits that Defendant CAIR-NGA, Inc. is a registered 501(c)(3) nonprofit organization registered in Georgia. CAIR-Foundation denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint, as phrased.

20.

In response to Paragraph 20, CAIR-Foundation admits that it is a 501(c)(3) nonprofit organization registered in Washington, D.C. CAIR-Foundation further admits that its mission is to enhance understanding of Islam, protect civil rights, promote justice, and empower American Muslims and that it advocates for justice and mutual understanding. CAIR-Foundation admits that it has successfully challenged unconstitutional anti-BDS laws and that it opposed the Antisemitism Awareness Act. CAIR-Foundation further admits that it has received federal funding but denies that it received federal funding at any time period relevant to the allegations set forth in Plaintiff's SAC. CAIR-Foundation denies the remaining allegations contained in Paragraph 20 of Plaintiff's SAC, as phrased.

21.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 21 of Plaintiff's SAC.

## JURISDICTION AND VENUE

22.

CAIR-Foundation admits the allegations contained in Paragraph 22 of Plaintiff's SAC.

23.

CAIR-Foundation admits allegations contained in Paragraph 23 of Plaintiff's SAC.

24.

In response to Paragraph 24, CAIR-Foundation admits this Court has personal jurisdiction over CAIR-Foundation. CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 24 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 24 of Plaintiff's SAC.

25.

CAIR-Foundation admits the allegations contained in Paragraph 25 of Plaintiff's SAC.

## FACTUAL ALLEGATIONS

### 1. Background

### A. Mohammad Accused Emory and the School of Medicine of Being Complicit in Palestinian Genocide[1]

26.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's SAC, including Exhibit A thereto, and therefore denies the allegations contained in Paragraph 26 of Plaintiff's SAC, including Exhibit A thereto.

27.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's SAC, including Exhibit C thereto, and therefore denies the allegations contained in Paragraph 27 of Plaintiff's SAC, including Exhibit C thereto.

28.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 28 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 28 of Plaintiff's SAC.

---

[1] CAIR-Foundation includes the headings from Plaintiff's SAC for the sake of clarity only. CAIR-Foundation specifically denies any and all factual allegations contained in the headings within Plaintiff's SAC.

29.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 29 of Plaintiff's SAC, including the allegations contained in footnote 4 thereto, and therefore denies the allegations contained in Paragraph 29 of Plaintiff's SAC, including , including the allegations contained in footnote 4 thereto.

30.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 30 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 30 of Plaintiff's SAC.

31.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 31 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 31 of Plaintiff's SAC.

**B. The Times of Israel Published Plaintiff's Op-Ed Regarding Plaintiff's Service in the IDF**

32.

In response to Paragraph 32, CAIR-Foundation admits that on or about March 7, 2024, the *Times of Israel* published an article authored by Plaintiff titled "An Ongoing Quest to Serve." CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph

32 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 32 of Plaintiff's SAC.

33.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 33 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 33 of Plaintiff's SAC.

34.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 34 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 34 of Plaintiff's SAC.

35.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 35 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 35 of Plaintiff's SAC.

**C. Mohammad Made False Statements About Plaintiff in an Interview Conducted by Democracy Now!**

36.

In response to Paragraph 36, CAIR-Foundation admits that on or about April 26, 2024, Umaymah Mohammad appeared on *Democracy Now!*. CAIR-Foundation further admits that the block quotation in Paragraph 32 appears to accurately quote Umaymah Mohammad's statements to Amy Goodman on or about April 26, 2024.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 36 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 36 of Plaintiff's SAC.

37.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 37 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 37 of Plaintiff's SAC.

38.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 38 of Plaintiff's SAC, including footnote 7 thereto, and therefore denies the allegations contained in Paragraph 38 of Plaintiff's SAC, including footnote 7 thereto.

39.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 39 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 39 of Plaintiff's SAC.

40.

In response to Paragraph 40, CAIR-Foundation admits that the quotation in Paragraph 40 appears to accurately quote Umaymah Mohammad's statements to

Amy Goodman on or about April 26, 2024. CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 40 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 40 of Plaintiff's SAC.

41.

CAIR-Foundation denies the allegations contained in Paragraph 41 of Plaintiff's SAC as stated.

42.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 42 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 42 of Plaintiff's SAC.

**D. Mohammad Underwent Disciplinary Investigation and Was Suspended by the School of Medicine**

43.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 43 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 43 of Plaintiff's SAC.

44.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 44 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 44 of Plaintiff's SAC.

45.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 45 of Plaintiff's SAC, including Exhibit B thereto, and therefore denies the allegations contained in Paragraph 45 of Plaintiff's SAC, including Exhibit B thereto.

46.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 46 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 46 of Plaintiff's SAC.

47.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 47 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 47 of Plaintiff's SAC.

48.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 48 of Plaintiff's SAC, including footnote 8 thereto, and therefore denies the allegations contained in Paragraph 48 of Plaintiff's SAC, including footnote 8 thereto.

49.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 49 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 49 of Plaintiff's SAC.

**2. Mohammad Continued to Make False Statements About Plaintiff**

**A. Mohammad Made False Statements About Plaintiff on a Podcast**

50.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 50 of Plaintiff's SAC, including footnotes 9-10 thereto, and therefore denies the allegations contained in Paragraph 50 of Plaintiff's SAC, including footnotes 9-10 thereto.

51.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 51 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 51 of Plaintiff's SAC.

52.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 52 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 52 of Plaintiff's SAC.

53.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 53 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 53 of Plaintiff's SAC.

54.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 54 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 54 of Plaintiff's SAC.

**B. Mohammad Made False Statements About Plaintiff in an Op-Ed Published by *Mondoweiss***

55.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 55 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 55 of Plaintiff's SAC.

56.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 56 of Plaintiff's SAC, including footnote 11 thereto, and therefore denies the allegations contained in Paragraph 56 of Plaintiff's SAC, including footnote 11 thereto.

57.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 57 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 58 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 58 of Plaintiff's SAC.

59.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 59 of Plaintiff's SAC, including Exhibit C thereto, and therefore denies the allegations contained in Paragraph 59 of Plaintiff's SAC, including Exhibit C thereto.

60.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 60 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 60 of Plaintiff's SAC.

**C. Mohammad Made False Statements About Plaintiff at a Press Conference Held by CAIR Georgia**

61.

CAIR-Foundation admits the allegations contained in Paragraph 61 of Plaintiff's SAC.

62.

In response to Paragraph 62, CAIR-Foundation admits that Paragraph 62 appears to accurately quote Umaymah Mohammad's statements made on or about February 11, 2025. CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 62 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 62 of Plaintiff's SAC.

63.

CAIR-Foundation denies the allegations contained in Paragraph 63 of Plaintiff's SAC as stated.

64.

CAIR-Foundation denies the allegations contained in Paragraph 64 of Plaintiff's SAC as stated.

65.

CAIR-Foundation denies the allegations contained in Paragraph 65 of Plaintiff's SAC as stated.

66.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 66 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 66 of Plaintiff's SAC.

**D. Mohammad's False Statements Were Publicized by News Outlets**

67.

In response to Paragraph 67, CAIR-Foundation admits that on or about February 11, 2025, WSB-TV aired a television segment regarding CAIR-NGA, Inc.'s press conference. CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 67 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 67 of Plaintiff's SAC.

68.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 68 of Plaintiff's SAC, including the image contained therein, and therefore denies the allegations contained in Paragraph 68 of Plaintiff's SAC, including the image contained therein.

69.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 69 of Plaintiff's SAC, including

footnote 13 thereto, and therefore denies the allegations contained in Paragraph 69 of Plaintiff's SAC, including footnote 13 thereto.

70.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 70 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 70 of Plaintiff's SAC.

71.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 71 of Plaintiff's SAC, including footnote 14 thereto, and therefore denies the allegations contained in Paragraph 71 of Plaintiff's SAC, including footnote 14 thereto.

72.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 72 of Plaintiff's SAC, including footnote 15 thereto, and therefore denies the allegations contained in Paragraph 72 of Plaintiff's SAC, including footnote 15 thereto.

73.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 73 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 73 of Plaintiff's SAC.

74.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 74 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 74 of Plaintiff's SAC.

75.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 75 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 75 of Plaintiff's SAC.

76.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 76 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 76 of Plaintiff's SAC.

**3. NSJP and DAG Published False Statements About Plaintiff**

77.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 77 of Plaintiff's SAC, including footnote 16 thereto, and therefore denies the allegations contained in Paragraph 77 of Plaintiff's SAC, including footnote 16 thereto.

78.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 78 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 78 of Plaintiff's SAC.

79.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 79 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 79 of Plaintiff's SAC.

80.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 80 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 80 of Plaintiff's SAC.

81.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 81 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 81 of Plaintiff's SAC.

82.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 82 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 82 of Plaintiff's SAC.

83.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 83 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 83 of Plaintiff's SAC.

84.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 84 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 84 of Plaintiff's SAC.

85.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 85 of Plaintiff's SAC, including the alleged "copies" therein, and therefore denies the allegations contained in Paragraph 85 of Plaintiff's SAC, including the alleged "copies" therein.

86.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 86 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 86 of Plaintiff's SAC.

87.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 87 of Plaintiff's SAC, including

the "reproduction" therein and footnote 18 thereto, and therefore denies the allegations contained in Paragraph 87 of Plaintiff's SAC, including the "reproduction" therein and footnote 18 thereto.

88.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 88 of Plaintiff's SAC, including the text box contained therein, and therefore denies the allegations contained in Paragraph 88 of Plaintiff's SAC, including the text box contained therein.

89.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 89 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 89 of Plaintiff's SAC.

90.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 90 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 90 of Plaintiff's SAC.

91.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 91 of Plaintiff's SAC, including

footnote 19 thereto, and therefore denies the allegations contained in Paragraph 91 of Plaintiff's Complaint SAC, including footnote 19 thereto.

92.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 92 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 92 of Plaintiff's SAC.

93.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 93 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 93 of Plaintiff's SAC.

94.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 94 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 94 of Plaintiff's SAC.

95.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 95 of Plaintiff's SAC, including the "copies" therein, and therefore denies the allegations contained in Paragraph 95 of Plaintiff's SAC, including the "copies" therein.

**4. Marya Published False Statements About Plaintiff**

96.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 96 of Plaintiff's SAC, including footnotes 20-21 thereto, and therefore denies the allegations contained in Paragraph 96 of Plaintiff's SAC, including footnotes 20-21 thereto.

97.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 97 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 97 of Plaintiff's SAC.

98.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 98 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 98 of Plaintiff's SAC.

99.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 99 of Plaintiff's SAC, including the image contained therein and footnote 22 thereto, and therefore denies the allegations contained in Paragraph 99 of Plaintiff's SAC, including the image contained therein and footnote 22 thereto.

100.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 100 of Plaintiff's SAC, including the image contained therein, and therefore denies the allegations contained in Paragraph 100 of Plaintiff's SAC, including the image contained therein.

101.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 101 of Plaintiff's SAC, including footnote 23 thereto, and therefore denies the allegations contained in Paragraph 101 of Plaintiff's SAC, including footnote 23 thereto.

102.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 102 of Plaintiff's SAC, including the image contained therein, and therefore denies the allegations contained in Paragraph 102 of Plaintiff's SAC, including the image contained therein.

103.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 103 of Plaintiff's SAC, including to footnote 24 thereto, and therefore denies the allegations contained in Paragraph 103 of Plaintiff's SAC, including to footnote 24 thereto.

104.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 104 of Plaintiff's SAC, including the image contained therein and footnote 25 thereto, and therefore denies the allegations contained in Paragraph 104 of Plaintiff's SAC, including the image contained therein and footnote 25 thereto.

105.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 105 of Plaintiff's SAC, including the image contained therein, and therefore denies the allegations contained in Paragraph 105 of Plaintiff's SAC, including the image contained therein.

106.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 106 of Plaintiff's SAC, including the image contained therein and footnote 26 thereto, and therefore denies the allegations contained in Paragraph 106 of Plaintiff's SAC, including the image contained therein and footnote 26 thereto.

107.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 107 of Plaintiff's SAC,

including footnote 27 thereto, and therefore denies the allegations contained in Paragraph 107 of Plaintiff's SAC, including the image contained therein and footnote 27 thereto.

108.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 108 of Plaintiff's SAC, including footnotes 28-29 thereto, and therefore denies the allegations contained in Paragraph 108 of Plaintiff's SAC, including footnotes 28-29 thereto.

109.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 109 of Plaintiff's SAC, including the images contained therein and footnotes 30-31 thereto, and therefore denies the allegations contained in Paragraph 109 of Plaintiff's SAC, including the images contained therein and footnotes 30-31 thereto.

110.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 110 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 110 of Plaintiff's SAC.

111.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 111 of Plaintiff's SAC, including footnote 32 thereto, and therefore denies the allegations contained in Paragraph 111 of Plaintiff's SAC, including footnote 32 thereto.

112.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 112 of Plaintiff's SAC, including the images contained therein and footnote 33 thereto, and therefore denies the allegations contained in Paragraph 112 of Plaintiff's SAC, including the images contained therein and footnote 33 thereto.

113.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 113 of Plaintiff's SAC, including the image contained therein and footnote 34 thereto, and therefore denies the allegations contained in Paragraph 113 of Plaintiff's SAC, including the image contained therein and footnote 34 thereto.

114.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 114 of Plaintiff's SAC,

including the images contained therein and footnote 35 thereto, and therefore denies the allegations contained in Paragraph 114 of Plaintiff's SAC, including the images contained therein and footnote 35 thereto.

115.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 115 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 115 of Plaintiff's SAC.

116.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 116 of Plaintiff's SAC, including the image contained therein and footnote 36 thereto, and therefore denies the allegations contained in Paragraph 116 of Plaintiff's SAC, including the image contained therein and footnote 36 thereto.

117.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 117 of Plaintiff's SAC, including the image contained therein and footnote 37 thereto, and therefore denies the allegations contained in Paragraph 117 of Plaintiff's SAC, including the image contained therein and footnote 37 thereto.

118.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 118 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 118 of Plaintiff's SAC.

**5. CAIR Georgia and CAIR National Made False Statements About Plaintiff**

In response to this Heading, CAIR-Foundation specifically denies the allegations contained in this Heading.

119.

In response to Paragraph 119, CAIR-Foundation admits that on February 11, 2025, CAIR-NGA, Inc. held a press conference calling on Emory University to reinstate Umaymah Mohammed. CAIR-Foundation further admits CAIR-NGA, Inc. issued a press release containing a link to Umaymah Mohammad's April 26, 2024 interview with *Democracy Now!*. CAIR-Foundation denies the remaining allegations contained in Paragraph 119 of Plaintiff's SAC.

120.

In response to Paragraph 120, CAIR-Foundation admits that Umaymah Mohammad spoke about her suspension during the press conference on February 11, 2025. CAIR-Foundation denies the remaining allegations contained in Paragraph 120 of Plaintiff's SAC.

121.

CAIR-Foundation denies the allegations contained in Paragraph 121 of Plaintiff's SAC.

122.

CAIR-Foundation denies the allegations contained in Paragraph 122 of Plaintiff's SAC, as phrased.

123.

In response to Paragraph 123, CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 123 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 123 of Plaintiff's SAC.

124.

In response to Paragraph 124, CAIR-Foundation admits that CAIR-NGA, Inc. tagged CAIR-Foundation as a collaborator in an Instagram post on February 11, 2025 (the "IG Post") containing the WSB-TV Segment regarding CAIR-NGA, Inc.'s February 11, 2025 press conference. CAIR-Foundation further admits that said Segment included footage from Umaymah Mohammed's April 26, 2024 *Democracy Now!* interview and that the block quotation in Paragraph 124 appears to accurately quote the WSB-TV reporter. CAIR-Foundation denies the remaining allegations contained in Paragraph 124 of Plaintiff's SAC.

125.

In response to Paragraph 125, CAIR-Foundation admits that the WSB-TV Segment showed a portion of Umaymah Mohammad's *Democracy Now!* interview and that the block quotation contained in Paragraph 125 appears to accurately quote Umaymah Mohammad during the *Democracy Now!* interview. CAIR-Foundation denies the remaining allegations contained in Paragraph 125 of Plaintiff's SAC.

126.

In response to Paragraph 126, CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 126 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 126 of Plaintiff's SAC.

127.

In response to Paragraph 127, CAIR-Foundation is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 127 of Plaintiff's SAC and therefore denies the remaining allegations contained in Paragraph 127 of Plaintiff's SAC.

128.

In response to Paragraph 128, CAIR-Foundation denies the remaining allegations contained in Paragraph 128 of Plaintiff's SAC.

129.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 129 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 129 of Plaintiff's SAC.

**6. Emory SJP Published False Statements About Plaintiff**

130.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 130 of Plaintiff's SAC, including footnote 41 thereto, and therefore denies the allegations contained in Paragraph 130 of Plaintiff's SAC, including footnote 41 thereto.

131.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 131 of Plaintiff's SAC, including footnote 42 thereto, and therefore denies the allegations contained in Paragraph 131of Plaintiff's SAC, including footnote 42 thereto.

132.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 132 of Plaintiff's SAC, including the image contained therein, and therefore denies the allegations contained in Paragraph 132 of Plaintiff's SAC, including the image contained therein.

133.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 133 of Plaintiff's SAC, including the image contained therein and footnote 43 thereto, and therefore denies the allegations contained in Paragraph 133 of Plaintiff's SAC, including the image contained therein and footnote 43 thereto.

134.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 134 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 134 of Plaintiff's SAC.

135.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 135 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 135 of Plaintiff's SAC.

136.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 136 of Plaintiff's SAC, including the image contained therein, and therefore denies the allegations contained in Paragraph 136 of Plaintiff's SAC, including the image contained therein.

137.

CAIR-Foundation denies the allegations contained in Paragraph 137 of Plaintiff's SAC.

## CLAIMS FOR RELIEF

### COUNT 1
### All Defendants
### Defamation Per Se Under Georgia Law

138.

CAIR-Foundation incorporates and re-alleges its responses contained in Paragraphs 1 through 137 of its Answer as if fully set forth herein.

139.

Paragraph 139 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation denies the allegations contained in Paragraph 139 of Plaintiff's SAC, as phrased.

140.

Paragraph 140 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation denies the allegations contained in Paragraph 140 of Plaintiff's SAC, as phrased.

141.

Paragraph 141 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation denies the allegations contained in Paragraph 141 of Plaintiff's SAC, as phrased.

142.

Paragraph 142 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation denies the allegations contained in Paragraph 142 of Plaintiff's SAC, as phrased.

143.

CAIR-Foundation denies the allegations contained in Paragraph 143 of Plaintiff's SAC.

144.

CAIR-Foundation denies the allegations contained in Paragraph 144 of Plaintiff's SAC, including all subparts, as stated.

145.

CAIR-Foundation denies the allegations contained in Paragraph 145 of Plaintiff's SAC, including all subparts, as stated.

146.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 146 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 146 of Plaintiff's SAC.

147.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 147 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 147 of Plaintiff's SAC.

148.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 148 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 148 of Plaintiff's SAC.

149.

Paragraph 149 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 149 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 149 of Plaintiff's SAC.

150.

Paragraph 150 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required,

CAIR-Foundation denies the allegations, if any, contained in Paragraph 150 of Plaintiff's SAC.

151.

Paragraph 151 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 151 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 151 of Plaintiff's SAC.

152.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 152 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 152 of Plaintiff's SAC.

153.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 153 of Plaintiff's SAC, including all subparts, and therefore denies the allegations contained in Paragraph 153 of Plaintiff's SAC, including all subparts, as stated.

154.

CAIR-Foundation denies the allegations contained in Paragraph 154 of Plaintiff's SAC, including all subparts.

155.

CAIR-Foundation denies the allegations contained in Paragraph 155 of Plaintiff's SAC, as stated.

156.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 156 of Plaintiff's SAC, including all subparts, and therefore denies the allegations contained in Paragraph 156 of Plaintiff's SAC, including all subparts.

157.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 157 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 157 of Plaintiff's SAC.

158.

CAIR-Foundation denies the allegations contained in Paragraph 158 of Plaintiff's SAC.

159.

CAIR-Foundation denies the allegations contained in Paragraph 159 of Plaintiff's SAC.

160.

CAIR-Foundation denies the allegations contained in Paragraph 160 of Plaintiff's SAC.

**COUNT II**
**All Defendants**
**False Light Invasion of Privacy Under Georgia Law**

161.

CAIR-Foundation incorporates and re-alleges its responses contained in Paragraphs 1 through 160 of its Answer as if fully set forth herein.

162.

Paragraph 162 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation denies the allegations contained in Paragraph 162 of Plaintiff's SAC, as phrased.

163.

CAIR-Foundation denies the allegations contained in Paragraph 163 of Plaintiff's SAC.

164.

CAIR-Foundation denies the allegations contained in Paragraph 164 of Plaintiff's SAC.

165.

CAIR-Foundation denies the allegations contained in Paragraph 165 of Plaintiff's SAC.

166.

CAIR-Foundation denies the allegations contained in Paragraph 166 of Plaintiff's SAC.

167.

Paragraph 167 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required CAIR-Foundation denies the allegations contained in Paragraph 167 of Plaintiff's SAC, as phrased.

168.

CAIR-Foundation denies the allegations contained in Paragraph 168 of Plaintiff's SAC.

169.

CAIR-Foundation denies the allegations contained in Paragraph 169 of Plaintiff's SAC.

**COUNT III**
**All Defendants**
**Civil Conspiracy**

170.

CAIR-Foundation incorporates and re-alleges its responses contained in Paragraphs 1 through 169 of its Answer as if fully set forth herein.

171.

Paragraph 171 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation denies the allegations contained in Paragraph 171 of Plaintiff's SAC, as phrased.

172.

CAIR-Foundation denies the allegations contained in Paragraph 172 of Plaintiff's SAC.

173.

CAIR-Foundation denies the allegations contained in Paragraph 173 of Plaintiff's SAC as stated.

174.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 174 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 174 of Plaintiff's SAC.

175.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 175 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 175 of Plaintiff's SAC.

176.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 176 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 176 of Plaintiff's SAC.

177.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 177 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 177 of Plaintiff's SAC.

178.

In response to Paragraph 178, CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 178 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 178 of Plaintiff's SAC

179.

In response to Paragraph 179, CAIR-Foundation admits only that it accepted a collaboration request from CAIR-NGA, Inc. with respect to the February 11, 2025

IG Post. CAIR-Foundation denies the remaining allegations contained in Paragraph 179 of Plaintiff's SAC.

180.

CAIR-Foundation is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 180 of Plaintiff's SAC and therefore denies the allegations contained in Paragraph 180 of Plaintiff's SAC.

181.

CAIR-Foundation denies the allegations contained in Paragraph 181 of Plaintiff's SAC.

182.

CAIR-Foundation denies the allegations contained in Paragraph 182 of Plaintiff's SAC.

183.

CAIR-Foundation denies the allegations contained in Paragraph 183 of Plaintiff's SAC.

184.

CAIR-Foundation denies the allegations contained in Paragraph 184 of Plaintiff's SAC.

185.

CAIR-Foundation denies the allegations contained in Paragraph 185 of Plaintiff's SAC.

186.

CAIR-Foundation denies the allegations contained in Paragraph 186 of Plaintiff's SAC.

**COUNT IV**
**All Defendants**
**Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985(3)**

187.

CAIR-Foundation incorporates and re-alleges its responses contained in Paragraphs 1 through 186 of its Answer as if fully set forth herein.

188.

Paragraph 188 of Plaintiff's SAC sets forth a legal conclusion to which no response from CAIR-Foundation is required. To the extent a response is required, CAIR-Foundation admits that Paragraph 188 accurately recites the language of 42 U.S.C. § 1985(3). CAIR-Foundation denies the remaining allegations, if any, contained in Paragraph 188 of Plaintiff's SAC.

189.

CAIR-Foundation denies the allegations contained in Paragraph 189 of Plaintiff's SAC. Answering further, CAIR-Foundation incorporates by reference

this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

190.

CAIR-Foundation denies the allegations contained in Paragraph 190 of Plaintiff's SAC. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

191.

CAIR-Foundation denies the allegations contained in Paragraph 191 of Plaintiff's SAC. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

192.

CAIR-Foundation denies the allegations contained in Paragraph 192 of Plaintiff's SAC. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-

Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

193.

CAIR-Foundation denies the allegations contained in Paragraph 193 of Plaintiff's SAC. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

194.

In response to Paragraph 194, CAIR-Foundation admits that it has received federal funding in the past, but specifically denies that CAIR-Foundation received federal funding at any time relevant to the allegations contained in Plaintiff's SAC. CAIR-Foundation denies all remaining allegations contained in Paragraph 194 of Plaintiff's SAC.

195.

CAIR-Foundation denies the allegations contained in Paragraph 195 of Plaintiff's SAC, including all subparts. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

196.

CAIR-Foundation denies the allegations contained in Paragraph 196 of Plaintiff's SAC, including all subparts. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

197.

CAIR-Foundation denies the allegations contained in Paragraph 197 of Plaintiff's SAC. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

198.

CAIR-Foundation denies the allegations contained in Paragraph 198 of Plaintiff's SAC. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

199.

CAIR-Foundation denies the allegations contained in Paragraph 199 of Plaintiff's SAC. Answering further, CAIR-Foundation incorporates by reference this Court's Opinion and Order entered August 26, 2026 (Doc. 193) granting CAIR-Foundation's Motion to Dismiss in part, specifically as to the Title VII and § 1981 portions of Plaintiff's § 1985(3) claim.

200.

CAIR-Foundation denies the allegations contained in Paragraph 200 of Plaintiff's SAC.

201.

All other allegations contained in Plaintiff's SAC, including Plaintiff's Demand for Jury Trial and Prayer for Relief, including all subparts, not herein admitted or denied are hereby denied by CAIR-Foundation.

WHEREFORE, having fully defended, Defendant CAIR-Foundation, Inc. respectfully prays as follows:

A. Plaintiff's Second Amended Complaint be dismissed with prejudice;

B. CAIR-Foundation be granted a jury of twelve persons on all triable issues;

C. CAIR-Foundation be awarded its attorneys' fees and costs incurred in connection with the defense of this action;

D. For interest on the foregoing sums at the highest rate allowable at law; and

E. For such other and further relief as the Court deems appropriate.

This 9th day of September, 2026.

SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Kori E. Wagner***
Kori E. Wagner
Georgia State Bar No. 155438
Mollie W. Amick
Georgia State Bar No. 406371
***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.874.8800
Fax: 470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

## **CERTIFICATE OF COMPLAINCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Kori E. Wagner***
Kori E. Wagner
Georgia State Bar No. 155438
Mollie W. Amick
Georgia State Bar No. 406371
***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.874.8800
Fax: 470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

**CERTIFICATE OF SERVICE**

This is to certify that on the 9th day of September, 2026, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT CAIR-FOUNDATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Kori E. Wagner***

Kori E. Wagner
Georgia State Bar No. 155438
Mollie W. Amick
Georgia State Bar No. 406371
***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.874.8800
Fax: 470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

4918-5386-9138, v. 1