**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Joshua Winer,<br><br>Plaintiff,<br><br>v.<br><br>Umaymah Mohammad, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-02329 |

**[PROPOSED]**

**ORDER GRANTING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Dr. Joshua Winer's Motion to Reconsider part of this Court's August 26, 2026 rulings on Defendants CAIR-NGA, Inc. and CAIR-Foundation, Inc.'s motions to dismiss. *See* Dkt. Nos. 192, 193. Specifically, Plaintiff requests that this Court reconsider its holding that he has not alleged "Emory's federal funding as the linchpin for his Title VI-based § 1985(3) claim." Dkt. 192 at 19; *see also* Dkt. 193 at 24 (treating CAIR-Foundation, alone, as the relevant recipient of federal funds).

Plaintiff contends that he in fact alleged that Emory's receipt of federal funding provides a predicate for his § 1985(3) claim, *see* Dkt. 130 ¶ 12, and that the motions practice in this case shows the parties understood Plaintiff's Second Amended Complaint to allege such a claim, *see* Dkt. Nos. 109 at 15,

116 at 6, 129 at 14, 113 at 7, 140-1 at 19. Plaintiff further submits that reconsideration of this point does not require any substantive revision of this Court's orders, and, because the issue has been extensively briefed, causes no prejudice to Defendants.

Federal Rule of Civil Procedure 54(b) "governs a district court's reconsideration of interlocutory orders" like a motion to dismiss. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024). "Under Rule 54(b), district courts retain plenary power to reconsider an interlocutory order before the entry of final judgment," and whether or not to do so is a matter of the district court's discretion not subject to the higher standards applicable to motions under Rules 59(e) or 60(b). *Id.* at 1379, 1381.

Upon review, and for good cause shown, the Motion is hereby **GRANTED**. This order shall clarify that Plaintiff has alleged that Emory is a "program or activity receiving federal financial assistance" under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, for purposes of Plaintiff's claim under 42 U.S.C. § 1985(3), notwithstanding language in docket numbers 192 and 193 to the contrary.

**SO ORDERED** this ___ day of ______, 2026.

______________________________
The Honorable Thomas W. Thrash, Jr.
United States District Court for the
Northern District of Georgia

PRESENTED BY:

Lauren Israelovitch
lauren@njaclaw.org
Mark Goldfeder
mark@njaclaw.org
Ben Schlager
ben@njaclaw.org
NATIONAL JEWISH ADVOCACY CENTER, INC.
3 Times Square
New York, NY 10036

David Forman Katz
WEISSMANN ZUCKER EUSTER & KATZ, P.C.
The Fountains at Piedmont Center
3495 Piedmont Road
Building 11, Suite 950
Atlanta, GA 30305
dkatz@wzlegal.com

Esther Panitch
THE PANITCH LAW GROUP, PC
Suite 205
4243 Dunwoody Club Drive
Atlanta, GA 30350
esther@panitchivory.com

*/s/ Miles C. Skedsvold*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Anna Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Miles C. Skedsvold
Georgia Bar No. 371576
mskedsvold@robbinsfirm.com
ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

*Attorneys for Plaintiff*