**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Joshua Winer,<br>Plaintiff,<br>v.<br>Umaymah Mohammad, AJP Educational Foundation, Inc. A/K/A American Muslims for Palestine, WESPAC Foundation, Inc., Sean Eren as the representative of National Students for Justice in Palestine, Doctors Against Genocide Society, CAIR-Nga Inc. A/K/A CAIR-Georgia, CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR, Rupa Marya, Ibrahim Jouja as representative of Emory Students for Justice in Palestine.<br>Defendants. | Case No. 1:25-CV-02329 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CAIR-NGA, INC.**

Defendant CAIR-Nga, Inc. A/K/A CAIR-GEORGIA ("CAIR-Georgia"), by and through its undersigned counsel, hereby serves its Answer to the Second Amended Complaint filed by Plaintiff Joshua Winer ("Plaintiff" or "Winer") as follows. Defendant denies the allegations and characterizations in the Complaint unless expressly admitted herein. Defendant incorporates the headings used by Plaintiff in the Complaint for the convenience and ease of reference, and denies any allegations, assertions, and inferences associated with the same.

## INTRODUCTION

1. To the extent Paragraph 1 is a characterization of the Complaint, CAIR-Georgia cannot admit or deny. CAIR-Georgia admits that Umaymah Mohammad was a medical student at Emory University School of Medicine and that Plaintiff is a physician and professor at Emory University School of Medicine. CAIR-Georgia denies that any of the remaining claims asserted have merit.

2. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 2.

3. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant admits that Umaymah Mohammad appeared on *Democracy Now!,* and that her statements appeared in various additional outlets. CAIR-Georgia is without knowledge to admit or deny any of the remaining allegations in Paragraph 3.

4. Defendant admits that Umaymah Mohammad was suspended from Emory's School of Medicine. CAIR-Georgia is without knowledge to admit or deny any of the remaining allegations in Paragraph 4.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## PARTIES

12. Defendant is without knowledge to admit or deny the allegations in Paragraph 12.

13. Defendant is without knowledge to admit or deny the allegations in Paragraph 13.

14. Defendant is without knowledge to admit or deny the allegations in Paragraph 14.

15. Defendant is without knowledge to admit or deny the allegations in Paragraph 15.

16. Defendant is without knowledge to admit or deny the allegations in Paragraph 16.

17. Defendant is without knowledge to admit or deny the allegations in Paragraph 17.

18. Defendant is without knowledge to admit or deny the allegations in Paragraph 18.

19. Defendant's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant admits it is a 501(c)(3) organization. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant is without knowledge to admit or deny the allegations in Paragraph 20.

21. Defendant is without knowledge to admit or deny the allegations in Paragraph 21.

## JURISDICTION AND VENUE

22. Admitted.

23. Admitted.

24. Defendant denies the factual allegations in Paragraph 24, but consents to jurisdiction in this Court.

25. Defendant is without knowledge to admit or deny the allegations in Paragraph 25.

## FACTUAL ALLEGATIONS

### 1. Background

#### A. Mohammad Accused Emory and the School of Medicine of Being Complicit in Palestinian Genocide

26. Defendant admits that Mohammand was a PhD candidate in the Sociology Department at Emory and a medical student at the School of Medicine. Mohammad's statements speak for themselves, and Defendant denies any

allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 26.

27. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 27.

28. Defendant is without knowledge to admit or deny the allegations in Paragraph 28.

29. Defendant is without knowledge to admit or deny the allegations in Paragraph 29.

30. Defendant is without knowledge to admit or deny the allegations in Paragraph 30.

31. Defendant is without knowledge to admit or deny the allegations in Paragraph 31.

**B. The Times of Israel Published Plaintiff's Op-Ed Regarding Plaintiff's Service in the IDF**

32. Defendant admits that on or about March 7, 2024, the *Times of Israel* published an article authored by Plaintiff titled "An Ongoing Quest to Serve." His statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 32.

33. Defendant is without knowledge to admit or deny the allegations in Paragraph 33.

34. Defendant is without knowledge to admit or deny the allegations in Paragraph 34.

35. Defendant is without knowledge to admit or deny the allegations in Paragraph 35.

**C. Mohammad Made False Statements About Plaintiff in an Interview Conducted by Democracy Now!**

36. Defendant admits that on or about April 26, 2024, Mohammad appeared on *Democracy Now!*. Defendant further admits that the block quotation in Paragraph 36 appears to accurately quote Mohammad's statement on or about April 26, 2024. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 36.

37. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 37.

38. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 38.

39. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 39.

40. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 40.

41. Denied.

42. Defendant denies that Plaintiff did not participate in genocide. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 42.

### D. Mohammad Underwent Disciplinary Investigation and Was Suspended by the School of Medicine

43. Defendant is without knowledge to admit or deny the allegations in Paragraph 43.

44. Defendant is without knowledge to admit or deny the allegations in Paragraph 44.

45. Defendant is without knowledge to admit or deny the allegations in Paragraph 45.

46. Defendant is without knowledge to admit or deny the allegations in Paragraph 46.

47. Defendant is without knowledge to admit or deny the allegations in Paragraph 47.

48. Defendant is without knowledge to admit or deny the allegations in Paragraph 48.

49. Defendant is without knowledge to admit or deny the allegations in Paragraph 49.

**2. Mohammad Continued to Make False Statements About Plaintiff**

**A. Mohammad Made False Statements About Plaintiff on a Podcast**

50. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 50.

51. Defendant is without knowledge to admit or deny the allegations in Paragraph 51.

52. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 52.

53. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 53.

54. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 54.

### B. Mohammad Made False Statements About Plaintiff in an Op-Ed Published by *Mondoweiss*

55. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 55.

56. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 56.

57. Defendant is without knowledge to admit or deny the allegations in Paragraph 57.

58. Defendant is without knowledge to admit or deny the allegations in Paragraph 58.

59. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 59.

60. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 60.

**C. Mohammad Made False Statements About Plaintiff at a Press Conference Held by CAIR-Georgia**

61. Admitted.

62. Admitted.

63. Defendant admits that the block quotation in Paragraph 63 appears to accurately quote Mohammad's statement on February 11, 2025. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 63.

64. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. The remaining allegations are denied.

65. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. The remaining allegations are denied.

66. Defendant is without knowledge to admit or deny the allegations in Paragraph 66.

**D. Mohammad's False Statement Were Publicized by News Outlets**

67. Defendant admits that on or about February 11, 2025, WSB-TV aired a televised segment on CAIR-Georgia's Press Conference. The statements made in that press conference speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 67.

68. Mohammad's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 68.

69. The statements made by the Atlanta Community Press Collective speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the allegations in Paragraph 69.

70. Defendant is without knowledge to admit or deny the allegations in Paragraph 70.

71. Defendant admits that on or about February 13, 2025, Fox5 aired a televised segment that included footage of CAIR-Georgia's Press Conference. The statements from the press conference speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 71.

72. The statements of the Guardian speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 72.

73. The statements of the Guardian speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 73.

74. The statements of the Guardian speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 74.

75. The statements of the Guardian speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 75.

76. Defendant is without knowledge to admit or deny the allegations in Paragraph 76.

**3. NSJP and DAG Published False Statements About Plaintiff**

77. Defendant is without knowledge to admit or deny the allegations in Paragraph 77.

78. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 78.

79. Defendant is without knowledge to admit or deny the allegations in Paragraph 79.

80. Defendant is without knowledge to admit or deny the allegations in Paragraph 80.

81. Defendant is without knowledge to admit or deny the allegations in Paragraph 81.

82. Defendant is without knowledge to admit or deny the allegations in Paragraph 82.

83. Defendant is without knowledge to admit or deny the allegations in Paragraph 83.

84. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 84.

85. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 85.

86. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 86.

87. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 87. Defendant denies any allegations included in the "reproduction" therein.

88. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 88.

89. The phone script speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 89.

90. Defendant is without knowledge to admit or deny the allegations in Paragraph 90.

91. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 91.

92. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 92.

93. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 93.

94. Defendant is without knowledge to admit or deny the allegations in Paragraph 94.

95. The statements of the NSJP and DAG speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the allegations in Paragraph 95.

**4. Marya Published False Statements About Plaintiff**

96. Defendant is without knowledge to admit or deny the allegations in Paragraph 96.

97. Defendant is without knowledge to admit or deny the allegations in Paragraph 97.

98. Defendant is without knowledge to admit or deny the allegations in Paragraph 98.

99. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 99.

100. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 100.

101. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 101.

102. Defendant is without knowledge to admit or deny the allegations in Paragraph 102. Defendant denies any allegations included in the image therein.

103. Defendant is without knowledge to admit or deny the allegations in Paragraph 103.

104. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 104.

105. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 105.

106. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 106.

107. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 107.

108. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 108.

109. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 109.

110. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 110.

111. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 111.

112. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 112.

113. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 113.

114. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 114.

115. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 115.

116. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny

the remaining allegations in Paragraph 116. Defendant denies any allegations included in the image therein.

117. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 117.

118. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 118.

**5. CAIR-Georgia and CAIR National Made False Statement About Plaintiff**

CAIR-Georgia specifically denies the allegations contained in this heading.

119. Defendant admits that on February 11, 2025, CAIR-Georgia held a Press Conference calling on Emory University to reinstate Umaymah Mohammed. The statements of CAIR-Georgia speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies all other allegations in Paragraph 119.

120. Marya's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. The remaining allegations are denied.

121. Denied.

122. Mahmood's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. The remaining allegations are denied.

123. The statements made during the press conference speak for themselves, and Defendant denies any allegations inconsistent therewith. The remaining allegations are denied.

124. Defendant's statements speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant admits it published the WSB-TV segment regarding the Press Conference in collaboration with CAIR-Foundation on February 11, 2025. Defendant denies all other allegations in Paragraph 124.

125. Defendant admits the WSB-TV Segment showed a portion from Mohammad's Democracy Now Interview. The statements in the WSB segment speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies all other allegations in Paragraph 125.

126. The comments statements speak for themselves, and Defendant denies any allegations inconsistent therewith. The remaining allegations are denied.

127. Defendant admits to posting on Instagram a screenshot of the Guardian Article on March 24, 2025. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant denies all other allegations in Paragraph 127.

128. Defendant admits to posting on Instagram a screenshot of the Guardian Article on March 24, 2025. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant denies all other allegations in Paragraph 128.

129. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant denies all other allegations in Paragraph 129.

**6. Emory SJP Published False Statement About Plaintiff**

130. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 130.

131. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 131.

132. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 132.

133. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 133.

134. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 134.

135. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 135.

136. The Instagram post speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant is without knowledge to admit or deny the remaining allegations in Paragraph 136.

137. Denied.

## CLAIMS FOR RELIEF

### COUNT I
### All Defendants
### Defamation Per Se Under Georgia Law

138. Paragraph 138 does not require a response. Defendant incorporates its prior responses herein.

139. Paragraph 139 is a legal conclusion to which no response is required.

140. Paragraph 140 is a legal conclusion to which no response is required.

141. Paragraph 141 is a legal conclusion to which no response is required.

142. Paragraph 142 is a legal conclusion to which no response is required.

143. Denied.

144. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

145. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

146. Defendant is without knowledge to admit or deny the allegations in Paragraph 146.

147. Defendant is without knowledge to admit or deny the allegations in Paragraph 147.

148. Defendant is without knowledge to admit or deny the allegations in Paragraph 148.

149. Paragraph 149 is a legal conclusion to which no response is required.

150. Paragraph 150 is a legal conclusion to which no response is required.

151. Paragraph 151 is a legal conclusion to which no response is required.

152. Defendant is without knowledge to admit or deny the allegations in Paragraph 152.

153. Defendant is without knowledge to admit or deny the allegations in Paragraph 153.

a. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(a).

b. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(b).

c. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(c).

d. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(d).

e. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(e).

f. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(f).

g. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(g).

h. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(h).

i. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(i).

j. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(j).

k. Defendant is without knowledge to admit or deny the allegations in Paragraph 153(k).

154. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

155. Denied.

156. Defendant is without knowledge to admit or deny the allegations in Paragraph 156.

a. Defendant is without knowledge to admit or deny the allegations in Paragraph 156(a).

b. Defendant is without knowledge to admit or deny the allegations in Paragraph 156(b).

157. Defendant is without knowledge to admit or deny the allegations in Paragraph 157.

158. Denied.

159. Denied.

160. Denied.

**COUNT II**
**All Defendants**
**False Light Invasion of Privacy Under Georgia Law**

161. Paragraph 161 does not require a response. Defendant incorporates its prior responses herein.

162. Paragraph 162 is a legal conclusion to which no response is required.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Paragraph 167 is a legal conclusion to which no response is required.

168. Denied.

169. Denied.

**COUNT III**
**All Defendants**
**Civil Conspiracy**

170. Paragraph 170 does not require a response. Defendant incorporates its prior responses herein.

171. Paragraph 171 is a legal conclusion to which no response is required.

172. Denied.

173. Denied.

174. Defendant is without knowledge to admit or deny the allegations in Paragraph 174.

175. Defendant is without knowledge to admit or deny the allegations in Paragraph 175.

176. Defendant is without knowledge to admit or deny the allegations in Paragraph 176.

177. Defendant is without knowledge to admit or deny the allegations in Paragraph 177.

178. The statements attributed to CAIR-Georgia speak for themselves, and Defendant denies any allegations inconsistent therewith. The remaining allegations are denied.

179. The statements attributed to CAIR-Georgia speak for themselves, and Defendant denies any allegations inconsistent therewith. The remaining allegations are denied.

180. Defendant is without knowledge to admit or deny the allegations in Paragraph 180.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

**COUNT IV**
**All Defendants**
**Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985(3)**

187. Paragraph 187 does not require a response. Defendant incorporates its prior responses herein.

188. Paragraph 188 is a legal conclusion to which no response is required.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

196. Denied.

a. Denied.

b. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

## PRAYER FOR RELIEF

CAIR-Georgia denies that Dr. Winer is entitled to any relief.

## AFFIRMATIVE DEFENSES

CAIR-Georgia asserts the following defenses without assuming the burden of proof or any other burden, if such burden would otherwise be on Plaintiff. The defenses asserted below are based on information that is currently known to CAIR-Georgia. CAIR-Georgia hereby gives notice that it intends to rely upon such other and further defenses as may become known or available during this litigation, and they reserve the right to amend their Answer to assert any such defense(s).

## FIRST DEFENSE

Plaintiff's claims against CAIR-Georgia are barred, in whole or in part, because the Second Amended Complaint fails to state a claim against CAIR-Georgia upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against CAIR-Georgia are barred by all applicable privileges, including, but not limited to, the privileges set forth in O.C.G.A. § 51-5-7, the privilege to inform the public, and constitutional privileges of freedom of speech and freedom of the press.

**THIRD DEFENSE**

Plaintiff's claims against CAIR-Georgia are barred because the statements at issue that were published by CAIR-Georgia were privileged or otherwise subject to the actual malice standard, and CAIR-Georgia did not publish any such statements with actual malice.

**FOURTH DEFENSE**

Plaintiff's claims against CAIR-Georgia are barred because any statement for which CAIR-Georgia could be liable concerns a limited purpose or vortex public figure, and Plaintiff cannot prove actual malice.

**FIFTH DEFENSE**

Plaintiff's claims against CAIR-Georgia are barred because CAIR-Georgia at all times exercised due care and did not act with the requisite degree of fault.

**SIXTH DEFENSE**

Plaintiff's claims against CAIR-Georgia are barred, in whole or in part, because Plaintiff cannot prove that CAIR-Georgia's statements and the statements of others with whom it allegedly conspired are false, either because the statements are not capable of being proven true or false or are true, opinion, political hyperbole, or other protected, nonactionable speech.

## SEVENTH DEFENSE

Plaintiff's invasion of privacy claims against CAIR-Georgia are barred because any statements published by CAIR-Georgia were made as part of a report to the public on a matter of public interest and concern, public debate, and political advocacy.

## EIGHTH DEFENSE

Plaintiff's claims against CAIR-Georgia are barred because Plaintiff's damages, if any, were not proximately caused by the actions or omissions of CAIR-Georgia, but were instead caused by the actions or omissions of persons or entities other than CAIR-Georgia, including but not limited to statements and publications of third-parties and Plaintiff.

## NINTH DEFENSE

Plaintiff's claims against CAIR-Georgia are barred, in whole or in part, because Plaintiff failed to mitigate any alleged damages.

## TENTH DEFENSE

Plaintiff's claims against CAIR-Georgia are barred, in whole or in part, by O.C.G.A. § 51-5-10.

**ELEVENTH DEFENSE**

Plaintiff's claim for punitive damages against the CAIR-Georgia is barred because Plaintiff did not send a valid demand for retraction under O.C.G.A. § 51-5-11 before filing suit.

**TWELFTH DEFENSE**

Plaintiff's claim for punitive damages against CAIR-Georgia is barred because, under the circumstances of the case, an award of punitive damages would violate the United States Constitution and the Georgia Constitution.

**THIRTEENTH DEFENSE**

The CAIR-Georgia assert all defenses under Rule 8(c) and Rule 12(b) of the Federal Rules of Civil Procedure that may be proven by the evidence.

**PRAYER FOR RELIEF**

CAIR-Georgia denies each and every allegation not expressly admitted herein, including but not limited to, all claims for relief appearing in the paragraphs labeled as "PRAYER FOR RELIEF" in the Amended Complaint. In addition, the Complaint contains headings which do not require a response. To the extent such headings are deemed to contain any allegations to which a response is required, CAIR-Georgia denies all such allegations.

Respectfully submitted this 23rd day of September, 2026.

**BUCHALTER LLP**

/s/ *Amanda G. Hyland*
Amanda G. Hyland
Georgia Bar No. 325115
Austin C. Vining
Georgia Bar No. 362473
Cory Mull
Georgia Bar No. 595376
3475 Piedmont Road NE, Ste. 1100
Atlanta, GA 30305
(404) 832-7350 Telephone
ahyland@buchalter.com
avining@buchalter.com
cmull@buchalter.com

*Attorneys for Defendant CAIR-Georgia*

**CERTIFICATE OF COMPLIANCE WITH L.R. 5.1**

I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1.

/s/ *Amanda G. Hyland*
Amanda G. Hyland
Georgia Bar No. 325115

*Attorney for Defendant CAIR-Georgia*