IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA WINER,<br><br>Plaintiff,<br><br>v.<br><br>UMAYMAH MOHAMMAD, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-2329-TWT |

**PLAINTIFF'S MOTION TO MODIFY STAY OF DISCOVERY AND PRETRIAL DEADLINES**

Plaintiff Joshua Winer, by and through his undersigned counsel, respectfully moves the Court to modify its order staying discovery and pretrial deadlines, ECF 99 ("the Stay Order"), permitting discovery to proceed as to Defendants whose motions to dismiss have been decided, and to direct that discovery proceed as to those Defendants on a schedule measured from the Court's ruling on this motion.

The premise for agreeing to stay discovery was that Defendants' then-pending dispositive motions might terminate or streamline the claims against them; now that this Court has begun ruling on the various Defendants' motions defendant-by-defendant (e.g., CAIR-Georgia's and CAIR-Foundation's motions have been denied in part and granted in part), that premise no longer holds. In any event, the stay was only entered with the consent of the parties. Now that Plaintiff wishes to proceed

against Defendants whose motions have been denied, Plaintiff has the right to do so. This Court should therefore grant this Motion.

**Background**

On August 22, 2025, the parties filed a Joint Motion to Stay Discovery and Pretrial Deadlines Pending Ruling on Motions to Dismiss. ECF 92 (“Joint Motion”). The Joint Motion requested that the Court stay all discovery deadlines and pretrial obligations, pending the Court’s ruling on “all” Defendants’ motions to dismiss the First Amended Complaint. *Id.* ¶¶ 1, 8. The Joint Motion was premised on the parties’ agreement that discovery was not necessary to resolve the motions to dismiss and that resolving those motions “may . . . streamline this case,” avoiding unnecessary costs if any or all counts were dismissed. *Id.* ¶ 11. Indeed, Plaintiff was under the impression that the Court would rule on the various motions in one omnibus order disposing of all motions simultaneously, and did not anticipate motion-by-motion rulings over time.

The Court granted the Joint Motion and entered the Stay Order on August 28, 2025, ordering that “[a]ll discovery deadlines are stayed while the Court considers and until the Court rules upon the parties’ motions to dismiss[.]” ECF 99 at 1. The Order also stated that, “[s]hould the Court deny the motions to dismiss, in whole or in part,” discovery and pre-discovery deadlines would begin to run at specified intervals. *Id.* at 1–2 ¶¶ 4–6.

On August 26, 2026, almost exactly a year later—after a Second Amended Complaint was filed, new motions to dismiss were filed, and further motion practice ensued—the Court ruled on the motions to dismiss filed by CAIR-Georgia and CAIR-Foundation, denying them in substantial part. ECF 192, 193. The Court held that Plaintiff's claims against CAIR-Georgia and CAIR-Foundation for defamation per se, false light invasion of privacy, civil conspiracy, and conspiracy to interfere with civil rights under § 1985(3) based on a Title VI predicate may all proceed.

However, the various other Defendants' motions remain pending (Mohammad, Marya, Eren on behalf of National Students for Justice in Palestine, Jouja on behalf of Emory Students for Justice in Palestine, AJP Educational Foundation d/b/a American Muslims for Palestine ("AMP"), and Doctors Against Genocide ("DAG")), to say nothing of the patently frivolous motions for sanctions filed by AMP and DAG. It is not clear when the Court will rule on those pending motions, and therefore the case must either proceed to discovery on a defendant-by-defendant basis, or face lengthy delays before discovery can be had on a uniform schedule.

## Legal Standard

A district court has broad discretion to manage its docket, including whether to stay discovery while a dispositive motion is pending. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997). The Eleventh Circuit's policy

interest favoring a stay of discovery until after the adjudication of pre-discovery motions that challenge the sufficiency of the pleadings is expressly aimed at "legally unsupported" or "especially dubious" claims that would "unduly enlarge the scope of discovery." *Id.* at 1368. The default is that discovery proceeds: "A stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule." *JTH Tax, LLC v. Shaw*, No. 1:23-CV-02060-LMM, 2023 WL 12166516, at *4 n.7 (N.D. Ga. Nov. 1, 2023) (quotation and citation omitted).

A stay of discovery entered pending a motion to dismiss usually remains in force only until a dispositive motion is resolved; if the court denies the motion, the basis for the stay ordinarily falls away and the stay is lifted. *See, e.g.*, *Hesed-El v. McCord*, No. CV 117-146, 2019 WL 1441624, at *2 (S.D. Ga. Mar. 29, 2019), *aff'd*, 829 F. App'x 469 (11th Cir. 2020) ("Because the original motion to stay remained in force until the Court resolved Defendant McCord's original motion to dismiss, the denial of Defendant McCord's motion to dismiss lifted the initial stay."); *Kason Indus., Inc. v. Allpoints Foodservice Parts & Supplies, LLC*, No. 3:17-CV-26-TCB, 2018 WL 1980370, at *6 (N.D. Ga. Mar. 6, 2018) (lifting a stay on discovery because the motion to dismiss was denied); *Jones v. Ship*, No. CV-12-S-96-NW, 2012 WL 4339558, at *7 (N.D. Ala. Sept. 13, 2012) (explaining that because defendant's motion to dismiss was denied, the court would dissolve the stay previously entered

and directed the parties to "resume the discovery process forthwith, consistent with the Federal Rules of Civil Procedure").

Finally, the Court is empowered to modify or dissolve its own interlocutory orders, including an order to stay, given changed circumstances. Fed. R. Civ. P. 54(b); *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936) (lifting a stay because "an order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done"); *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016) ("[T]he Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case.").

**Argument**

When the parties jointly sought the stay more than a year ago, motions to dismiss the First Amended Complaint were pending or anticipated. ECF 92 ¶¶ 1–5. Since then, Plaintiff has filed a Second Amended Complaint, Defendants have filed new motions to dismiss, and the Court has begun resolving those motions on a defendant-by-defendant basis. While Plaintiff agreed to a stay of discovery while the motions were pending, Plaintiff was under the impression that the motions would be resolved in a single omnibus order, allowing discovery to proceed simultaneously as to all parties. Since that is not the case, and waiting for the resolution of all the

pending motions would unduly delay this case, it is appropriate to modify the stay accordingly.

For starters, the Stay Order does not clearly contemplate how the stay would operate if the motions to dismiss were resolved at different times. While the Joint Motion seeking the stay asked the Court "to stay all applicable pretrial and discovery deadlines pending the Court's ruling on all defendants' motions to dismiss," ECF 92 ¶ 8, the Stay Order does not use the same terms. Instead, the Stay Order provides that, if the motions to dismiss are denied in whole or in part, the applicable discovery deadlines run from the date of the Court's ruling. ECF 99 ¶¶ 4–6. Plaintiff joined the motion to stay discovery deadlines under the assumption that all the motions would be resolved at once. Since that is not the case, it makes sense to reevaluate whether and how the stay should operate going forward.

And besides, the parties' Joint Motion explained that they sought the stay because the pending motions to dismiss "may terminate the claims or significantly streamline this case." ECF 92 ¶ 11. But, at least as to those Defendants (like CAIR-Georgia and CAIR-Foundation) whose motions to dismiss have been denied, that reasoning no longer supports staying discovery. The Court has fully adjudicated their motions, and both were denied in substantial part. ECF 192 at 22; ECF 193 at 26. There is no prospect that further deferral of discovery as to such parties will spare anyone the cost of litigating claims that have already survived dismissal. To the

contrary, continuing to withhold discovery from such Defendants would convert a temporary, motion-driven stay into an open-ended delay while unrelated motions by other Defendants remain pending. That delay would postpone the exchange of information necessary to move these claims toward resolution and prejudice Plaintiff's ability to develop the record on claims the Court has already sustained.

Defendants CAIR-Georgia and CAIR-Foundation might *prefer* to delay discovery until all the motions to dismiss are resolved, but that is no reason to leave the stay in place. Simply put, this Court entered a stay with the consent of the parties—Plaintiff does not consent under these circumstances.

To be clear, Plaintiff does not ask the Court to lift the stay in its entirety. Plaintiff only asks for the stay to be dissolved as to those Defendants, like CAIR-Georgia and CAIR-Foundation, whose motions to dismiss are resolved. The stay would remain in place as to the remaining Defendants whose motions to dismiss have not yet been resolved, until such time as this Court rules on each Defendant's motion. Plaintiff requests only that the Stay Order be modified to provide that, to the extent each additional Defendant's motion is denied in whole or in part, discovery may proceed as to that Defendant. *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (vacating a stay that was determined to be "immoderate" in scope).

In the end, a plaintiff is entitled to proceed with their case when they are ready and able to do so. This is Plaintiff's case, and the benefits of simultaneous discovery for all Defendants versus the delay of waiting for resolution of all the motions to dismiss are his to weigh. So even if the parties originally contemplated that the motions to dismiss would be resolved by one order, and thus discovery would proceed all at once, it is Plaintiff's prerogative to proceed defendant-by-defendant instead. This Defendant-specific approach honors the purpose of the original Joint Motion while ensuring that this case progresses toward resolution without undue delay.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order modifying the stay of discovery and pretrial deadlines to provide that the stay terminates as to each Defendant upon the Court's resolution of its motion to dismiss.

As to the Defendants who currently meet that description—CAIR-NGA, Inc. and CAIR-Foundation, Inc.—Plaintiff respectfully requests an order to proceed with the Rule 26(f) early planning conference, the filing of a Joint Preliminary Report and Discovery Plan, and the service of initial disclosures, with discovery to commence on a schedule measured from the Court's ruling on this motion.

Respectfully submitted this 23rd day of September, 2026.

*/s/ Rachel Sebbag*
Rachel Sebbag
Lauren Israelovitch
Mark Goldfeder
Ben Schlager
NATIONAL JEWISH
ADVOCACY CENTER, INC.
3 Times Square, Suite 512
New York, NY 10036
(978) 491-5414
rachel@njaclaw.org
*Pro Hac Vice*

Josh Belinfante
Anna Edmondson
Miles Skedsvold
ROBBINS ALLOY BELINFANTE
LITTLEFIELD LLC
500 14th Street, NW
Atlanta, GA 30318
T: (678) 701-9320
E: mskedsvold@robbinsfirm.com
Ga. Bar No. 371576

/s/ David F. Katz
David F. Katz
THE D.F. KATZ LAW FIRM, LLC
1158 Jones Bridge Rd
Ste 420 PMB1090
Johns Creek, GA 30022
T: (404) 918-5707
Dkatz@dfkatzlawfirm.com
Ga. Bar. No. 408738

Esther Panitch
THE PANITCH LAW GROUP, PC
4243 Dunwoody Club Drive
Suite 205
Atlanta, GA 30350
esther@panitchlawgroup.com
Ga. Bar. No. 143197

## CERTIFICATE OF COMPLIANCE

By signature below, counsel certifies that the foregoing motion was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1(C).

*/s/ Rachel Sebbag*
Rachel Sebbag

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **MOTION TO MODIFY STAY OF DISCOVERY** with the Clerk of Court using the CM/ECF electronic filing system, which suffices for service on all counsel of record who have entered an appearance in the case under L.R. 5.1(A)(3).

This 23rd day of September, 2026.

*/s/ Rachel Sebbag*
Rachel Sebbag