**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Joshua Winer,<br><br>Plaintiff,<br><br>v.<br><br>Umaymah Mohammad, AJP Educational Foundation, Inc. A/K/A American Muslims For Palestine, WESPAC Foundation, Inc., Sean Eren as the representative of National Students for Justice in Palestine, Doctors Against Genocide Society, Cair-Nga Inc. A/K/A CAIR-Georgia, CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR, Rupa Marya, Ibrahim Jouja as representative of Emory Students for Justice in Palestine,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. 1:25-CV-02329-TWT |

**DEFENDANT CAIR-FOUNDATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY STAY OF DISCOVERY AND PRE-TRIAL DEADLINES**

COMES NOW Defendant, CAIR-Foundation, Inc., (hereinafter "**CAIR-Foundation**") in the above-styled action, by and through the undersigned counsel, and files its Response in Opposition to Plaintiff's Motion to Modify Stay of Discovery and Pre-Trial Deadlines ("Plaintiff's Motion to Modify"), respectfully showing as follows:

## I. BACKGROUND

Plaintiff brought this action against CAIR-Foundation, Inc. and eight additional defendants on April 25, 2025. *See* [Doc. 1]. On May 20, 2025, Plaintiff filed his Amended Complaint. *See* [Doc. 22]. Thereafter, each defendant individually moved to dismiss the Amended Complaint. *See* [Docs. 41, 63, 83, 94, 95, 96, 97, 101]. Plaintiff then moved for leave to amend his Complaint a third time (*see* [Doc. 114]), and leave was granted January 27, 2026. [Doc. 129]. Each defendant then moved to dismiss Plaintiff's Second Amended Complaint. *See* [Docs. 136, 140, 146, 148, 152, 153, 154, 163, and 166]. As of the filing of this Response, seven defendants' motions to dismiss remain pending, with only CAIR-Foundation's and CAIR-Nga's motions being decided. *See* [Docs. 192 and 193].

In August 2025, counsel for the parties conferred and for reasons of judicial economy, efficiency, and fairness to the parties, jointly moved the Court to exercise its broad discretion in managing discovery and to stay all applicable pre-trial and discovery deadlines pending the Court's ruling on *all* defendants' motions to dismiss. [Doc. 92]. The Court granted the joint motion on August 28, 2025. [Doc. 99]. Plaintiff now asks the Court to reverse course and lift the stay, despite the fact that seven defendants' motions to dismiss remain pending. For the reasons set forth herein, Plaintiff's Motion to Modify should be summarily denied.

**ARGUMENT AND CITATION TO AUTHORITY**

Despite consenting to the Joint Motion to Stay Discovery, Plaintiff now contends that his consent was premised on an assumption that "the motions would be resolved in a single omnibus order." [Doc. 201] at 5. Such a condition is notably absent from the Joint Motion to Stay. In fact, Plaintiff agreed in the Joint Motion to Stay that "it would be inefficient to require the parties to confer about the scope of discovery, to file joint preliminary reports and discovery plans, and to exchange initial disclosures when the resolution of defendants' motions to dismiss may terminate the claims or significantly streamline this case." [Doc. 92 at ¶ 11]. Plaintiff's Motion to Modify now seeks the precise inefficiency the Joint Motion (and the Court's Order granting the same) avoided: piecemeal and duplicative discovery initiated against one party while multiple additional parties have yet to fully appear.

With respect to CAIR-Foundation specifically, lifting the stay is particularly inefficient given CAIR-Foundation's limited role in the harm alleged by Plaintiff. CAIR-Foundation's alleged liability is isolated to one instance. [Doc. 130, ¶ 124]. Specifically, in Plaintiff's recitation of the facts, CAIR-Foundation does not even appear until paragraph 124 of the Second Amended Complaint. *Id.* Regardless, and simply because CAIR-Foundation's motion to dismiss was disposed first, Plaintiff seeks to lift the stay and proceed with discovery against CAIR-Foundation, despite

the fact that any prejudice to Plaintiff from the stay (to which Plaintiff voluntarily agreed) would be *de minimis* given CAIR-Foundation's minor role in this matter. Plaintiff's contention that the remaining motions to dismiss are "unrelated" ignores the fact that, as pleaded by Plaintiff, CAIR-Foundation's liability hinges on the actions of eight other defendants (as recounted in the 98 paragraphs of factual allegations preceding CAIR-Foundation's appearance as an actor in Plaintiff's Second Amended Complaint). *See* [Doc. 130, ¶¶ 26 – 124]. It is disingenuous to suggest that CAIR-Foundation is unaffected by the outcome of the remaining motions to dismiss. It bears noting that a majority of the delay in this matter was effected by Plaintiff filing a Second Amended Complaint after eight defendants filed motions to dismiss his Amended Complaint. *See* [Docs. 41, 63, 83, 94, 95, 96, 97, and 101].

Further, the authorities Plaintiff relies upon for his Motion to Modify are distinguishable. The *Chudasama* decision did not address a discovery stay. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1365 (11th Cir. 1997). Similarly, rather than a discovery stay, the Court in *JTH Tax, LLC* considered a motion to enforce a bankruptcy stay in a separate matter against a debtor. *JTH Tax, LLC v. Shaw*, No. 1:23-CV-02060-LMM, 2023 LEXIS 253819, at 5 (N.D. Ga. Nov. 1, 2023). *Trujillo* and *Landis* involved stays of discovery pending resolutions in separate proceedings. *See Trujillo v. Conover & Co. Communs., Inc.,* 221 F.3d 1262,

(explaining that a district court that exercises discretion to stay a case pending resolution of related proceedings *in another forum* must limit the scope of the stay); *and Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (discussing the stay of proceedings in one suit pending resolution of another). Finally, the opinions in *Hesed-El* and *Kason Indust.* considered stays in the context of a single motion to dismiss. *See Hesed-El v. McCord*, No. CV 117-146, 2019 LEXIS 60440, at 1-2 (S.D. Ga. March 29, 2019); *and Kason Indust. v. Allpoints Foodservice Parts & Supplies, LLC,* No. 3:17-CV-26-TCB, 2018 LEXIS 173096, at 6 (N.D. Ga. March 6, 2018).

This issue here is more complex given the multiple motions to dismiss that remain pending in this action. If Plaintiff's Motion to Modify is granted, the parties (Plaintiff included) will waste significant resources participating in piecemeal Rule 26(f) conferences and filing Joint Preliminary Planning Reports and Discovery Plans that may become obsolete as soon as any pending motion to dismiss is disposed. Assuming the Court continues disposing of the motions to dismiss on an individual basis, lifting the stay invites an unnecessary and inefficient discovery process. Any inconvenience or delay to Plaintiff in maintaining the stay is minimal in comparison.

## CONCLUSION

**WHEREFORE,** CAIR-Foundation respectfully moves this Court to deny Plaintiff's Motion to Modify, thereby keeping the stay in place.

This 2nd day of October, 2026.

SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Mollie W. Amick***
Kori E. Wagner
Georgia State Bar No. 155438
Mollie W. Amick
Georgia State Bar No. 406371
***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.874.8800
Fax: 470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

## CERTIFICATE OF COMPLAINCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Mollie W. Amick***
Kori E. Wagner
Georgia State Bar No. 155438
Mollie W. Amick
Georgia State Bar No. 406371
***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.874.8800
Fax: 470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com

**CERTIFICATE OF SERVICE**

This is to certify that on the 2nd day of October, 2026, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT CAIR-FOUNDATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY STAY OF DISCOVERY AND PRE-TRIAL DEADLINES** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Mollie W. Amick***
Kori E. Wagner
Georgia State Bar No. 155438
Mollie W. Amick
Georgia State Bar No. 406371
***Attorneys for Defendant CAIR-Foundation, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.874.8800
Fax: 470.600.5990
kori.wagner@swiftcurrie.com
molliebeth.amick@swiftcurrie.com