**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOSHUA WINER,<br><br>*Plaintiff*,<br><br>v.<br><br>UMAYMAH MOHAMMAD, *et al.*,<br><br>*Defendants.* | Civil Action No.<br>1:25-cv-02329-TWT |

**DEFENDANT AJP EDUCATIONAL FOUNDATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY STAY OF DISCOVERY AND PRETRIAL DEADLINES**

## I. INTRODUCTION

Defendant AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("Defendant" or "AMP") opposes Plaintiff Joshua Winer's ("Plaintiff" or "Dr. Winer") Motion to Modify Stay of Discovery and Pretrial Deadlines. Plaintiff's proposal would create unnecessary duplicative work and significantly harm Defendant. Therefore, Defendant AMP respectfully requests this Court deny Plaintiff's Motion in full and maintain the current stay of discovery until ruling on all pending Motions to Dismiss.

## II. BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this action on April 25, 2025. ECF No. 1. Plaintiff then filed his First Amended Complaint on May 20, 2025. ECF No. 22. Recognizing that motions to dismiss briefing was underway and that the parties would not need discovery to complete that briefing, Plaintiff and all Defendants agreed to a Joint Motion to Stay Discovery pending this Court's ruling on the motions to dismiss, filed on August 22, 2025. ECF No. 92. The Motion stated that "[f]or reasons of judicial economy, efficiency, and fairness to the parties" the Parties sought a stay "pending the Court's ruling on all defendants' motions to dismiss." *Id.* at 3 (emphasis added). This Court granted the Parties' Motion and ordered discovery stayed pending this Court's ruling "upon the parties' motions to dismiss." ECF No. 99 at ¶ 1. This Court also clearly delineated when discovery would commence pursuant to its orders on all motions. *Id.* ¶¶ 4-6.

Plaintiff sought permission to file, then did file, a Second Amended Complaint on January 27, 2026. ECF No. 130. This necessitated fresh briefing on the motions to dismiss. Briefing for all nine Defendants' motions concluded on May 25, 2026. ECF No. 182. Thereafter, this Court began issuing its ruling on the motions, starting with Defendants CAIR Foundation and CAIR Georgia on August 26, 2026. ECF Nos. 192-93. Plaintiff filed his Motion to Modify Stay of Discovery on September 23, 2026. This opposition follows.

## III. STANDARD OF REVIEW

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Roberts v. Freedom Mortg. Corp.*, Civil Action No. 2:21-cv-232-RWS-CCB, 2022 U.S. Dist. LEXIS 180211, at *6-7 (N.D. Ga. Aug. 5, 2022) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A party must demonstrate good cause, such as prejudice or harm, to justify lifting an existing stay. *Id.*, at *7; *see also King v. J.B. Hunt Transp., Inc.*, Civil Action No. 1:23-cv-03597-SDG-RDC, 2025 U.S. Dist. LEXIS 121102, at *3 (N.D. Ga. Mar. 27, 2025) (advising patience for the plaintiff because the court would "rule on Defendant's motion to dismiss in due course"). The pace for discovery remains "committed to the sound discretion of the district court." *Adams v. Equifax Info. Servs., LLC*, Civil Action No. 1:22-cv-04792-SEG-RDC, 2023 U.S. Dist. LEXIS 180900, at *6 (N.D. Ga. Oct. 6, 2023) (citing *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990)).

## IV. ARGUMENT

Plaintiff's proposed staggered discovery, which would be segmented as this Court rules on each motion to dismiss, would create excessive repetitive work for the parties and drain this Court's resources. *See* Plaintiff's Motion to Modify Stay of Discovery and Pretrial Deadlines at 8, ECF No. 201 (hereinafter "Pl.'s Mot."). This situation would harm Defendant AMP by requiring it to participate in discovery

to protect its interests prior to any ruling on its motion. Rather than encourage "judicial economy, efficiency, and fairness to the parties," Plaintiff's proposal will create confusion and chaos in an already convoluted matter. ECF No. 92.

Plaintiff requests this Court modify the current—and previously agreed—discovery stay on a party-by-party basis as this Court rules on the remaining pending motions to dismiss. Pl.'s Mot. at 8. Plaintiff now asserts he "was under the impression that the motions would be resolved in a single omnibus order, allowing discovery to proceed simultaneously as to all parties." *Id.* at 5. Plaintiff also asserts he joined the motion under that unspoken assumption, and therefore "does not consent under these circumstances." *Id.* at 6-7. Regardless of Plaintiff's assumptions, this Court issued the stay without restraint on its ability to issue rulings on the Motions. *See Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005) (highlighting a district court's "broad discretion" over discovery). The Order delineates clearly how and when discovery will proceed. ECF No. 99.

Rather than wait for the remainder of this Court's rulings, Plaintiff instead now insists that "waiting for resolution of all the pending motions would unduly delay this case." Pl.'s Mot. at 5-6. But Plaintiff fails to support this allegation of undue delay with any facts, beyond his conclusory statement that maintaining the stay will "postpone the exchange of information necessary to move these claims towards resolution and prejudice Plaintiff's ability to develop the record." *Id.* at 7.

No undue delay exists, and less than one year passed since Plaintiff filed the operative complaint. *See Hines v. First Citizens Bank*, Civil Action File No. 1:23-cv-2822-VMC-JKL, 2024 U.S. Dist. LEXIS 147174, at *3 (N.D. Ga. May 17, 2024) (explaining that no injustice exists simply because discovery may be delayed, where the party fails to explain why it could not effectively conduct discovery after the stay). Plaintiff has not shown good cause to amend the existing stay order.

Defendant AMP will face harm if discovery proceeds in the piecemeal fashion Plaintiff now proposes. Rather than waiting for this Court's rulings on the seven remaining pending motion to dismiss—including its own—Plaintiff's proposal will necessitate that AMP engage in at least some portions of the discovery process to ensure protection of its rights. For example, if discovery proceeds as to the CAIR Defendants, those Defendants would presumably seek Plaintiff's deposition. AMP, and likely other Defendants, will want to participate in any deposition of Plaintiff, and possibly others, that may take place. Plaintiff's proposal requires either that Defendants participate in discovery like this without having their motions decided, or that Plaintiff potentially sit for up to nine separate depositions as the Court rules on each Defendants' motions. *See Baine v. Citibank, N.A.*, Civil Action No. 1:18-CV-3024-AT-JSA, 2018 U.S. Dist. LEXIS 224594, at *4 (N.D. Ga. Oct. 10, 2018) (finding judicial economy better served by staying discovery until "the District Court issues a final ruling on <u>both</u> Motions to Compel Arbitration") (emphasis added). This

creates a vastly unfair situation for AMP and other Defendants, that contradicts both the plain language of the prior agreement of the parties and of this Court's resulting Order. *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1292 (N.D. Ga. 2009) (recognizing a district court's discretion to alter the discovery schedule "for the parties' and witnesses' convenience and in the interests of justice") (quotation corrected to accurately match the language of Fed. R. Civ. P. 26(d)(3)). Allowing Plaintiff the unjust advantage of multiple attempts to respond to likely overlapping discovery requests until he gets his answer just right, or requiring Defendants to choose between protecting their rights throughout all discovery conducted in this case or postponing unnecessary expense of discovery until this Court rules on their own motions, may be for Plaintiff's convenience, but it is not "for the parties' and witnesses' convenience." Fed. R. Civ. P. 26(d)(3).

Plaintiff cites only to cases that address resolution of a single motion to dismiss, or where the courts resolved all pending motions. Pl. Mot. at 4-5; *compare Hesed-El v. McCord*, Cause No. CV-117-146, 2019 U.S. Dist. LEXIS 60440, at *4 (S.D. Ga. Mar. 29, 2019) (recognizing that a stay unique to a single defendant automatically lifted upon resolution of that defendant's motion to dismiss); *Kason Indus., Inc. v. Allpoints Foodservice Parts & Supplies, LLC*, No. 3:17-CV-26-TCB, 2018 WL 1980370, at *6 (N.D. Ga. Mar. 6, 2018) (resolving the sole pending combined motion to dismiss and thereafter lifting the previous related stay); *Jones*

*v. Ship*, Cause No. CV-12-S-96-NW, 2012 U.S. Dist. LEXIS 130720 (N.D. Ala. Sept. 12, 2012) (resolving all pending motions and lifting previous stay); *Landis v. N. Am. Co*., 299 U.S. 248, 257 (1936) (dissolving an indefinite stay pending potential future appeals that could conceivably stretch on for many years, as broadly written originally and not reasonably connected to a narrow, specific upcoming result); *Dietz v. Bouldin*, 579 U.S. 40, 46-48) (2016) (analyzing the propriety of recalling a jury after its discharge and before entry of final judgment in a civil case).

Despite Plaintiff's unsupported claim that he should be able to go back on the existing agreement because "a plaintiff is entitled to proceed with their case when they are ready and able to do so," harms to Defendant AMP and likely other Defendants outweigh Plaintiff's request to lift the existing stay. Pl.'s Mot. at 8. Neither the Federal Rules nor this Court's precedent supports benefitting one party over another in establishing a discovery plan, and Plaintiff identifies no real harm caused by the current agreed stay other than his own impatience. That alone does not suffice.

## V. CONCLUSION

This Court maintains broad discretion to manage its own docket and decide how discovery proceeds in each case. With that discretion, this Court issued its Order staying discovery until after rulings on all the pending motions to dismiss. Rather than proceed in that organized, streamlined and agreed-upon manner, Plaintiff now

requests a chaotic and fragmented approach that could very likely prejudice Defendants like AMP. His only reason—that he basically made unstated presumptions and now feels a sense of "buyer's remorse" in light of this Court's preferred resolution of each pending motion—fails to constitute a showing of good cause that justifies lifting the agreed stay. Plaintiff's proposal would at best cause confusion and duplicative work as discovery proceeds, and at worst either allows Plaintiff multiple opportunities to respond to likely overlapping requests to him by each Defendant or forces Defendants to partake in discovery prior to resolution of their own timely filed and pending motions. None of those leads to judicial economy or justifies a change in the current course of this case. AMP therefore respectfully requests this Court deny Plaintiff's Motion in full.

Respectfully submitted this 7th day of October, 2026.

*<u>/s/ James M. Slater</u>*
James M. Slater
Georgia Bar No. 169869
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Christina A. Jump
(*pro hac vice* granted)
Jump Start Legal Justice Center PLLC
100 N. Central Expressway, Suite 537
Richardson, Texas 75080

(972) 992-5060
cjump@jump-start-legal.com

Samira S. Elhosary
(*pro hac vice* granted)
Constitutional Law Center for
Muslims in America*
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
selhosary@clcma.org

**COUNSEL FOR DEFENDANT AJP EDUCATION FOUNDATION, INC., d/b/a AMERICAN MUSLIMS FOR PALESTINE**

**The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

**CERTIFICATE OF COMPLIANCE WITH L.R. 5.1**

I certify that the foregoing document was prepared in Times New Roman 14-point font, as approved by Local Rule 5.1.

Dated: October 7, 2026

*/s/ James M. Slater*
James M. Slater
Georgia Bar No. 169869

**CERTIFICATE OF SERVICE**

The undersigned certifies that he caused the foregoing to be filed with the Clerk of the Court on October 7, 2026 through the Court's CM/ECF system, which will provide notice to all counsel of record.

*/s/ James M. Slater*
James M. Slater
Georgia Bar No. 169869