**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Joshua Winer,
Plaintiff,
v.
Umaymah Mohammad, AJP Educational Foundation, Inc. A/K/A American Muslims for Palestine, WESPAC Foundation, Inc., Sean Eren as the representative of National Students for Justice in Palestine, Doctors Against Genocide Society, CAIR-Nga Inc. A/K/A CAIR-Georgia, CAIR Foundation Inc., A/K/A Council on Islamic Relations or CAIR, Rupa Marya, Ibrahim Jouja as representative of Emory Students for Justice in Palestine.
Defendants.

Case No. 1:25-CV-02329

**DEFENDANT CAIR-NGA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY STAY OF DISCOVERY AND PRETRIAL DEADLINES**

Defendant CAIR-Nga, Inc., ("CAIR-Georgia") files this response in opposition to Plaintiff Joshua Winer's Motion to Modify Stay of Discovery and Pretrial Deadlines (the "Motion") [Doc. 201], which seeks modification of this Court's Order Granting Joint Motion to Stay Discovery and Pretrial Deadlines [Doc. 192] (the "Stay Order"). For the reasons set forth below, CAIR-Georgia respectfully requests that Plaintiff's Motion be denied.

## INTRODUCTION

Plaintiff's Motion essentially seeks to lift the stay as to two defendants and begin piecemeal discovery. Beyond the instant Motion, eleven motions are pending before the Court: (1) seven motions to dismiss, many of which contain arguments that Plaintiff failed to state a claim against all defendants, (2) Plaintiff's motion for reconsideration of the Court's orders granting in part and denying in part CAIR-Georgia and CAIR Foundation Inc.'s motions to dismiss, (3) CAIR-Georgia's motion for reconsideration of the Court's order on its motion to dismiss or, alternatively, certification of the order for appeal, (4) a motion to accept a late-filed brief, (5) a motion to strike a brief, and (6) two motions for sanctions. In a recent filing, Plaintiff also indicated that he may seek leave to file a third amended complaint. [Doc. 198 at 2 n.1]. To say that the parties do not yet have an understanding of which claims will proceed against which defendants, is an understatement.

Lifting the stay of discovery and pretrial deadlines in a piecemeal fashion is bound to introduce a host of unintended consequences, particularly in a case involving so many defendants. Discovery directed at the two defendants whose motions have been denied cannot realistically be segregated from discovery concerning the remaining defendants because the claims arise from the same alleged conduct and involve overlapping witnesses, documents, communications, and third-

party evidence. Moreover, each defendant will be required to conduct separate Rule 26 planning conferences and submit individual Joint Preliminary Report and Discovery Plans, the contents of which will inevitably have to be amended to account for the outcome of the various pending motions.

Plaintiff's proposed modification would inherently violate both the Federal Rules of Civil Procedure and this Court's Local Rules by mandating 26(f) conferences in a piecemeal fashion. Moreover, Plaintiff is not and will not experience any prejudice by the stay remaining in place as established case law forbids courts from making final decrees concerning some parties while similarly situated parties are continuing to litigate the same case. In sum, granting Plaintiff's Motion would create a logistical nightmare, violate multiple rules, and waste the Court's resources and cause unnecessary burden for the defendants. Accordingly, CAIR-Georgia respectfully requests that the Court deny the Motion and permit the Stay Order to remain in place.

**BACKGROUND**

Plaintiff filed this suit on April 25, 2025. [Doc. 1]. Plaintiff then filed a First Amended Complaint on May 20, 2025. [Doc. 22]. As the defendants began filing, and seeking extension of time to file, motions to dismiss the First Amended Complaint [*see, e.g.,* Doc. 41, 58, 63, 83, 88], counsel for the parties conferred and for reasons of judicial economy, efficiency, and fairness, filed a Joint Motion to Stay

Discovery and Pretrial Deadlines Pending Ruling on Motions to Dismiss [Doc. 92]. Specifically, the parties jointly moved the Court to exercise its broad discretion in managing discovery and "stay all applicable pre-trial and discovery deadlines pending the Court's ruling on *all defendants' motions to dismiss*[.]" [Doc. 92 at ¶ 8 (emphasis added)]. The parties expressly stated that

> [i]t would be inefficient to require the parties to confer about the scope of discovery, to file joint preliminary reports and discovery plans, and to exchange initial disclosures when the resolution of defendants' motions to dismiss may terminate the claims or significantly streamline this case. The requested stay will avoid unnecessary costs if the Court finds that any or all counts should be dismissed.

[*Id.* at ¶ 11]. The parties jointly requested the stay of deadlines "pending the Court's resolution of the *pending and expected motions to dismiss*." [*Id.* at ¶ 13].

The Court granted the joint motion on August 28, 2025. [Doc. 99]. The Court's Order states, among other things: "All discovery deadlines are stayed while the Court considers *and until the Court rules upon the parties' motions to dismiss*[.]" [*Id.* at ¶ 1 (emphasis added)].

After all of the defendants filed their motions to dismiss Plaintiff's First Amended Complaint [Docs. 41, 63, 83, 94–97, 101], Plaintiff sought leave to amend again [Doc. 109]. The Court granted Dr. Weiner's Motion to Amend the First Amended Complaint on January 27, 2026. [Doc. 129]. Each of the defendants again moved to dismiss. [Docs. 136, 140, 146, 148, 152–54, 163, 166].

On August 26, 2026, the Court issued its Order granting in part and denying in part CAIR-Georgia's motion to dismiss [Doc. 192] and its Order granting in part and denying in part CAIR-Foundation's motion to dismiss [Doc. 193]. Both Orders impacted the scope of claims Dr. Winter can pursue in this case. Seven motions to dismiss remain pending. [Docs. 146, 148, 152–54, 163, 166].

Numerous motions are pending that relate to the Court's Orders on CAIR-Georgia's and CAIR-Foundation's motions to dismiss. Plaintiff filed a Motion for Reconsideration. [Doc. 198]. In that filing, Plaintiff seeks to revive a count (Count IV) that stands largely dismissed and contemplates the filing of a third amended complaint and restarting (again) motion-to-dismiss briefing. [*Id.* at 2 n.1, 3–7, 8]. CAIR-Georgia and CAIR-Foundation have just filed responses to that motion. [Docs. 203, 204]. In addition, CAIR-Georgia filed a Motion for Reconsideration or, in the Alternative, to Amend Order to Certify for Interlocutory Appeal. [Doc. 199]. Resolution of that motion may also impact the scope of Plaintiff's claims.

CAIR-Foundation and CAIR-Georgia recently filed their Answers in September. [Docs. 196, 200].

Against this backdrop, Plaintiff filed the instant Motion to Modify Stay of Discovery and Pretrial Deadlines. [Doc. 201].

## APPLICABLE LEGAL STANDARD

Rule 1 of the Federal Rules commands that the Rules "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

The power of a federal district court to stay discovery in civil cases has two sources. The first is Federal Rule of Civil Procedure 26(c), which empowers courts to stay discovery if good cause is shown. Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . .").

The second source is the courts' inherent authority to control their dockets. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Courts exercise their authority to stay for various reasons, but the reason most pertinent to this motion is "judicial parsimony": "when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." § 2040 Limitation of Scope of Discovery, 8A Fed. Prac. & Proc. Civ. § 2040 (3d ed.). A party must demonstrate good cause, such as prejudice or harm, to justify lifting an existing stay. *Roberts v. Freedom Mortgage Corp.*, Civil Action No. 2:21-cv-232-RWS-CCB, 2022 U.S. Dist. LEXIS 180211, at *7 (N.D. Ga. Aug. 5, 2022).

## ARGUMENT

Plaintiff's requested relief flies in the face of the rationale the parties submitted in their Joint Motion to Stay Discovery and Pretrial Deadlines, would violate multiple rules, and would create unnecessary strain on the Court and the parties. The decision to deny Plaintiff's Motion is in the Court's discretion, and if the Court does so, Plaintiff will not be prejudiced. Plaintiff's Motion should therefore be denied.

### I. The Underlying Basis from the Joint Motion to Stay Discovery and Pretrial Deadlines Still Applies

In the Joint[1] Motion to Stay Discovery and Pretrial Deadlines Pending Ruling on Motions to Dismiss, the parties, *including Plaintiff*, explained that

> [I]t would be inefficient to require the parties to confer about the scope of discovery, to file joint preliminary reports and discovery plans, and to exchange initial disclosures when the resolution of defendants' motions to dismiss may terminate the claims or significantly streamline this case. The requested stay will avoid unnecessary costs if the Court finds that any or all counts should be dismissed.

[Doc. 92]. This reasoning still stands. Arguments raised by numerous defendants in their respective motions to dismiss could result in the dismissal of the Second Amended Complaint or termination of this action. [*See* Docs. 146-1, 153-1, 152-1, 154-1, 163-1, 166.] CAIR-Georgia's Motion for Reconsideration or, in the Alternative, to Amend Order to Certify for Interlocutory Appeal [Doc. 199] likewise

---

[1] Notably, the motion was a joint motion, rather than a consent motion, despite Plaintiff's characterization that he agreed to stay discovery. Motion at 1. Plaintiff did not merely consent to the stay; he jointly moved the Court for it.

may result in the dismissal of Plaintiff's § 1985(3) claim. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.").

Plaintiff correctly notes that the parties moved for the stay "because the pending motions to dismiss 'may terminate the claims or significantly streamline this case[,]' but incorrectly asserted that "at least to at least as to those Defendants whose motions to dismiss have been denied, that reasoning no longer supports staying discovery." Motion at 6 (internal citation and parenthetical omitted). As noted above, this logic ignores the still-pending motions to dismiss, which may further terminate or streamline the claims against CAIR-Georgia and CAIR-Foundation. Additionally, both Plaintiff and CAIR-Georgia have filed motions for reconsideration of the Court's Order granting in part and denying in part CAIR-Georgia's Motion to Dismiss. In other words, claims against CAIR-Georgia may still yet be terminated or streamlined and initiating discovery at this juncture would be premature.

The Supreme Court has articulated the harm presented by the relief Plaintiff seeks here. In *Ashcroft v. Iqbal*, the Court denied the petitioner's request to open discovery against some defendants while the complaint remained deficient as to as

to other defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). The Court explained that

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 685–86. The same rationale holds true here, especially where the defendants are included in multiple counts alleging conspiracy.

## II. Plaintiff's Request Would Violate the Federal Rules of Civil Procedure and the Local Rules

In his Motion, Plaintiff requests "only that the Stay Order be modified to provide that, to the extent each additional Defendant's motion is denied in whole or in part, discovery may proceed as to that Defendant." Motion at 7. However, the requested relief would violate both the Federal Rules of Civil Procedure and this Court's Local Rules.

FRCP 26(d)(1) prohibits a party from "seek[ing] discovery from a source before the parties have conferred as required by Rule 26(f). FRCP 26(f)(2) mandates that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14

days of the conference a written report outlining the plan." Finally, LR 16.1 requires "lead counsel for all parties . . . to confer in person in an effort to settle the case, discuss discovery, limit issues, and discuss other matters also addressed in the Joint Preliminary Report and Discovery Plan" prior to filing same.

In sum, the rules require (1) a Rule 26(f) conference to be held prior to discovery opening; (2) counsel for all parties to meet in person in an effort to settle the case, discuss discovery, limit issues, and discuss other matters prior to filing the Joint Preliminary Report and Discovery Plan. Plaintiff's proposed plan involves "[t]he stay . . . remain[ing] in place as to the remaining Defendants whose motions to dismiss have not yet been resolved, until such time as this Court rules on each Defendant's motion." However, the Stay Order specifically provides that "[t]he parties' obligation to participate in a Rule 26(f) conference is stayed." [Doc. 99 at ¶ 3]. It is therefore impossible to square the relief sought by Plaintiff with the federal and local rules, and on this basis alone, the Motion should be denied.

Additionally, from a policy perspective, this makes sense. Federal Rules of Civil Procedure 1 mandates that Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." However, if the Court were to grant the Motion, one of two scenarios would result: (1) counsel for defendants whose motions to dismiss have yet to be ruled on would be forced to participate in in-person

settlement conferences discussing settlement, discovery, limiting issues, and more, as well as depositions, all at the expense of their respective clients for a lawsuit that could very well be dismissed in the near future;[2] or (2) there will be incongruous discovery periods and a litany of Joint Preliminary Report and Discovery Plans and multiple versions of motions for protective and ESI orders. The first scenario flies in the face of the purpose of the Stay Order, and the second scenario is likewise untenable as it constitutes a waste of both the Court's and the parties' limited resources.

## III. Plaintiff Is Not Prejudiced by the Stay of Discovery

No prejudice to Plaintiff would result from the Court's denial of the Motion. Plaintiff argues that "waiting for the resolution of all of the pending motions would unduly delay this case." Motion at 5–6. However, this ignores well establish law that courts cannot make a final decree against one defendant while a cause is proceeding against others. The result could lead to incongruous outcomes, which is "unseemly and absurd, as well as unauthorized by law." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *see also Drill South, Inc. v. International Fidelity Insurance Co.*, 234 F.3d

[2] This is just a sample of the issues incongruous discovery periods could introduce. Additional issues that are likely to occur include witnesses being deposed twice, documents being produced in multiple rounds, and defendants being forced to coordinate on which depositions to take within their ten-deposition limit.

1232, 1237 n.8 (11th Cir. 2000) (explaining that "*Frow* has been interpreted to apply only when there is a risk of inconsistent adjudications").

The only way the stay could cause undue delay in the resolution of this matter is if the Court were to permit separate discovery tracks, separate trials, and separate final orders for the defendants. Without such, the stay causes no delay and promotes judicial economy. If any claims remain after the various motions to dismiss and motions for reconsideration are decided, Plaintiff will still have an equal and fair opportunity to conduct discovery against the remaining defendants in such a manner that does not create additional burden for the Court and the defendants.

## IV. The Authority to Control the Docket Rests with the Court, Not Plaintiff

Plaintiff's contentions that (1) "the stay was only entered with the consent of the parties"; (2) "[t]his is Plaintiff's case, and the benefits of simultaneous discovery for all Defendants versus the delay of waiting for resolution of all the motions to dismiss are his to weigh"; and (3) "it is Plaintiff's prerogative to proceed defendant-by-defendant" all ignore the standards for a stay of discovery. Motion at 1, 8. On the contrary, a stay of discovery is within the Court's discretion, not Plaintiff's. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

## CONCLUSION

For the foregoing reasons, CAIR-Georgia respectfully requests that the Court deny Plaintiff's Motion to Modify Stay of Discovery and Pretrial Deadlines.

Respectfully submitted this 7th day of October, 2026.

**BUCHALTER LLP**

/s/ *Amanda G. Hyland*
Amanda G. Hyland
Georgia Bar No. 325115
Austin C. Vining
Georgia Bar No. 362473
3475 Piedmont Road NE, Ste. 1100
Atlanta, GA 30305
(404) 832-7350 Telephone
ahyland@buchalter.com
avining@buchalter.com

*Attorneys for Defendant CAIR-Georgia*

**CERTIFICATE OF COMPLIANCE WITH L.R. 5.1**

I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1.

/s/ *Amanda G. Hyland*
Amanda G. Hyland
Georgia Bar No. 325115

*Attorney for Defendant CAIR-Georgia*