IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA WINER,<br><br>Plaintiff,<br><br>v.<br><br>UMAYMAH MOHAMMAD, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-2329-TWT |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO MODIFY STAY OF DISCOVERY AND PRETRIAL DEADLINES**

The Motion asks for something narrow and ordinary: that discovery proceed against a defendant once that defendant's motion to dismiss is resolved. CAIR-Foundation, CAIR-Georgia, and AMP (collectively, the "Opposing Defendants") repeatedly invoke Dr. Winer's participation in the joint motion for a stay entered last year, but that does not answer whether the stay remains justified *today* as to those defendants whose motions to dismiss have now been resolved. CAIR-Georgia's contention that the requested relief would "violate" the Federal Rules and this Court's Local Rules is also plainly wrong. Rule 26 expressly authorizes a court to permit discovery before the Rule 26(f) conference and to control the sequence of discovery. The Court can likewise modify the conference and reporting schedule under the Local Rules, just as it did when it entered the Stay Order. The Opposing

Defendants' concerns about overlapping discovery can be addressed through coordination and sequencing without continuing to shield defendants whose motions to dismiss have already been denied in substantial part. The Motion should be granted.

## Argument

### I. The rulings on the CAIR defendants' motions establish good cause to modify the stay.

A stay of discovery pending a motion to dismiss is "the exception rather than the rule." *JTH Tax*, *LLC v. Shaw*, 1:23-cv-2060, 2023 WL 12166516, at *4 n.7 (N.D. Ga. Nov. 1, 2023) (quoting *Cabrera v. Progressive Behavioral Sci. Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019)). In *JTH Tax*, for example, the court declined to stay discovery because the pending motions were "unlikely to dispose of the entire case," explaining that "several of Defendants' arguments, if successful, would dismiss only *some* of Plaintiff's claims from the case*." Id.* (emphasis in original); *Musson v. Jones,* No. 4:22-CV-124, 2022 WL 17491801, at *1 (S.D. Ga. July 6, 2022) (denying stay where only some defendants had moved to dismiss, so the motion "will not dispose of the entire case"). Here, this Court's rulings on CAIR-Georgia and CAIR-Foundation's motions to dismiss undermine the original purpose of the stay on essentially those same terms. The Court has already allowed substantial claims against those defendants to proceed, so the sensible next step is to allow discovery

on the claims against such defendants to proceed. Dr. Winer asks this Court to modify the stay of discovery to that effect.

CAIR-Foundation argues that *JTH Tax* is distinguishable because it concerned a bankruptcy stay. Dkt. 202 at 4. In footnote 7, the *JTH Tax* court expressly rejected a discovery stay pending motions to dismiss, finding those motions "unlikely to dispose of the entire case." 2023 WL 12166516, at *4 n.7. CAIR-Foundation cannot distinguish the discovery ruling Plaintiff cited by pointing to the order's separate bankruptcy analysis. *See* Dkt. 201 at 4.

AMP and CAIR-Georgia respond that Plaintiff must show "good cause" to lift an existing stay. Dkt. 205 at 3; Dkt. 206 at 6. And good cause is clear. The stay was always a temporary, motion-driven measure: the parties sought it because at the time, the pending motions "may terminate the claims or significantly streamline this case." Dkt. 92 ¶ 11. As to CAIR-Georgia and CAIR-Foundation, that contingency has resolved.

The Opposing Defendants also spend much of their briefing on Plaintiff's participation in the Joint Motion. They say the Joint Motion contained no omnibus-ruling condition. Dkt. 202 at 3; Dkt. 205 at 4. They emphasize that Plaintiff joined the motion rather than merely consenting to it. Dkt. 206 at 7 n.1. And they argue that the authority to control the docket belongs to the Court, not Plaintiff. Dkt. 205 at 7; Dkt. 206 at 12. None of those points answers whether the stay remains justified. The

Court retains authority and discretion to modify its interlocutory orders, including the Stay Order. *See Hornady v. Outokumpu Stainless USA, LLC,* 118 F.4th 1367, 1379 (11th Cir. 2024).

Here, the parties indeed sought a stay while motions to dismiss a prior pleading were pending. Dkt. 92 at 1. But Plaintiff agreed to do so under the mistaken assumption that the motions to dismiss would be resolved simultaneously. Since that was incorrect, the reality is that waiting for resolution of *all* the motions could delay the progress of this case for several more months or a year. Plaintiff is not forbidden from seeking an adjustment to the stay as conditions evolve. To the contrary, these circumstances present good cause to allow the litigation to proceed as to each Defendant whose motion is denied.

## II. CAIR-Georgia's argument that there is a Rule 26 violation misreads the Rules.

CAIR-Georgia's principal argument is that modifying the stay is impossible to square with the federal and local rules because Rule 26(d)(1) bars discovery before a Rule 26(f) conference, and the Stay Order stayed that conference. Dkt. 206 at 9–10. That argument omits the dispositive text of the very Rule it invokes. A motion to modify the Stay Order cannot be defeated simply by pointing out what the existing order says.

Rule 26(d)(1) bars pre-conference discovery "except . . . when authorized by these rules, by stipulation, *or by court order*." Fed. R. Civ. P. 26(d)(1) (emphasis

added). A court order modifying the stay to permit discovery is that exception. Rule 26(d)(3) separately empowers the Court to order the "sequence" of discovery "for the parties' and witnesses' convenience and in the interests of justice," Fed. R. Civ. P. 26(d)(3), authority that extends to staggering discovery defendant-by-defendant. Absent such an order, "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3)(B). The conference requirement is no obstacle: Rule 26(f)(1) applies "except . . . when the court orders otherwise." Fed. R. Civ. P. 26(f)(1). And Rule 26(f)(3)(B) expressly directs the parties to address "whether discovery should be conducted in *phases*." Fed. R. Civ. P. 26(f)(3)(B) (emphasis added). The Rules expressly contemplate the phased discovery Plaintiff requests.

Local Rule 16.1 changes nothing. It generally requires lead counsel for all parties to confer in person before filing a Joint Preliminary Report and Discovery Plan, and directs that the conference comply with the requirements of Fed. R. Civ. P. 26(f). LR 16.1, NDGa. But because Rule 26(f) itself yields to a contrary court order, an order lifting the stayed conference obligation as to CAIR-Georgia and CAIR-Foundation and directing those parties to confer is fully consistent with both the local rule and the federal rule. That is the precise relief the Motion requested. Dkt. 201 at 8. The Stay Order itself proves the point. LR 16.1 calls for the conference "within sixteen days after the appearance of a defendant by answer or motion," and

the Court suspended that requirement by order. Dkt. 99 ¶¶ 3, 5. The same authority allows the Court to restart the process for the parties whose motions are decided.

## III. The Opposing Defendants' efficiency arguments do not justify continuing the stay.

The Opposing Defendants argue that allowing discovery to proceed would result in "piecemeal" and "duplicative" discovery. Dkt. 202 at 3; Dkt. 205 at 5; Dkt. 206 at 2. Those concerns are not meaningless, but they must be balanced against the alternative of further delaying the progress of this case while the remaining motions to dismiss are decided. And these concerns certainly do not establish that discovery must remain stayed against defendants whose motions to dismiss have already been decided.

First, overlapping allegations do not justify an open-ended stay. CAIR-Foundation argues that its liability "hinges on the actions of eight other defendants." Dkt. 202 at 3–4. But the specific collaboration alleged against CAIR-Foundation is with CAIR-Georgia in publishing the CAIR Team Post. Dkt. 130 ¶¶ 124, 155, 179. The Court has already held that CAIR-Foundation's participation in that collaboration adequately pleads concerted action supporting a civil-conspiracy claim. Dkt. 193 at 20–21. The motions to dismiss filed by both CAIR-Foundation and CAIR-Georgia have been denied in substantial part. Dkt. 192; Dkt. 193. CAIR-Foundation's general assertion that its liability depends on other defendants' conduct

does not explain why discovery into its own distinct conduct, including its collaboration with CAIR-Georgia, must await rulings on everyone else's motions.

CAIR-Georgia also asserts that discovery cannot be segregated. Dkt. 206 at 2. On that theory, the last pending motion in a conspiracy case would dictate the discovery timetable for every defendant, including those whose motions have already been denied. Rule 26(d)(3) does not require that result. It expressly authorizes the Court to control the sequence of discovery and address specific concerns about overlap as they arise.

Second, concerns about duplication can be addressed through reasonable coordination. *See* Dkt. 202 at 3; Dkt. 205 at 5–6; Dkt. 206 at 2–3, 11 n.2. Plaintiff does not seek discovery against defendants whose motions to dismiss remain pending. Plaintiff is prepared to proceed under a coordination protocol by, for example, beginning document discovery with those defendants whose motions to dismiss are denied, and deferring discovery on subjects of common interest, such as Plaintiff's deposition, until the remaining motions are resolved.

Third, the authorities the Opposing Defendants cite do not support a continued blanket stay. CAIR-Georgia relies on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), for the proposition that discovery should await resolution of a motion to dismiss. Dkt. 206 at 8. But *Chudasama* addresses the sequence in which the court should proceed: "when faced with a motion to dismiss a claim for relief

that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." 123 F.3d at 1368. That is precisely what this Court has done as to CAIR-Georgia and CAIR-Foundation. *Chudasama* provides no reason to wait for rulings on the remaining defendants' motions. Indeed, *Chudasama* recognizes that, following denial, the defendant is "forced to accept a broader view of discoverable information." *Id*. at 1368–69.

*Ashcroft v. Iqbal* does not support a continued stay either. The passage CAIR-Georgia quotes addressed government officials asserting qualified immunity. Dkt. 206 at 8–9. That doctrine's "basic thrust . . . is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" 556 U.S. 662, 685 (2009) (citation omitted). No defendant here asserts qualified immunity, and the complaint has been held sufficient as to CAIR-Georgia and CAIR-Foundation. Ordinary discovery overlap among private defendants is a far cry from exposing government officials asserting qualified immunity to the burdens of litigation.

Finally, CAIR-Georgia invokes *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), to argue that maintaining the stay causes no delay unless the Court permits separate discovery tracks, trials, and final judgments. Dkt. 206 at 11–12. *Frow* addressed the risk of inconsistent judgments against a defaulting defendant and defendants who contested a joint charge. *Frow*, 82 U.S. at 554. Plaintiff seeks discovery, not separate trials or final judgments. Discovery against the CAIR defendants can advance while

the Court resolves the remaining motions. Waiting until the last ruling postpones work that could begin now, making these proceedings *less* efficient, not more.

**IV. Continued, open-ended delay prejudices Plaintiff and risks an immoderate stay.**

The Opposing Defendants contend that continuing the stay will not prejudice Plaintiff. Dkt. 202 at 4; Dkt. 205 at 4–5; Dkt. 206 at 11–12. But the prejudice is concrete: continuing to withhold discovery from defendants against whom claims have already survived converts a temporary, motion-driven stay into an open-ended delay keyed to other defendants' motions to dismiss. Dkt. 201 at 7. Delay also threatens witness availability, memories, and the preservation of documents. *See Clinton v. Jones,* 520 U.S. 681, 707–08 (1997) (delay increases "the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts").

Those concerns are acute here. This case was filed in April 2025. Dkt. 1. The statements at issue were published between April 2024 and March 2025. Dkt. 192 at 2–4, 9. Nearly eighteen months after filing, no party has served initial disclosures, and memories of these events will not improve with further delay. CAIR-Foundation blames Plaintiff for amending (Dkt. 202 at 4), but he amended with leave of Court (Dkt. 129), and the amended pleading is the one the Court has now sustained against both CAIR defendants. The question is not who caused past delay, but whether more is warranted now. And CAIR-Georgia's claim that the stay causes no delay unless

the Court allows separate discovery tracks, trials, and final orders (Dkt. 206 at 12) has it backwards. If discovery against the CAIR defendants waits for the last of the remaining rulings, the entire discovery period starts only then. If it proceeds now, much of that work can advance by the time the last motion is decided.

The Court has broad discretion to manage its docket, including to modify the stay in light of the rulings it has already issued. In *Ortega Trujillo v. Conover & Co. Commc'ns*, the Eleventh Circuit vacated a stay pending related proceedings in another forum, explaining that a stay "must not be 'immoderate'" and must be "so framed in its inception that its force will be spent within reasonable limits[.]" 221 F.3d 1262, 1264 (11th Cir. 2000) (quoting *CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982), and *Landis v. North American Co.*, 299 U.S. 248, 257 (1936)). In that context, the court held that "the interests of judicial economy alone are insufficient to justify such an indefinite stay." *Id.* at 1265. *Landis* likewise instructs that, once a stay's limits "have been reached, the fetters should fall off." 299 U.S. at 257. The prospect of reconsideration, interlocutory review, or further briefing does not itself justify continued delay. Each new round of motion practice should not become another reason to postpone discovery on claims the Court has already allowed to proceed.

Nor do the other pending motions justify further delay. CAIR-Georgia says many of the remaining motions to dismiss argue that the Second Amended Complaint fails as to all defendants. Dkt. 206 at 2, 7. But the Court has already held that it states claims against CAIR-Georgia and CAIR-Foundation based on their own publications. Dkt. 192; Dkt. 193. Even if not every claim against every Defendant proceeds, there's no serious suggestion now that this case won't proceed.

As for reconsideration, by CAIR-Georgia's own account, its motion for reconsideration targets the § 1985(3) claim. Dkt. 206 at 7–8. That motion does not challenge the Court's determination that Plaintiff adequately pleaded defamation per se, false light, and civil conspiracy—it simply invites the Court (for the first time) to decline supplemental jurisdiction over those claims. Granting such a motion would be highly unusual and, even if the Court did so, it would effectively mean a wasteful transfer of venue by requiring Dr. Winer to refile in state court. So too, CAIR-Georgia's alternative request for interlocutory certification does not itself stay this action. Even an application for such an appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals . . . shall so order." 28 U.S.C. § 1292(b). These motions do not establish that all discovery against both CAIR defendants should remain stayed. Quite the opposite: this case needs to move forward, not backward.

To the extent CAIR-Georgia also invokes Dr. Winer's own motion for reconsideration, dkt. 206 at 2, 5, 8, that is a narrow technical request regarding the scope of the Title VI predicate, not a wholesale revision that would fundamentally alter this case. *See* Dkt. 198 at 1. And while Dr. Winer has argued that reconsideration to clarify the scope of that predicate is preferable to requiring Dr. Winer to seek leave to amend his complaint, dkt. 198 at 2 n.1, 8, there will be no need if the Court grants Dr. Winer's motion for reconsideration, *see id.* And any such amendment, even if Dr. Winer sought it, would concern only the Emory theory of the Title VI predicate, which would leave the remainder of discovery unchanged.

## V. The parties' authorities support modification within the Court's discretion.

CAIR-Foundation and AMP argue that the cases Plaintiff cites arose in different procedural settings and therefore do not support modifying the stay here. Dkt. 202 at 4–5; Dkt. 205 at 6–7. Those differences do not undermine the principles for which Plaintiff cites them. CAIR-Foundation contends that *Chudasama* did not address a discovery stay. Dkt. 202 at 4. But *Chudasama* directly addresses whether discovery should await resolution of a motion to dismiss, explaining that "neither the parties nor the court have any need for discovery before the court rules on the motion." 123 F.3d 1353, 1367 (11th Cir. 1997). Whether that principle arose on a formal motion to stay does not diminish its relevance here.

CAIR-Foundation also takes issue with *Ortega Trujillo* and *Landis* because they involved stays pending other proceedings, but the limits they impose apply to the same docket-management power the Opposing Defendants invoke. *Clinton*, the decision CAIR-Georgia cites for that power, draws it directly from *Landis*. 520 U.S. at 706–07 (citing *Landis*, 299 U.S. at 254). And *Ortega Trujillo* held that judicial economy alone was insufficient to justify an indefinite stay. 221 F.3d at 1265. AMP's distinction of *Landis* does not answer that point. Dkt. 205 at 7.

AMP's authorities, by contrast, involved stays while dispositive motions were still pending. *See Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1292 (N.D. Ga. 2009); *Baine v. Citibank, N.A.*, No. 1:18-cv-3024-AT-JSA, 2018 WL 6167950, at *2 (N.D. Ga. Oct. 10, 2018). In *Baine*, for example, two pending motions to compel arbitration could have disposed of the claims against three of the four defendants. *Id.* at *1–2. The court stayed discovery while those motions remained undecided; it did not address whether the stay should continue against defendants whose motions had already been resolved.

Here, the motions to dismiss by CAIR-Georgia and CAIR-Foundation have been decided. The defendants cite no decision requiring discovery to remain stayed against defendants whose motions have been decided merely because other defendants' motions remain pending. And CAIR-Georgia and CAIR-Foundation

have now answered. Dkt. 196; Dkt. 200. The ordinary discovery schedule does not await every defendant's answer: discovery commences thirty days after the first defendant appears by answer. LR 26.2(A), NDGA.

## Conclusion

For the reasons set forth above and in the Motion, Plaintiff respectfully requests that the Court grant the Motion.

Respectfully submitted this 16th day of October, 2026.

/s/ *Lauren Israelovitch*
Lauren Israelovitch
Rachel Sebbag
Mark Goldfeder
Ben Schlager
NATIONAL JEWISH ADVOCACY CENTER, INC.
3 Times Square, Suite 512
New York, NY 10036
(800) 269-9895
lauren@njaclaw.org
*Pro Hac Vice*

/s/ *David F. Katz*
David F. Katz
THE D.F. KATZ LAW FIRM, LLC
1158 Jones Bridge Rd
Ste 420 PMB1090
Johns Creek, GA 30022
T: (404) 918-5707
Dkatz@dfkatzlawfirm.com
Ga. Bar No. 408738

Josh Belinfante
Anna Edmondson
Miles Skedsvold
ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 14th Street, NW
Atlanta, GA 30318
T: (678) 701-9320
E: mskedsvold@robbinsfirm.com
Ga. Bar No. 371576

Esther Panitch
THE PANITCH LAW GROUP, PC
4243 Dunwoody Club Drive
Suite 205
Atlanta, GA 30350
esther@panitchlawgroup.com
Ga. Bar No. 143197

## CERTIFICATE OF COMPLIANCE

By signature below, counsel certifies that the foregoing reply brief was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1(C).

*/s/ Lauren Israelovitch*
Lauren Israelovitch

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO MODIFY STAY OF DISCOVERY AND PRETRIAL DEADLINES** with the Clerk of Court using the CM/ECF electronic filing system, which suffices for service on all counsel of record who have entered an appearance in the case under L.R. 5.1(A)(3).

This 16th day of October, 2026.

/s/ *Lauren Israelovitch*
Lauren Israelovitch