**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOSHUA WINER,<br><br>*Plaintiff*,<br><br>v.<br><br>UMAYMAH MOHAMMAD, *et al.*,<br><br>*Defendants*. | Civil Action File<br><br>No. 1:25-cv-02329-TWT |

**PLAINTIFF JOSHUA WINER'S**
**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Dr. Winer's Motion for Reconsideration seeks narrow, technical relief: clarification that Dr. Winer *did* allege "Emory's federal funding" as one of the "linchpin[s]" for his Title VI-based § 1985(3) claim. Dkt. 198 at 1 (quoting Dkt. No. 192 at 19, and citing Dkt. 193 at 24–25); *see also* Dkt. 198-1 (proposed order). Since a ruling denying a motion to dismiss is an interlocutory order, this Court has complete discretion to revisit its previous statement to the contrary, *see Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024), and, for the reasons discussed in Dr. Winer's Motion, there is good cause to do so, *see* Dkt. 198 at 3–8.

Defendants CAIR-Georgia and CAIR-Foundation oppose the Motion,[1]

[1] CAIR-Georgia wrote the substantive response, *see* Dkt. 203, and CAIR-Foundation simply joined those arguments, *see* Dkt. 204. For simplicity, therefore, Dr. Winer will refer to them together as CAIR-Georgia for purposes of this Reply.

but their arguments try, in vain, to recast the Court's orders, in the hope of turning this technical clarification into a substantive dispute. These arguments fail, so this Court should grant the Motion.

**ARGUMENT**

CAIR-Georgia's opposition proceeds from the erroneous premise that Dr. Winer seeks to "revive his § 1985(3)/Title VI claim under the theory pertaining to his employment by Emory University[,]" when "the Court correctly dismissed that part of his claim[.]" Dkt. 203 at 1–2; *see also* Dkt. 204 at 1–2 (similar). But there is no question of reviving a claim, because the claim predicated on Title VI was not dismissed in whole or in part. The Court simply said that Dr. Winer hadn't alleged Emory's funding as a linchpin for his claim. But as the pleadings and briefing make clear, he did. *See* Dkt. 130 ¶¶ 12, 193, 196(a).

To start, this Court's order on CAIR-Georgia's motion to dismiss was clear that the Court was granting "CAIR Georgia's Motion to Dismiss as to the portions of the Plaintiff's § 1985(3) claim that are premised on § 1981 and Title VII, but . . . deny[ing] it as to the portion premised on Title VI." Dkt. 192 at 22; *see also* Dkt. 193 at 25 (same). So, there is no question of reviving a claim here, just clarifying its scope.

To that end, in discussing the Title VI portion of the § 1985(3) claim, the Court said that "the only arguably proper factual basis for this portion of

the Plaintiff's § 1985(3) claim is his allegation that CAIR Georgia conspired with CAIR Foundation—which he alleges is federally funded—'to interfere with [his] rights by publicly demanding that Emory investigate and/or terminate his employment.'" Dkt. 192 at 19 (quoting Dkt. 130 ¶¶ 124–26, 190, 194, 195b). The reason why, the Court said, was that while Dr. Winer alleged that CAIR-Georgia had conspired with CAIR-Foundation, as a recipient of federal funds, to violate his rights, "nowhere in the Second Amended Complaint does the Plaintiff allege Emory's federal funding as the linchpin for his Title VI-based § 1985(3) claim." *Id.* Because that was incorrect, Dr. Winer respectfully submits that this portion of the order ought to be corrected. *See* Dkt. 198 at 3–7.

Indeed, CAIR-Georgia apparently agrees that the Court missed the mark, because the first sentence of CAIR-Georgia's "Background" section acknowledges that the Second Amended Complaint "offers two theories" for the Title VI predicate, including the Emory linchpin theory. Dkt. 203 at 2.

To avoid the logical conclusion that this Court should correct its order accordingly, CAIR-Georgia attempts to recast the Court's reasoning as mirroring its *own* argument, i.e., that the Emory linchpin cannot succeed because that claim would require "that Emory receives federal funds *for the purposes of providing employment*." Dkt. 203 at 3–4 (emphasis in original).

But of course, that's not at all what the Court's order says. To repeat:

this Court explained that while Dr. Winer does not allege CAIR-Georgia receives federal funding, he does allege that it conspired with CAIR-Foundation, which does. Dkt. 192 at 18–19. The only thing the Court said about the Emory-linchpin theory is that Dr. Winer did not allege Emory's federal funding as the linchpin for his Title VI-based § 1985(3) claim. *Id.* at 19. The Court in no way endorsed CAIR-Georgia's argument that the Emory linchpin failed because the funding was not provided for the primary purpose of employment. CAIR-Georgia effectively concedes as much, acknowledging that on Dr. Winer's reading "the Court would have not reached this issue." Dkt. 203 at 5 n.3.

CAIR-Georgia's argument to the contrary is not credible. Besides ignoring what the Court *did* say, CAIR-Georgia points to "[t]he Court's citation to *Dr. Winer*'s opposition to CAIR-Georgia's motion to dismiss" as proof that the Court's order "conveys that Dr. Winer did not, and cannot, make the required allegations to sustain the Emory Theory[.]" Dkt. 203 at 4. The theory seems to be that because the cited pages "identif[ied] no such primary-purpose facts," the citation is "proving the negative." *Id.* But that, again, is rewriting the Court's order. The Court did not cite Dr. Winer's brief for any such reason, it was quoting Dr. Winer's argument that Defendants "conspired to pressure Emory—a federally funded institution—to terminate him," which the Court then contrasted with what it understood the Second

Amended Complaint to allege. Dkt. 192 at 19. The Court said nothing about any primary purpose requirement.

Relatedly, CAIR-Georgia tries, in a footnote, to contest Dr. Winer's straightforward submission that amending the Court's statement about the Emory linchpin would not alter the substance of the Court's order or require reconsideration of any legal issues. Dkt. 203 at 4 n.2.[2] But again: CAIR-Georgia's disagreement is grounded in the same false assertion that "Dr. Winer's § 1985(3)/Title VI claim based on the Emory Theory *stands dismissed*[.]" *Id.* (emphasis added). Since that is wrong, it does not matter that this detail bears on "the scope of discovery," *see id.*—that is precisely the point: Dr. Winer seeks (and is entitled to) to proceed through discovery under a correct framing of his allegations. What matters is that this Court said only that Dr. Winer did not "allege Emory's federal funding as the linchpin

[2] Indeed, it is CAIR-Georgia that invites the Court to redo its legal analysis, spending the bulk of its response brief arguing that the Court should not revise its order because (in CAIR-Georgia's view) Dr. Winer's allegations would not state a claim for relief in any event. Dkt. 203 at 5–8; *see also* Dkt. 204 at 2. Even if this were an appropriate response to Dr. Winer's motion, which it isn't, it has already been answered by Dr. Winer, Dkt. 150 at 19–20. The Court need not resolve that issue to clarify what Dr. Winer alleged.

But, to whatever extent the Court is inclined to wade into this—CAIR-Georgia similarly parts ways with the record in suggesting that Dr. Winer never argued, "even in the alternative," that he could satisfy the primary purpose requirement that they propose. Dkt. 203 at 4. CAIR-Georgia itself spends a page disputing Dr. Winer's argument on precisely that point under *Ahern v. Board of Education*, 133 F.3d 975 (7th Cir. 1998), Dkt. 203 at 7–8, offered in his response to the motion to dismiss, *see* Dkt. 150 at 20.

for his Title VI-based § 1985(3) claim," Dkt. 192 at 19, and that such a statement is incorrect.

Finally, even CAIR-Georgia recognizes the delay and expense of requiring Dr. Winer to seek leave to amend his complaint to more clearly allege the Emory linchpin, only for Defendants to once again slow this case down with motion practice. Dkt. 203 at 4. But CAIR-Georgia fails to recognize where that logic leads. Namely: rather than requiring Dr. Winer to seek leave to amend his complaint *again* to assert the Emory-linchpin, the sensible course is to simply correct the Court's prior orders, and allow Defendants like CAIR-Georgia to raise their primary-purpose argument at summary judgment and on appeal.[3] *See* Dkt. 192 at 22 (reserving "[w]hether this claim could withstand summary judgment" as "a different issue, and not one that is before the Court today.")

**CONCLUSION**

For these reasons, CAIR-Georgia fails to show that the Court should not reconsider its statement in Dkt. 192 at 19 that Dr. Winer did not allege Emory's federal funding as a linchpin for his § 1985(3) claim pursuant to

[3] Indeed, CAIR-Georgia has also since filed a motion seeking permission to pursue an interlocutory appeal. *See* Dkt. Nos. 199, 199-1, 199-2, 199-3. Dr. Winer has explained why both suggestions are flawed, *see* Dkt. 207, but if the Court were to certify the issue for interlocutory appeal, that is all the more reason to ensure that the record provides an accurate picture of the claims Dr. Winer wishes to pursue for the Eleventh Circuit's consideration.

Title VI. The Court should likewise clarify the corresponding analysis in Dkt. 193 at 24–25, which considered only CAIR-Foundation's receipt of federal funding. A proposed order was attached to the Motion, Dkt. 198-1, for the Court's convenience.

Respectfully submitted this 20th day of October, 2026.

Lauren Israelovitch
Mark Goldfeder
Ben Schlager
NATIONAL JEWISH ADVOCACY CENTER, INC.
3 Times Square
New York, NY 10036
lauren@njaclaw.org
*Pro Hac Vice*

*/s/ Miles C. Skedsvold*
Josh Belinfante
Anna Edmondson
Miles Skedsvold
ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 14th Street, NW
Atlanta, Georgia 30318
T: (678) 701-9320
E: mskedsvold@robbinsfirm.com
Ga. Bar. No. 371576

David Forman Katz
THE D.F. KATZ LAW FIRM, LLC
1158 Jones Bridge Rd
Ste 420 PMB1090
Johns Creek, GA 30022
T: (404) 918-5707
Dkatz@dfkatzlawfirm.com
Ga. Bar. No. 408738

Esther Panitch
THE PANITCH LAW GROUP, PC
4243 Dunwoody Club Drive
Suite 205
Atlanta, GA 30350
esther@panitchivory.com
Ga. Bar. No. 143197

**CERTIFICATE OF COMPLIANCE**

By signature below, counsel certifies that the foregoing reply brief was prepared in Century Schoolbook, 13-point font, in compliance with Local Rule 5.1(C).

*/s/ Miles C. Skedsvold*
Miles C. Skedsvold

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **PLAINTIFF JOSHUA WINER'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION** with the Clerk of Court using the CM/ECF electronic filing system, which suffices for service on all counsel of record who have entered an appearance in the case under L.R. 5.1(A)(3).

This 20th day of October, 2026.

*/s/ Miles C. Skedsvold*
Miles C. Skedsvold