IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA WINER,<br><br>Plaintiff,<br><br>v.<br><br>UMAYMAH MOHAMMAD, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-2329-TWT |

**OPINION AND ORDER**

This is a defamation case. It is before the Court on Defendant CAIR-Nga, Inc.'s ("CAIR Georgia") Motion for Reconsideration [Doc. 199]. For the following reasons, the Motion is DENIED.

The facts of this case are well known to the parties, so the Court cites only the facts relevant to the disposition of CAIR Georgia's Motion for Reconsideration here. On August 26, 2026, the Court issued an order granting in part and denying in part CAIR Georgia's Motion to Dismiss. [Doc. 192]. In ruling on CAIR Georgia's Motion with regard to the Plaintiff's claim under 42 U.S.C. § 1985(3), the Court noted that while Supreme Court precedent barred such a claim based on Title VII or § 1981, there was an open question as to whether a § 1985(3) claim may be premised on a violation of Title VI. [Doc. 192 at 17]. Importantly, and as CAIR Georgia notes in its Motion for Reconsideration, neither party had raised this issue, and the Court addressed it sua sponte to acknowledge on the record that it was aware of this open

question and had researched whether precedent might bind its decision. Noting that neither the Supreme Court or the Eleventh Circuit had addressed the issue, the Court noted that it did not find the Seventh Circuit's decision in *Boulahanis v. Bd. of Regents*, 198 F.3d 633, 641 (7th Cir. 1999) persuasive, so the Court found it best to proceed to the merits because this case was in the procedural posture of a motion to dismiss. While the Court did not explain why it did not find the decision persuasive, it did not need to since neither party had raised the issue and the decision was non-binding, so this portion of the Court's Order was dicta.

Now, CAIR Georgia moves for reconsideration, arguing that the Court was wrong not to rely on the Seventh Circuit decision, presumably because doing so would have nipped the Plaintiff's claim against it in the bud. In particular, CAIR Georgia argues that although it did not argue that a § 1985(3) claim could not be premised on a violation of Title VI, the Court's disagreement with the Seventh Circuit's analysis of *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979) means that its Order is somehow internally inconsistent. (CAIR Georgia's Mot. for Recons., at 4-11). It argues that this internal inconsistency constitutes a manifest injustice, and asks for certification for immediate appeal of the Order on its Motion to Dismiss under 28 U.S.C. § 1292(b) should the Court deny its Motion for Reconsideration. (*Id.* at 14-20).

# I. Discussion

## A. Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice. Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), NDGa. In particular, a party may move for reconsideration when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Price v. Owens*, 634 F. Supp. 2d 1349, 1357-58 (N.D. Ga. 2009). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

CAIR Georgia's Motion for Reconsideration meets none of the criteria for filing such a motion, and CAIR Georgia does not pretend that it does. It points to no newly discovered evidence or change in the law. It argues only that

the Court's discussion of the *Boulahanis* decision—with regard to an argument it acknowledges it did not raise and the Court instead raised sua sponte—created a manifest injustice. But this is not a straight-faced argument because a manifest error of law occurs where the Court wholesale disregards controlling precedent, and the Court's discussion of this issue sua sponte was done to acknowledge the lack of any such precedent. [*See* Doc. 192 at 17-18]. CAIR Georgia's error is especially apparent given that the Plaintiff previously addressed the *Boulahanis* decision in arguing for leave to amend, [Doc. 109 at 13], and CAIR Georgia expressly told the Court not to address it, [Doc. 113 at 14 ("[T]he Court need not address Dr. Winer's arguments about Seventh Circuit case law relating to his proposed Title VI-based claim.")]. Still, CAIR Georgia chose not to argue in its Motion to Dismiss that a § 1985(3) claim could not be based on Title VI. It is apparent that the Court's discussion brought this issue to CAIR Georgia's attention again, and it now uses its Motion for Reconsideration to complain that the Court wrongly addressed an argument it wishes it had raised in its Motion to Dismiss. But the law is clear that motions for reconsideration are not a vehicle to raise new arguments or repackage old arguments. *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338; *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (noting that the prohibition on raising new arguments in a motion for reconsideration "includes new arguments that were previously available, but not pressed." (citation

modified)). For all of these reasons, CAIR Georgia's Motion for Reconsideration will be denied.

**B. Motion to Certify Immediate Appeal under 28 U.S.C. § 1292(b)**

District courts may certify an interlocutory order for immediate appeal if (1) "the order involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (2) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). CAIR Georgia asks the Court to certify its Order on the Motion to Dismiss [Doc. 192] for immediate appeal. (CAIR Georgia's Mot. for Recons. at 14-20).

There are two glaring problems with CAIR Georgia's request for an immediate appeal certification. The first is that § 1292(b) requires a controlling question of law, but as explained above, the Court's discussion of *Boulahanis* was dicta because CAIR Georgia did not raise the issue of whether a § 1985(3) claim may be predicated on Title VI for the Court's consideration. So, the Court ultimately would have addressed the merits of that claim even had it not sua sponte raised the issue. In other words, the Court's discussion of *Boulahanis* was not controlling and had no real impact on the ultimate disposition of that claim—had the Court not discussed *Boulahanis*, it still would have denied CAIR Georgia's Motion to Dismiss as to the Title VI portion of the Plaintiff's § 1985(3) claim. Likewise, an immediate appeal could not materially advance

the ultimate termination of this litigation because an appeal could not rectify the fact that the Court did not dispositively address the issue CAIR Georgia now alleges controls the outcome of the Plaintiff's § 1985(3) claim—nor could it have, since CAIR Georgia did not present that argument for the Court's consideration.

The second problem is that the Eleventh Circuit has repeatedly held that it will not consider legal theories or arguments "not raised squarely before the district court" for the first time on appeal, absent extraordinary circumstances that CAIR Georgia has not argued are present here. *Circuitronix, LLC v. Kinwong Electronic (Hong Kong) Co.*, Ltd., 993 F.3d 1299, 1308 (11th Cir. 2021). Given that the Court has discretion here and piecemeal appeals are disfavored, CAIR Georgia has given the Court no valid reason to justify certifying its Order for immediate appeal so that the Eleventh Circuit can decline to review dicta. *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1358-59 (11th Cir. 2008). Accordingly, CAIR Georgia's request for certification for an immediate appeal under § 1292(b) will be denied.

## II. Conclusion

For the foregoing reasons, Defendant CAIR-Nga, Inc.'s ("CAIR Georgia") Motion for Reconsideration [Doc. 199] is DENIED.

SO ORDERED this 18th day of November, 2026.

THOMAS W. THRASH, JR.
United States District Judge