IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA WINER,<br><br>Plaintiff,<br><br>v.<br><br>UMAYMAH MOHAMMAD, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-2329-TWT |

**OPINION AND ORDER**

This is a defamation action. It is before the Court on the Defendants AJP Educational Foundation, Inc. ("AJP") and Doctors Against Genocide Society's ("DAG") Motions for Rule 11 Sanctions. [Docs. 184, 187]. For the following reasons, these Motions are DENIED.

## I. Background

The facts of this case are well known to the parties, so the Court recounts only the ones relevant to the disposition of these Motions. In March of 2026, AJP and DAG each moved to dismiss the action against them on both personal jurisdiction and failure to state a claim grounds. [Docs. 146, 163]. On November 17, 2026, the Court granted both motions and dismissed AJP and DAG on personal jurisdiction grounds, thus declining to address these Defendants' failure to state a claim arguments. While their Motions to Dismiss were pending, AJP and DAG each filed Motions for Sanctions under Rule 11 against the Plaintiff's counsel, arguing that counsel violated Rule 11 by filing

frivolous claims against them and that counsel did so to harass and silence these Defendants' protected speech. [Docs. 184, 187].

## II. Legal Standards

Rule 11 of the Federal Rules of Civil Procedure allows district courts to sanction an attorney or party that "submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). The decision whether to issue Rule 11 sanctions is left to the court's sound discretion. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). The primary purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001). If warranted, sanctions can include payment to the movant of some or all of the reasonable attorneys' fees and expenses incurred because of the violation. *Id.* at 1301-02. "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." *Riccard*, 307 F.3d at 1294 (internal quotation marks omitted); *see also Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) ("Rule 11 is intended to deter claims with no factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment."). Ultimately, "[t]he objective standard

for testing conduct under Rule 11 is reasonableness under the circumstances and what was reasonable to believe at the time the pleading was submitted." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citation modified).

## III. Discussion

As an initial matter, the fact that the Court has already dismissed AJP and DAG on personal jurisdiction grounds leaves the present motions in an uncomfortable procedural posture. The Court did not address the merits of the Plaintiff's claims against these Defendants because it found that it lacked personal jurisdiction over them, but the Defendants' motions present questions of frivolity that call on the Court to delve into the facts and allegations supporting the claims nonetheless. The Supreme Court has explained that a sanctions motion under Rule 11 is "collateral to the merits," however, and thus "implicates no constitutional concern because it does not signify a district court's assessment of the legal merits of the complaint." *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (citation modified) ("[I]mposition of a Rule 11 sanction . . . requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.").

### A. DAG's Motion for Sanctions

In its Motion for Sanctions, DAG essentially argues that all of the

Plaintiff's claims against it rely on frivolous factual allegations and "blatant misrepresentations." (DAG's Mot. for Sanctions, at 4-11). DAG also argues, without much explanation, that the Plaintiff made these allegations in bad faith to provide support for his conspiracy and jurisdiction claims. (*See id.* at 7). It further contends that all of the Plaintiff's claims rely on frivolous legal theories. (*Id.* at 11-21). A large portion of DAG's arguments in this regard rehash arguments it made in its Motion to Dismiss and end with statements to the effect of "[a]ny reasonably competent attorney should know that." (*See, e.g.*, id. at 5, 9, 10, 14-16, 21). Finally, DAG contends that the Plaintiff brought this action for the purpose of intimidating Palestinians and their supporters, and to "chill public discourse and opinions on a political topic of utmost importance," citing Plaintiff's counsels' work history. (*Id.* at 22-25).

The Court begins by cautioning the parties that it is not appropriate to use a motion for sanctions "to reargue the merits of the case or to punish a party for vigorously defending its claims." *AR Res. Inc. v. Accounts Receivable Res., Inc.*, 2025 WL 5312493, at *3 (M.D. Fla. May 30, 2025); *see also* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments) (noting that a Rule 11 motion should not "be prepared to emphasize the merits of a party's position . . . [or] to intimidate an adversary into withdrawing contentions that are fairly debatable."). For example, DAG contends that it was frivolous for the Plaintiff to argue that DAG conspired with any Defendant to deprive him of his equal

protection rights based on his Jewish identity because the Plaintiff failed to identify any statements DAG made referencing his religion. (DAG's Mot. for Sanctions, at 9-10). In its Motion to Dismiss, DAG argued that the Plaintiff summarily alleged that DAG targeted him "as a Jewish Israeli." (DAG's Mot. to Dismiss, at 24). Although the Court did not reach this argument in ruling on DAG's Motion to Dismiss, there is absolutely no support for DAG's accusation that the Plaintiff's allegation "smacks of bad faith" or that no reasonably competent attorney would have thought the allegation had a reasonable basis in fact. As the Court explained in ruling on CAIR Georgia's Motion to Dismiss, the traditionally recognized classes for equal protection purposes are "race, religion, sex, or national origin." *Alford v. Consol. Gov't of Columbus, Ga.*, 438 F. App'x 837, 839 (11th Cir. 2011). The Plaintiff did not have to point to statements by DAG referencing Judaism as his religion to properly state his § 1985(3) claim, as DAG narrowly argues, and arguing that the Plaintiff implies opposition to IDF service is per-se antisemitic is a gross misconstruction of the Plaintiff's allegations on DAG's part. In finding that the Plaintiff had demonstrated a discriminatory animus based on his national origin, the Court found "critical" the Plaintiff's accompanying "allegations that his IDF service was tied to the duty he felt based on his nationality and the significance of Zionism in Jewish culture." [Doc. 192 at 21]. Like with CAIR Georgia, construing the facts in the Plaintiff's favor here, the Plaintiff alleged

that DAG conspired with federally funded Defendants to create and publish Instagram posts "in hopes of pressuring Emory to discipline or terminate him because of their views of the Plaintiff's Jewish identity, as expressed through his Zionist beliefs and IDF military service." [*Id.*].; (*see also* 2nd Am. Compl. ¶ 192-94). And ultimately, the Court found that the Plaintiff had stated a § 1985(3) claim against CAIR Georgia based on his national origin. [Doc. 192 at 21]. While DAG may disagree with the Court's explanation here, the ultimate inquiry on a motion for sanctions is not whether the Plaintiff's allegations would have been meritorious, but whether they had "no reasonable factual basis." *Riccard,* 307 F.3d at 1294. For that reason, the Court declines DAG's invitation to engage in further merits review of the Plaintiff's claims to the extent it reasserts its Motion to Dismiss arguments here, and concludes that the relevant allegations in the Second Amended Complaint do not lack a reasonable factual or legal basis. (*See* DAG's Mot. for Sanctions, at 14-23). Again, weak evidence or argument is grounds only for dismissal, not sanctions. *Id.*

Moving on, the most colorable of DAG's arguments is its contention that the Plaintiff blatantly misrepresented that Defendants Marya and Mohammad are co-founders of DAG. Although the Court did not give credence to the Plaintiff's recantation of this allegation via notice in its Order granting DAG's Motion to Dismiss, DAG was nonetheless on notice that the Plaintiff had

recanted its allegation and correctly identified the true founders before it filed its Motion for Sanctions. Rather than accept the Plaintiff's attempt to rectify the issue, DAG chose to double down and argue that the notice somehow makes the Plaintiff more culpable. (*See* DAG's Mot. for Sanctions, at 7). And neither the notice nor DAG's arguments have any impact because the Court has since found that the Plaintiff failed to allege personal jurisdiction over DAG on the basis of Mohammad or Marya's supposed involvement in it. DAG's attempt to make more of this issue in its Motion for Sanctions is just the latest attempt by a party to this action to sling mud at the other side as a result of the politically charged nature of the claims, bogging the Court's time and resources down in the process. This is especially apparent given the Plaintiff's admission in his response brief that the allegation was made in error; sanctions are warranted for deliberate indifference to obvious facts, not for mistakes. *See Massengale*, 267 F.3d at 1302.

Next, DAG makes much of the fact that the Plaintiff made several important allegations on information and belief. As the Court explained in granting DAG's Motion to Dismiss, those types of allegations are not entitled to a presumption of truth unless supported by facts. *Price v. Howard*, 2023 WL 2767770, at *2 (N.D. Ga. Mar. 31, 2023); *see also Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to

the assumption of truth."). But that does not mean that the Plaintiff is not permitted to make allegations on information and belief at all, or that it is per se frivolous to do so. Pleading on information and belief in the initial stages of a case may result in a failure to state a claim, but it is not likely to be sanctionable.

Lastly, DAG has failed to establish that the Plaintiff acted in bad faith or with an improper purpose in filing this action against it, though making that showing is its burden. *Cuyler v. Kroger Co.,* 2015 WL 12602441, at *11 (N.D. Ga. Dec. 31, 2015). DAG's argument is essentially that because all of the Plaintiff's claims were frivolous, the case must have been brought to harass and intimidate it and to burden its protected political speech. (DAG's Mot. for Sanctions, at 22-25). For example, DAG asserts in a conclusory manner that the Plaintiff intended to "silenc[e] criticisms of Israel" by "target[ing] Defendant's protected expression and advocacy, yet [he failed] to articulate any viable legal theory tethered to that speech." (*Id.* at 24). These assertions clearly convey to the Court that the parties' political beliefs and positions in this matter are diametrically opposed, but they do not—without more—demonstrate that the Plaintiff pursued this action against DAG for an improper purpose. Again, Rule 11 is not a vehicle to punish parties for vigorously asserting and defending their claims. *AR Res. Inc.*, 2025 WL 5312493, at *3. DAG's position that the Plaintiff failed to articulate a legally

viable theory reflects a rehashing of the arguments it raised in its Motion to Dismiss, but it is not a reflection of any ruling by this Court. For all of these reasons, and because the Court has already granted DAG's Motion to Dismiss, the Court will exercise its discretion to deny DAG's Motion for Sanctions.

**B. AJP's Motion for Sanctions**

AJP also argues that the Plaintiff's counsel should be sanctioned for filing this action against it for several reasons. First, it argues that all of the Plaintiff's claims rest on unsupported allegations that AJP founded and maintains control over co-Defendant NSJP, which the Plaintiff makes only on information and belief. (AJP's Mot. for Sanctions, at 6-7). Second, AJP contends that even if the Plaintiff had properly alleged a connection between AJP and NSJP's statements, there are no allegations of any conduct that could render AJP liable. (*Id.* at 7-8). Third, AJP reargues the merits of the Plaintiff's claims, asserting that it cannot be liable for statements made in two of NSJP's Instagram posts and resulting comments and that there is a lack of factual support in the Second Amended Complaint for his claims. (*See id.* at 8-13). To that end, AJP contends that the Plaintiff's counsel knew or should have known that there was no factual support for his allegations or legal basis to bring the claims. (*Id.* at 14-16).

The Court begins again with the admonition that a motion for sanctions is not to be used to drive home arguments presented in a motion to dismiss,

which is largely what AJP has done with its Motion for Sanctions. *AR Res. Inc.*, 2025 WL 5312493, at *3; *see also* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). As the Plaintiff points out, AJP's Motion for Sanctions appears to have been drafted using its Motion to Dismiss as a template; for example, the factual background sections of both motions are nearly identical. (*Compare* AJP's Mot. to Dismiss, at 1-3 *with* AJP's Mot. for Sanctions, at 4-6). The first three paragraphs of the argument section in the Motion for Sanctions are the very same paragraphs that appears in the shotgun pleading section of AJP's Motion to Dismiss, with two sentences added at the end to incorporate the sanctions standard. (*Compare* AJP's Mot. to Dismiss, at 9-11 *with* AJP's Mot. for Sanctions, at 6-8). Additional sections of the Motion for Sanctions exemplify the same copy-and-paste technique with minor changes here and there. (*Compare* AJP's Mot. to Dismiss, at 20-24 *with* AJP's Mot. for Sanctions, at 10-13). The remainder of AJP's arguments as to the Plaintiff's individual claims explain why they should not be subject to liability, based in large part on its position that the statements at issue involved matters of opinion. But as AJP pointed out in its Motion to Dismiss, whether a given statement at issue in this case constitutes protected opinion versus fact is a question of law the Court would have to decide. It would not be prudent or an efficient use of the Court's time to determine a legal issue for the first time in the posture of a Motion for Sanctions, especially given that the Court has dismissed AJP for

lack of personal jurisdiction and therefore did not have the authority to address its arguments under Rule 12(b)(6).

For these reasons, as with DAG, the Court declines to conduct a merits review of the Plaintiff's claims to the extent AJP reasserts its Motion to Dismiss arguments here and concludes that the relevant allegations in the Second Amended Complaint do not lack a reasonable factual or legal basis. *Davis*, 906 F.2d at 538 ("[C]reative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment."). The Court addressed AJP's concerns with the Plaintiff's allegations made on information and belief in its Order granting AJP's Motion to Dismiss, but for the sake of completeness, reiterates here that pleading on information and belief in the initial stages of a case may result in a failure to state a claim, but it is not likely to be sanctionable. Finally, AJP makes only a single conclusory assertion that the Plaintiff filed this action against it in bad faith, which is not enough to adequately raise the issue before the Court. (*See* AJP's Mot. for Sanctions, at 1); *Sapuppo v. Allstate Fla. Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Accordingly, the Court will exercise its discretion to deny AJP's Motion for Sanctions.

## IV. Conclusion

For the foregoing reasons, Defendants AJP Educational Foundation,

Inc. and Doctors Against Genocide Society's Motions for Rule 11 Sanctions, [Docs. 184, 187], are DENIED.

SO ORDERED, this 20th day of November, 2026.

THOMAS W. THRASH, JR.
United States District Judge